IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY EDELSTEIN,<br>9384 Cardinal Ct.<br>Cincinnati, Ohio 45242 | ) ) ) ) | Case No.  1 : 1 7 C V 3 0 5 |
| Plaintiff | ) ) ) | Judge  J. BARRETT<br>M.J. LITKOVITZ |
| v. | ) ) | **COMPLAINT FOR DECLARATORY<br>ACTION AND INJUNCTIVE RELIEF<br>WITH JURY DEMAND** |
| JUDGE GREG STEPHENS,<br>Individually and in his Official Capacity,<br>c/o Linda Woeber, Attorney for Greg<br>  Stephens<br>Montgomery, Rennie & Johnson<br>36 E. 7th Street, Suite 2100<br>Cincinnati, OH 45202-4452 | ) ) ) ) ) ) ) ) | Kimberly Edelstein (0074922)<br>9384 Cardinal Ct.<br>Cincinnati, Ohio 45242<br>Tel: (614) 975-2400<br>Email: kedelsteinesq@cinci.rr.com |
| BUTLER COUNTY, OHIO<br>c/o County Commissioner's Office<br>315 High St., 6th floor<br>Hamilton, Ohio 45011 | ) ) ) ) ) | Pro se |
| MICHAEL GMOSER,<br>Individually and in his Official Capacity,<br>Butler County Prosecutor's Office<br>315 High Street, 11th Floor<br>Hamilton, Ohio 45011 | ) ) ) ) ) ) | |
| and | ) ) | |
| DAN FERGUSON,<br>Individually and in his Official Capacity,<br>Butler County Prosecutor's Office<br>315 High Street, 11th Floor<br>Hamilton, Ohio 45011 | ) ) ) ) ) ) | |
| Defendants | ) **)** /  | |

FILED
RICHARD W. NAGEL
CLERK OF COURT
2017 MAY -5 PM 3: 34
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINTI

Plaintiff, Kimberly Edelstein, for her Complaint against Defendants, Judge Greg Stephens, Individually and in his Official Capacity, Butler County, Ohio, Michael Gmoser, Individually and in his Official Capacity, and Dan Ferguson, Individually and in his Official Capacity, state as follows:

## PARTIES

1.  Plaintiff, Kimberly Edelstein ("Plaintiff"), is an observant Jew and a resident of Hamilton County, Ohio.

2.  Defendant, Judge Greg Stephens ("Defendant Stephens"), is a resident of Butler County, Ohio and an elected official who serves the citizens of Butler County, Ohio as a Common Pleas Judge pursuant to the laws of the State of Ohio.

3.  Defendant, Butler County, Ohio ("Defendant Butler County"), is a county government organized under the laws of the State of Ohio.

4.  Defendant, Michael Gmoser ("Defendant Gmoser"), is an elected official who serves the citizens of Butler County as County Prosecutor pursuant to the laws of the State of Ohio.

5.  Defendant, Dan Ferguson ("Defendant Ferguson"), is an appointed official who serves the citizens of Butler County as Assistant Prosecutor pursuant to the laws of the State of Ohio.

## JURISDICTION

6.  This is a suit authorized and instituted pursuant to The Government Employees Rights Act of 1991, 42 U.S.C.§2000e-16 *et seq.*, providing for relief from discrimination in employment on the basis of religion for personal staff of elected officials; pursuant to 42

2

U.S.C.§1983, which protects individuals from deprivation of civil rights by government entities and persons acting under color of state law; pursuant to Ohio Rev. Code §§4112.02 and 4112.99, prohibiting discrimination in employment on the basis of religion; and the common law of Ohio.

7.  Jurisdiction is with this Court pursuant to 28 U.S.C.§§1331, 1343(3), 1343(4), and 1367(a), as Plaintiff alleges deprivation of rights and liberty under the U.S. Constitution and federal statutes.

8.  Venue is proper in the Southern District of Ohio, Western Division under 28 U.S.C.§1391(b) as Plaintiff is located in Hamilton County, Ohio and Defendants are located in Butler County, Ohio and all claims arose within Butler County, Ohio.

## FACTUAL ALLEGATIONS

9.  Plaintiff was employed as a Staff Attorney / Magistrate for eight and a half years by Defendant Butler County and served as a member of the personal staff of Judge Patricia S. Oney.

10.  As of the date of termination of employment, Plaintiff's salary was $66,836.00 annually.

11.  Defendant Butler County, by authority of Ohio Revised Code §325.19, sets legal holidays for its employees that are given as time off without deducting from the employees' vacation time. One of the holidays given to employees is the Christian holiday of Christmas.

12.  As employees of Butler County are designated the Christmas holiday off, employees cannot be terminated for taking Christmas off.

3

13. During her employment, Plaintiff had observed the Jewish holidays that were work-restricted by using her vacation time and/or by working additional hours.

14. Defendant Butler County, did not have a policy that accommodated holiday time off for employees of different religions or that had the effect of protecting employees from termination by designating a religious holiday as a "legal holiday."

15. At all relevant times, Defendant Stephens was acting under color of law in his official capacity as Judge of Butler County Court of Common Pleas.

16. At all relevant times, Defendant Gmoser was acting under color of law in his official capacity as Prosecutor of Butler County, Ohio.

17. At all relevant times, Defendant Ferguson was acting under color of law in his official capacity as Assistant Prosecutor of Butler County, Ohio.

18. In January 2016, Judge Oney retired.

19. In February, 2016, Defendant Stephens interviewed and offered a position to Plaintiff as a member of his personal staff.

20. When Defendant Stephens offered Plaintiff a position with his staff, he asked her to agree to providing three months notice to him in exchange for three months notice from him if either party wanted to end the employment relationship.

21. Plaintiff agreed to the mutual exchange of promises to provide three months notice prior to the employment relationship ending.

22. On March 14, 2016, Plaintiff began working for Defendant Stephens.

23. From March 14, 2016 to July 27, 2016, Plaintiff was not criticized, reprimanded, corrected, disciplined, or given negative comments regarding her work performance by Defendant Stephens.

4

24. On July 19, 2016, Defendant Stephens complimented Plaintiff's work performance.

25. On July 28, 2016, Plaintiff approached Defendant Stephens to inform him that the Jewish High Holidays were in October and to ask permission to take the eight, non-consecutive days off in October to observe the Jewish Holidays.

26. Defendant Stephens shouted at her in an irritating tone, "Holy Cow! Eight Days?! Can I say that or will you be offended?!"

27. After Plaintiff explained to Defendant Stephens the circumstances why she needed the days off and what was customary procedure at the court, Defendant Stephens waved his hand at her and told her to let the other staff know what days Plaintiff would be out of the office in October.

28. On July 28, 2016, Plaintiff emailed the staff to inform them of the days she was taking off in October 2016.

29. On August 1, 2016, two business days later, Defendant Stephens informed Plaintiff that he was terminating her employment and told her to clean her office out and leave by noon.

30. Plaintiff noticed that Defendant Stephens was angry and upset.

31. When Plaintiff asked why she was being terminated, Defendant Stephens replied curtly, "You don't fit in."

32. When Plaintiff asked Defendant Stephens if he would tell her what she could do to fix whatever issue there was instead of being terminated, Defendant Stephens replied, "There is nothing to talk about," and left Plaintiff's office.

33. A short time later, Plaintiff went into Defendant Stephens' office and asked if she was being fired because of her work performance.

34.    Defendant Stephens replied, "No, you're work is fine."

35.    Defendant Stephens told her that she could file for unemployment and that he would not contest it.

36.    When asked if he would reconsider as Plaintiff supported a family of five, Defendant Stephens replied, "No. You're smart. You'll find another job."  Defendant Stephens then stated that he would provide her a letter of recommendation.

37.    Plaintiff asked if she could stay for the three months notice period they agreed to so it would be easier for her to find other employment and to prevent her from being embarrassed in her profession by a sudden termination.

38.    Defendant Stephens told Plaintiff she could not stay in her position for that time and walked out of his office.

39.    Plaintiff packed her office, left, filed for unemployment and contacted an attorney to send a demand letter regarding her termination in retaliation for requesting time off to observe the Jewish High Holidays.

40.    Upon information and belief, Defendant Stephens, in retaliation and to punish Plaintiff for sending a demand letter, contested Plaintiff's application for unemployment compensation.

41.    Upon information and belief, Defendant Stephens made a false statement to a state agency that Plaintiff was terminated  for "poor work performance."

42.    Upon information and belief, in retaliation and to punish Plaintiff contemplating a discrimination lawsuit, Defendant Stephens provided false and negative comments about Plaintiff to Plaintiff's prospective employers, making it impossible for Plaintiff to acquire other employment for over eight months.

6

43.     Upon information and belief, friends and staff of Defendant Stephens also provided false and negative comments about Plaintiff to Plaintiff's prospective employers in retaliation and to punish Plaintiff for contemplating a lawsuit for discrimination against Defendants.

44.     Upon information and belief, Defendant Stephens acted intentionally and without regard for Plaintiff's rights in his treatment of Plaintiff.

45.     Upon information and belief, Defendant Stephens acted deliberately and intentionally to discriminate against Plaintiff and to deprive her of her legal rights.

46.     On February 7, 2017, Plaintiff filed a verified charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC was unable to resolve the matter and on February 8, 2017, the EEOC issued a "Notice of Right to Sue Letter" to Plaintiff giving Plaintiff ninety (90) days from February 8, 2017 within which to file a lawsuit concerning this case. A copy of the Notice of Right to Sue is attached as Exhibit A.

## COUNT I
## INJUNCTIVE RELIEF

47.     Plaintiff realleges the prior paragraphs, as if fully set forth below.

48.     Upon information and belief, Defendant Stephens, Defendant Gmoser, and Defendant Ferguson engaged in defamatory acts, negatively commenting about Plaintiff to potential employers of Plaintiff, which caused injury to Plaintiff and her career.

49.     Plaintiff has reasonable grounds to believe that unlawful discrimination has occurred and further believes that irreparable injury will be caused to her if relief is not immediately

granted in the form of a court order prohibiting the Defendants from continuing to disparage Plaintiff's professional reputation.

50. Plaintiff has reasonable grounds to believe that an injunction would not unduly harm Defendants, yet would serve a public interest by preventing further abuse of power by public officials against persons who challenge discriminatory actions.

51. Injunctive relief is appropriate under 42 U.S.C. §2000e-16, 42 U.S.C. §1983, and Ohio Rev. Code §4112.02 *et seq.*

## COUNT II
## VIOLATION 42 U.S.C. §2000E-16
## THE GOVERNMENT EMPLOYEE RIGHTS ACT OF 1991

52. Plaintiff realleges the prior paragraphs, as if fully set forth below.

53. Plaintiff was chosen by Defendant Stephens, an elected official, to be a member of his personal staff, and is subject to protection from discrimination in employment based on religion under 42 U.S.C. §2000e-16(c).

54. Defendant Stephens' discriminated against Plaintiff by terminating her employment after she asked for time off from work to observe the Jewish High Holidays.

55. Defendant Stephens' claim that Plaintiff was terminated for "poor work performance" was a pretext to a discriminatory termination and is not credible in light of an exceptional employment record for nine years prior to Plaintiff being terminated.

56. Defendant Stephens' actions violated Plaintiff's rights, privileges, and immunities provided by the U.S. Constitution, more specifically the right to be free from discrimination based on religion as provided under 42 U.S.C. §§2000e-16(a) and 2000e-16(c).

8

57.   Plaintiff suffered damages including loss of income and benefits, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

58.   As a direct and proximate cause of Defendant Stephens' deprivation of Plaintiff's constitutionally protected right, Plaintiff has been damaged.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983
## FIRST AMENDMENT - FREE EXERCISE OF RELIGION

59.   Plaintiff realleges the prior paragraphs, as if fully set forth below.

60.   Plaintiff's observation of the tenets of Judaism is an activity protected under the First Amendment of the U.S. Constitution.

61.   When Plaintiff requested time off of work to observe the Jewish High Holidays, she was attempting to exercise her right to practice her deeply held religious beliefs.

62.   Upon information and belief, Plaintiff's exercise of a protected right was a substantial and motivating factor in Defendant Stephens' actions of terminating Plaintiff's employment.

63.   Defendant Stephens' was acting under color of law in his official capacity when he deprived Plaintiff of her right to practice her Jewish religion.

64.   Upon information and belief, Defendant Stephens' termination of Plaintiff was in retaliation for Plaintiff attempting to exercise her right to practice her religion.

65.   Upon information and belief, Defendant Stephens was angry and upset with Plaintiff when he terminated her employment and was acting with malice, hatred, revenge, a spirit of ill will, and/or with reckless or callous indifference to the federally protected rights of Plaintiff.

66.    Defendant Stephens' actions deprived Plaintiff of her rights, privileges, and immunities provided by the U.S. Constitution, more specifically the right to the free exercise of religion as secured to her by the First Amendment to the U.S. Constitution and enforced through 42 U.S.C. §1983.

67.    Plaintiff suffered damages including loss of income and benefits, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

68.    As a direct and proximate cause of Defendant Stephens' deprivation of Plaintiff's constitutionally protected right, Plaintiff has been damaged.

## COUNT IV
## VIOLATION OF 42 U.S.C. §1983
## FOURTEENTH AMENDMENT - EQUAL PROTECTION

69.    Plaintiff realleges the prior paragraphs, as if fully set forth below.

70.    Defendant Butler County's custom and/or policy, pursuant to Ohio Revised Code §325.19, of designating Christmas as a "legal holiday" protects Christians from termination for observing the religious holiday.

71.    Defendant Butler County's custom and/or policy of designating Christmas as a "legal holiday" allows Christians to observe their religious holiday without utilizing vacation time.

72.    Upon information and belief, this facially neutral custom and/or policy is applied in a discriminatory manner as members of other religions must utilize vacation time to observe their religion and are vulnerable to termination for requesting a holiday off in observance of their religion.

73.     Upon information and belief, Defendant Butler County failed to implement a policy or provision that would prevent its employees who practice a religion other than Christianity to be equally protected under their vacation / holiday policy.

74.     Upon information and belief, the action of Defendant Butler County in protecting one religious holiday to the exclusion of other religious holidays is arbitrary and does not protect or promote a compelling government interest.

75.     In applying this custom and/or policy, Defendant Butler County acted under color of statute, regulation, custom and/or usage of the State of Ohio within the meaning of 42 U.S.C. §1983.

76.     The deprivation by Defendant Butler County of Plaintiff's right to equal protection under the law allowed its official, Defendant Stephens, to terminate Plaintiff for requesting time off for the Jewish High Holidays.

77.     Defendant Butler County's custom and/or policy caused Plaintiff to be subjected to a denial of equal protection of the laws as secured to her by the Fourteenth Amendment to the U.S. Constitution and enforced through 42 U.S.C. §1983.

78.     Plaintiff suffered damages including loss of income and benefits, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

79.     As a direct and proximate cause of the custom and/or policy of Defendant Butler County, Plaintiff has been damaged.

## COUNT V
## VIOLATION OF 42 U.S.C. §1983
## FOURTEENTH AMENDMENT - EQUAL PROTECTION

80. Plaintiff realleges the prior paragraphs, as if fully set forth below.

81. As a member of a religious minority, Plaintiff was entitled to equal protection against discriminatory action.

82. Defendant Stephens' actions deprived Plaintiff of her right to equal protection of the laws as secured to her by the Fourteenth Amendment to the U.S. Constitution and enforced through 42 U.S.C. §1983.

83. Plaintiff suffered damages including loss of income and benefits, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

84. As a direct and proximate cause of the conduct of Defendant Stephens, Plaintiff has been damaged.

## COUNT VI
## VIOLATION OF 42 U.S.C. §1983
## FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS

85. Plaintiff realleges the prior paragraphs, as if fully set forth below.

86. Defendant Stephens terminated Plaintiff's employment suddenly and without notice.

87. Terminating Plaintiff, who was a public official, in this manner created the impression that Plaintiff had committed a serious violation of procedure, law or ethics and devastated Plaintiff's reputation in the legal community.

88. Upon information and belief, Defendant Stephens' actions were an arbitrary abuse of power by a government official.

89. Defendant Stephens deprived Plaintiff of property and liberty without due process.

90. Upon information and belief, Defendant Stephens published and/or made statements to third parties that Plaintiff was a poor worker.

91. Upon information and belief, Defendant Stephens made derogatory comments about Plaintiff to members of the legal community.

92. These comments resulted in Plaintiff being unable to secure employment and effectively prevented Plaintiff from continuing in her career.

93. As a result of the continued actions by Defendant Stephens, Plaintiff was further deprived of property and liberty as she could not successfully pursue her chosen career.

94. Defendant actions have violated Plaintiff's right to substantive due process as secured to her by the Fourteenth Amendment to the U.S. Constitution and enforced through 42 U.S.C. §1983.

95. Plaintiff suffered damages including loss of income and benefits, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

96. As a direct and proximate cause of the conduct of Defendant Stephens, Plaintiff has been damaged.


### COUNT VII
### VIOLATION OF 42 U.S.C. §1983
### FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS

97. Plaintiff realleges the prior paragraphs, as if fully set forth below.

98. Upon information and belief, Defendant Gmoser published and/or made statements to third parties that Plaintiff was a poor worker.

99.    Upon information and belief, Defendant Gmoser made derogatory comments about Plaintiff to one or more members of the legal community.

100.   These comments resulted in Plaintiff's reputation being harmed and negatively impacted her career.

101.   Upon information and belief, Defendant Gmoser's actions were an arbitrary and/or unreasonable abuse of power by a government official.

102.   Defendant Gmoser's actions have violated Plaintiff's right to substantive due process as secured to her by the Fourteenth Amendment to the U.S. Constitution and enforced through 42 U.S.C. §1983.

103.   As a direct and proximate cause of the conduct of Defendant Gmoser, Plaintiff has been damaged.


**COUNT VIII**
**VIOLATION OF 42 U.S.C. §1983**
**FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS**

104.   Plaintiff realleges the prior paragraphs, as if fully set forth below.

105.   Upon information and belief, Defendant Ferguson published and/or made statements to third parties that Plaintiff was a poor worker.

106.   Upon information and belief, Defendant Ferguson made derogatory comments about Plaintiff to one or more members of the legal community.

107.   These comments resulted in Plaintiff's reputation being harmed and negatively impacted her career.

108.    Upon information and belief, Defendant Ferguson's actions were an arbitrary and/or unreasonable abuse of power by a government official.

109.    Defendant Ferguson's actions have violated Plaintiff's right to substantive due process as secured to her by the Fourteenth Amendment to the U.S. Constitution and enforced through 42 U.S.C. §1983.

110.    As a direct and proximate cause of the conduct of Defendant Gmoser, Plaintiff has been damaged.


## COUNT IX
## UNLAWFUL TERMINATION BASED ON RELIGIOUS DISCRIMINATION
### (Ohio Revised Code §§4112.02 et seq. and 4112.99)

111.    Plaintiff realleges the prior paragraphs, as if fully set forth below.

112.    Plaintiff had never received a complaint about her work performance from Defendant Stephens, who supervised her for four and a half months.

113.    During the nine years of employment with the Court, Plaintiff had always taken the work-restricted Jewish holidays off.

114.    Upon information and belief, Defendant Stephens' termination of Plaintiff was discriminatory and due to Plaintiff's religion.

115.    Upon information and belief, there was no legitimate business reason for the termination and any claim of poor work performance was a pretext to the discriminatory termination.

116.    Plaintiff suffered damages including loss of income and benefits, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

117.   As a direct and proximate cause of the discrimination, Plaintiff is entitled to actual damages an amount exceeding $25,000.00.

## COUNT X
## UNLAWFUL TERMINATION CONTRARY TO PUBLIC POLICY

118.   Plaintiff realleges the prior paragraphs, as if fully set forth below.

119.   Upon information and belief, Plaintiff was discharged for exercising her right to observe her deeply held religious beliefs under the Ohio and U.S. Constitutions.

120.   Upon information and belief, Plaintiff was discharged for exercising her rights under The Ohio Civil Rights Act, RC§4112.01 et seq., the Free Exercise provision of The First Amendment to the U.S. Constitution, 42 U.S.C. §1983, and 42 U.S.C. §§2000e-16 et seq.

121.   Upon information and belief, Plaintiff's termination from her employment was a discriminatory discharge in violation of public policy which protects the religious expression of citizens.

122.   Plaintiff was a public servant for nine-years and had a solid reputation among the attorneys, judges, and magistrates in the Ohio bar.

123.   Defendant Stephens, as an official of a court in the State of Ohio, is subject to The Code of Judicial Conduct.

124.   Defendant Stephens, as an official of a court in the State of Ohio, is held to higher standard, and required to uphold the laws of the State of Ohio.

125.   Upon information and belief, Defendant Stephens, as a newly appointed judge, failed to uphold that standard when he engaged in discriminatory behavior against Plaintiff.

126    Upon information and belief, Defendant Stephens' termination of Plaintiff's employment was contrary to Ohio law and contrary to public policy in Ohio.

127.   Upon information and belief, Defendant Stephens' conduct after the termination was retaliatory and done to sabotage Plaintiff's employment efforts, which is also contrary to public policy.

128.   Plaintiff is entitled to compensation for Defendant Stephens' violation of public policy.

129.   Plaintiff suffered damages including loss of income and benefits, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

130.   As a direct and proximate cause of the actions of Defendant Stephens, Plaintiff has been damaged.


## COUNT XI
## DEFAMATION BY MICHAEL GMOSER
### (Slander)

131.   Plaintiff realleges the prior paragraphs, as if fully set forth below.

132.   Plaintiff was employed by Defendant Butler County, Ohio, as a Staff Attorney/Magistrate and had an outstanding reputation in Butler County, Ohio and within the community as an excellent employee.

133.   On or about August 1, 2017, Plaintiff was terminated by Defendant Stephens.

134.   Upon information and belief, Defendant Stephens was an Assistant Prosecutor, employed by Defendant Gmoser at the   Butler County Prosecutor's Office, prior to taking the bench with the Butler County Common Pleas Court.

135. Upon information and belief, Defendant Stephens and Defendant Gmoser were friends and Defendant Gmoser mentored Defendant Stephens for many years.

136. On or after February 20, 2017, Defendant Gmoser, an elected official of Defendant, Butler County, Ohio, and presenting himself as acting within the scope of his employment, knowingly made and published false statements to a potential employer of Plaintiff concerning Plaintiff's employment record and work performance.

137. Upon information and belief, Defendant Gmoser stated to the potential employer of Plaintiff that Plaintiff's work was "disjointed," that the problem he had with Plaintiff was "getting stuff back from her on foreclosures," and he "had a problem getting things."

138. Plaintiff never worked for or with Defendant Gmoser.

139. Upon information and belief, Defendant Gmoser did not know Plaintiff's work performance and misrepresented having knowledge of Plaintiff's work habits or work ethic.

140. Upon information and belief, these false statements were made in bad faith and for no legitimate business purpose; they were known to be false and were made with reckless disregard for the truth; and there was actual malice on the part of Defendant Gmoser in the making of these false statements.

141. Upon information and belief, Defendant Gmoser made these statements in support of his friend, Defendant Stephens, in retaliation of Plaintiff litigating against Defendant Stephens and Defendant Butler County, Ohio, and knowing that such statements would damage Plaintiff's reputation and/or prevent her from securing employment.

142. As a result of this slander, Plaintiff has suffered harm to her personal and professional reputation, humiliation, extreme emotional distress, and mental suffering.

143.  Upon information and belief, Defendant Gmoser was acting in his official capacity as a representative of Butler County, Ohio and this gave the appearance that Defendant, Butler County, Ohio condoned the false accusations and defamation by its elected official.

144.  Upon information and belief, Defendant Gmoser is liable to Plaintiff for this defamation individually, and in his capacity as a public official of Butler County, Ohio.

145.  As a direct and proximate cause of the actions of Defendant Gmoser, Plaintiff has been damaged.

## COUNT XII
## DEFAMATION BY DAN FERGUSON
### (Slander)

146.  Plaintiff realleges the prior paragraphs, as if fully set forth below.

147.  Upon information and belief, Defendant Stephens was an Assistant Prosecutor and colleague of Defendant Ferguson at the Butler County Prosecutor's Office, prior to taking the bench with the Butler County Common Pleas Court.

148.  Upon information and belief, Defendant Stephens and Defendant Ferguson were friends and colleagues for many years.

149.  On or after February 20, 2017, Defendant Ferguson, a public official of Defendant Butler County, Ohio, individually and presenting himself as acting within the scope of his employment, knowingly made and published false statements to a potential employer of Plaintiff concerning Plaintiff's employment record and work performance.

19

150. Upon information and belief, Defendant Ferguson, when asked his opinion about Plaintiff, stated to the potential employer of Plaintiff, "Oh she's horrible."

151. Plaintiff always had a positive working relationship with Defendant Ferguson and there was no legitimate reason for Defendant Ferguson to provide a reference for Plaintiff or comment regarding Plaintiff's work performance, work ethic, and/or personality.

152. Defendant Ferguson was not in a position to provide a reference for Plaintiff as he was not her supervisor.

153. Upon information and belief, these false statements were made in bad faith and for no legitimate business purpose; they were known to be false and were made with reckless disregard for the truth; and there was actual malice on the part of Defendant Ferguson in the making of these false accusations.

154. Upon information and belief, Defendant Ferguson made these statements in support of his friend, Defendant Stephens, in retaliation of Plaintiff litigating against Defendant Stephens and Defendant Butler County, Ohio, and knowing that such statements would damage Plaintiff's reputation and prevent her from securing employment.

155. As a result of this slander, Plaintiff has suffered harm to her personal and professional reputation, humiliation, extreme emotional distress, and mental suffering.

156. Upon information and belief, Defendant Ferguson was acting in his official capacity as a representative of Butler County, Ohio and this gave the appearance that Defendant Butler County, Ohio condoned the false accusations and defamation by its public official.

157. Upon information and belief, Defendant Ferguson is liable to Plaintiff for this defamation individually, and in his capacity as a public official of Butler County, Ohio.

158.    As a direct and proximate cause of the actions of Defendant Ferguson, Plaintiff has been damaged.

## COUNT XIII
## DEFAMATION BY BUTLER COUNTY, OHIO
### (Vicarious Liability)

159.    Plaintiff realleges the prior paragraphs, as if fully set forth below.

160.    Defendants Gmoser and Ferguson were acting in their official capacity as representatives of Defendant, Butler County, Ohio and this gave the appearance that Defendant, Butler County, Ohio, condoned the false statements about Plaintiff by its public officials.

161.    Defendant Butler County is vicariously liable for the malicious actions taken by its employees acting in their official capacity.

162.    As a result of these acts, Plaintiff has suffered harm to her personal and professional reputation, humiliation, extreme emotional distress, and mental suffering.

163.    As a direct and proximate result of these official acts, Plaintiff has been damaged.

## COUNT XIV
## BREACH OF CONTRACT BY DEFENDANT STEPHENS

164.    Plaintiff realleges the prior paragraphs, as if fully set forth below.

165.    Plaintiff and Stephens entered into an oral agreement to provide each other three (3) months notice in the event that either party wanted the employment relationship to end.

166.    The three month notice period was at the insistence of Stephens who stated that this was fair to both of the parties.

21

167. As both parties were members of the legal profession, this agreement was based on an implied covenant of good faith and fair dealing.

168. Upon information and belief, this agreement altered the at-will employment relationship between the parties.

169. Stephens terminated Plaintiff's employment without notice.

170. Stephens breached the agreement to provide a three month notice of termination.

171. As a direct and proximate cause of the breach of the oral agreement, Plaintiff was damaged with a loss of income in the amount of Sixteen Thousand Seven Hundred and Nine Dollars ($16,709.00).


## COUNT XV
## UNLAWFUL TERMINATION
### (Benefit)

172. Plaintiff realleges the prior paragraphs, as if fully set forth below.

173. As a benefit to employment with the Court, Plaintiff had medical and dental insurance coverage for herself and her family.

174. As a benefit to employment with the Court, Plaintiff had employer-contributed PERS payments.

175. These benefits had been given to Plaintiff throughout her employment with the Court since 2007.

176. Plaintiff had a reasonable expectation that these benefits would be extended to her during the three month notice period.

177. As a result of Stephen's breach of contract in denying three months notice of termination of employment, Plaintiff suffered economic loss, was denied three months of employer-

22

contributed medical and dental insurance coverage for herself and her family, and was denied the employer-contributed PERS payments.

178.    Plaintiff was damaged in an amount in excess of Five thousand Dollars ($5,000.00).


## COUNT XVI
## DEFAMATION BY DEFENDANT STEPHENS
### (Slander)

179.    Plaintiff realleges the prior paragraphs, as if fully set forth below.

180.    Upon information and belief, between August 1, 2016 and September 20, 2016, Stephens made statements to attorneys and his fellow Judges that Plaintiff was a poor employee.

181.    Upon information and belief, between August 1, 2016 to September 20, 2016, Stephens made statements to his attorney, Linda Woeber, that Plaintiff had a temper and caused disturbances at work.

182.    Upon information and belief, between August 1, 2016 and September 20, 2016, Stephens made statements to his attorney, Linda Woeber, that Plaintiff procrastinated, missed deadlines, and was a poor employee.

183.    On August 1, 2016, Stephens informed Plaintiff's colleague, Magistrate Matt Reed, that he needed coverage for Plaintiff's docket because he was terminating her employment.

184.    On August 1, 2016, Stephens told staff in the Court Administration Office that he needed coverage for Plaintiff's docket because he was terminating Plaintiff's employment.

185.    Upon information and belief, Defendant Stephens' statements to court staff regarding Plaintiff's sudden termination falsely implied that Plaintiff was guilty of serious misconduct.

23

186. Upon information and belief, Defendant Stephens' statements to court staff, attorneys, judges were false.

187. The implication that Plaintiff was guilty of serious misconduct was false.

188. Upon information and belief, between August 1, 2016 and April 1, 2017, Defendant Stephens provided false statements that Plaintiff was a poor employee to several potential employers of Plaintiff.

189. Upon information and belief, Defendant Stephens' false statements about Plaintiff's work performance and behavior on the job caused Plaintiff to suffer harm to her personal and professional reputation, humiliation, extreme emotional distress, and mental suffering.

190. Upon information and belief, Defendant Stephens' false statements about Plaintiff's work performance and behavior on the job prevented Plaintiff from acquiring new employment and caused Plaintiff extreme financial hardship.

191. As a result of Defendant Stephens' slanderous statements regarding Plaintiff and Plaintiff's professionalism, Defendant Stephens caused injury to Plaintiff's reputation, exposed Plaintiff to public hatred, contempt, ridicule, shame and/or disgrace.

192. Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT XVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY STEPHENS

193. Plaintiff realleges the prior paragraphs, as if fully set forth below.

194. Prior to being terminated, Plaintiff had no work-performance issues in the nine years she was employed.

195.   Stephens had little, if any, experience with civil cases when he became judge.

196.   Prior to being terminated, Plaintiff was performing her job duties, most of Barger's duties, and was handling the entire civil docket for Stephens until he became more familiar with civil matters.

197.   Prior to being terminated, the only time when Stephens was angry and/or nasty with Plaintiff was when Plaintiff had requested the Jewish holidays off for October 2016.

198    Defendant Stephens had his Judicial Assistant present when he terminated Plaintiff.

199.   The Judicial Assistant was smirking at Plaintiff while she was being terminated.

200.   Upon information and belief, Defendant Stephens permitted his staff to provide negative comments about Plaintiff to attorneys, court staff, and potential employers.

201.   Upon information and belief, after Plaintiff's termination, Defendant Stephens's actions in making negative comments about Plaintiff to attorneys and potential employers was done with spite and ill will.

202.   Upon information and belief, Defendant Stephens' conduct towards Plaintiff was abusive and unprofessional.

203.   Upon information and belief, Defendant Stephens' conduct towards Plaintiff was extreme and outrageous.

204.   Upon information and belief, Defendant Stephens specifically intended to cause severe emotional distress to Plaintiff by terminating her in such a manner and sabotaging her employment efforts.

205.   The manner in which the discharge was conducted by Defendant Stephens was severe and debilitating to Plaintiff.

25

206. Upon information and belief, the manner in which Stephens terminated Plaintiff gave the impression to the other employees of the court and attorneys of the local bar that the termination was due to misconduct by Plaintiff.

207. Defendant Stephens' malicious and intentional actions as set forth above proximately caused injury to Plaintiff in the form of embarrassment, mental anguish, loss of reputation, loss of self-esteem, harm to Plaintiff's relationship with her family, and other emotional harm which caused physical injury in the form of adverse health effects.

208. Defendant Stephens' actions constituted an outrageous invasion of Plaintiff's personal rights.

209. Upon information and belief, Defendant Stephens acted willfully and maliciously, with spite and ill will, and with a reckless disregard for Plaintiff's legal rights.

210. As a direct and proximate result of Defendant Stephens' actions, Plaintiff suffered damages and is entitled to judgment.

## COUNT XVIII
## MALICE BY DEFENDANT STEPHENS

211. Plaintiff realleges the prior paragraphs, as if fully set forth below.

212. Upon information and belief, Defendant Stephens acted with ill will, hatred, and/or in a spirit of revenge towards Plaintiff when he terminated her employment.

213. Upon information and belief, Defendant Stephens acted with a great probability of causing substantial harm to Plaintiff's reputation and career by the manner in which he terminated Plaintiff.

26

214. Upon information and belief, Defendant Stephens acted with ill will, hatred, and/or in a spirit of revenge towards Plaintiff when he provided negative and/or false statements to members of the legal community and/or Plaintiff's potential employers.

215. Upon information and belief, Defendant Stephens acted with a great probability of causing substantial harm to Plaintiff's reputation and career by making negative and/or false statements about Plaintiff and Plaintiff's work performance.

216. Plaintiff is entitled to treble damages.

217. Plaintiff is entitled to any attorney fees.

218. Plaintiff has been damaged and is entitled to punitive damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT XIX
## MALICE BY DEFENDANT GMOSER

219. Plaintiff realleges the prior paragraphs, as if fully set forth below.

220. Upon information and belief, Defendant Gmoser acted with ill will, hatred, and/or in a spirit of revenge towards Plaintiff when he provided false statements to members of the legal community and/or Plaintiff's potential employers.

221. Upon information and belief, Defendant Gmoser acted with a great probability of causing substantial harm to Plaintiff's reputation and career by making negative and/or false statements about Plaintiff and/or Plaintiff's work performance.

222. Plaintiff is entitled to treble damages.

223. Plaintiff is entitled to any attorney fees.

27

224.    Plaintiff has been damaged and is entitled to punitive damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT XX
### MALICE BY DEFENDANT FERGUSON

225.    Plaintiff realleges the prior paragraphs, as if fully set forth below.

226.    Upon information and belief, Defendant Ferguson acted with ill will, hatred, and/or in a spirit of revenge towards Plaintiff when he provided false statements to members of the legal community and/or Plaintiff's potential employers.

227.    Upon information and belief, Defendant Ferguson acted with a great probability of causing substantial harm to Plaintiff's reputation and career by making negative and/or false statements about Plaintiff and/or Plaintiff's work performance.

228.    Plaintiff is entitled to treble damages.

229.    Plaintiff is entitled to any attorney fees.

230.    Plaintiff has been damaged and is entitled to punitive damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT XXI
### PROMISSORY ESTOPPEL

231.    Plaintiff realleges the prior paragraphs, as if fully set forth below.

232.    Defendant Stephen's promise to provide three months notice to Plaintiff upon termination of employment was a clear, unambiguous promise.

233. Defendant Stephens also conveyed to Plaintiff that as long as work performance was good, she would have job security.

234. Plaintiff, in good faith, relied on that promise and accepted a position with Defendant Stephens and did not seek employment elsewhere.

235. It was reasonable that Plaintiff would rely on the promise made by a person in the honorable position of judge.

236. Plaintiff was injured by relying on Defendant Stephens' promise as she was led to believe that, as long as her work performance was good, she would not be terminated without just cause.

237. Upon information and belief, Defendant Stephens' breach of his representations to Plaintiff that he would provide three months notice prior to terminating her employment constituted a breach of the doctrine of promissory estoppel.

238. As a proximate result of Defendant Stephens' breach of agreement and representations, Plaintiff has suffered loss of income and fringe benefits, and other damages for the three months notice period.

WHEREFORE, Plaintiff prays as follows:

(a)     Plaintiff respectfully requests this Court enter a preliminary and permanent injunction enjoining each of the above-named Defendants, their successors, employees, attorneys, or any other person acting on behalf of any of them from speaking to third parties who contact them for an employment reference or otherwise negatively commenting on Plaintiff's professional reputation to members of the legal community;

29

(b)     For a judgment declaring the vacation policy of Defendant Butler County was discriminatorily applied and/or is unlawful and violative of Ohio Revised Code §4112.02;

(c)     For a judgment finding that Defendant Stephens violated federal and Ohio law as set forth above;

(d)     For an Order that Defendant Butler County and/or Defendant Stephens pay to the Plaintiff all wages and benefits due and owing as a result of the discriminatory acts.

(e)     For an award of compensatory damages for loss of income, front and back pay, and fringe benefits in an amount greater than $300,000 to be determined by a jury in this case;

(f)     For an award for compensatory and punitive damages for humiliation, pain, suffering, emotional distress, and loss of reputation in an amount greater than $300,000 to be determined by a jury in this case;

(g)     For an award of liquidated damages to Plaintiff in an amount greater than $300,000 to be determined by a jury in this case;

(h)     For an award to Plaintiff for her costs and any attorney fees in this action; and

(i)     That the Court grant Plaintiff such further relief as the court deems just and appropriate to remedy the acts of discrimination and/or retaliation by each of the named Defendants against Plaintiff.

Respectfully submitted,

Kimberly Edelstein (0074922)
Pro se
9384 Cardinal Ct.
Cincinnati, Ohio 45242
Ph. (614) 975-2400
Email: kedelsteinesq@cinci.rr.com

Plaintiff demands trial by jury.

_Kimberly Edelstein_

Kimberly Edelstein, Pro se

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Kimberly Edelstein<br>9384 Cardinal Ct<br>Cincinnati, OH 45242 | From: Cincinnati Area Office<br>John W. Peck Fed. Bldg<br>550 Main St  Room 10-019<br>Cincinnati, OH 45202 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 473-2017-00341 | William D. Coleman,<br>Investigator | (513) 684-7337 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Melanie L. Breen /MS

**Melanie L. Breen,**
Area Office Director

FEB 0 8 2017

(Date Mailed)

Enclosures(s)

cc:
**Jim Davis**
**HR Director**
**BUTLER COUNTY**
**315 High Street, 6th Floor**
**Hamilton, OH 45011**

Exhibit A