IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY EDELSTEIN, | : | Case No. 1:17-CV-305 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| | : | **DEFENDANTS' AMENDED PARTIAL** |
| JUDGE GREG STEPHENS, *et al.* | : | **MOTION TO DISMISS** |
| | : | |
| Defendants. | : | |

Come now the Defendants, Judge Gregory Stephens, Michael T. Gmoser, Dan Ferguson, and Butler County, and move this Court pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) for an Order dismissing the following Counts of Plaintiff's Complaint with prejudice: Counts II, IV, VI, VII, VIII, XII, XIII, X, XIV, XV, XVI, XVII, XVIII, XIX, XX, and XXI.  The enumerated claims fails to state a claim upon which relief can be granted; this Court lacks jurisdiction as to Count II, and the Defendants are entitled to judgment as a matter of law. This Motion is supported by Defendants' Memorandum of Law.

Respectfully submitted,

/s/ Linda L. Woeber
LINDA L. WOEBER (0039112)
LISA M. ZARING (0080659)
MONTGOMERY, RENNIE & JONSON
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202
Tel:   (513) 241-4722
Fax:   (513) 768-9239
Email: lwoeber@mrjlaw.com;
        lzaring@mrjlaw.com

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY EDELSTEIN, | : | Case No. 1:17-CV-305 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| | : | **MEMORANDUM IN SUPPORT OF** |
| JUDGE GREG STEPHENS, *et al.* | : | **DEFENDANTS' AMENDED PARTIAL** |
| | : | **MOTION TO DISMISS** |
| Defendants. | : | |

## Introduction

Plaintiff Kimberly Edelstein was a member of the personal staff of Judge Patricia Oney before Judge Gregory Stephens took the bench in March 2016. Compl., Doc. #1, ¶ 9, PAGEID #3. Judge Stephens offered Edelstein a position as magistrate and staff attorney, and Edelstein claims she and Judge Stephens agreed they would each provide the other three months' notice if one of them wanted to terminate the employment relationship. *Id.* at ¶¶ 20-21, PAGEID #4. On August 1, 2016, Judge Stephens told Edelstein he was terminating her employment effective immediately because she did not fit in with his staff. *Id.* at ¶ 29, PAGEID #5.

As Edelstein was indisputably an employee of the court and a member of the judge's personal staff, the terms and conditions of her employment were not controlled by Butler County but by the judge. Edelstein alleges she was not terminated for the reasons stated by Judge Stephens but due to intentional discrimination based on her religion, Judaism. She further contends she was harmed by the manner of her termination and by defamatory statements made by Judge Stephens, Prosecuting Attorney Michael Gmoser, and Assistant Prosecuting Attorney Dan Ferguson.

1

Edelstein's Complaint encompasses twenty-one causes of action. Sixteen of those claims fail to state a claim for which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Defendants are entitled to judgment as a matter of law with respect to those causes of action.[1]

## Statement of Facts[2]

Plaintiff Kimberly Edelstein was employed as a staff attorney/magistrate for eight and a half years by Judge Patricia S. Oney. Compl., Doc. #1, ¶ 9, PAGEID #3. Christmas Day is a paid holiday for employees of the Butler County Court of Common Pleas General Division pursuant to Ohio Revised Code § 325.19. Edelstein has been allowed time off to observe the Jewish holidays she has requested, first by Judge Oney and then by Judge Stephens. *Id.* at ¶¶ 13, 27, PAGEID ##4, 5. On July 28, 2016, Judge Stephens approved Edelstein's request to take eight non-consecutive days off in October to observe the Jewish holidays and requested that she inform the rest of his staff of the specific days she would be out of the office. *Id.* at ¶¶ 25-27, PAGEID #5.

On or about August 1, 2016, Judge Stephens informed Edelstein he was terminating her employment because she did not fit in with his staff. *Id.* at ¶¶ 29, 31, PAGEID #5. Judge Stephens told Edelstein that the problem was not her work performance and that he would not contest unemployment benefits. *Id.* at ¶¶ 33-35, PAGEID ##5-6. Judge Stephens further agreed to provide a letter of recommendation

---

[1] Defendants have not filed a contemporaneous Answer responding to the claims outside the scope of this Motion. Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, stating that service of a motion to dismiss alters the time to respond to a Complaint, also applies in circumstances where a defendant files a motion to dismiss that is only partially dispositive. *Marie v. American Red Cross*, 2013 U.S. Dist. LEXIS 77515 (S.D. Ohio, June 3, 2013).

[2] Defendants' Statement of Facts is based on the allegations in Plaintiff's Complaint relevant to the enumerated claims and defenses presented.

but would not reconsider his decision to let her go after Edelstein informed him she was responsible for supporting a family of five. *Id.* at ¶ 36, PAGEID #6.

Edelstein requested that the judge allow her to stay for an additional three months, which Judge Stephens denied. *Id.* at ¶ 37, PAGEID #6. Edelstein alleges Judge Stephens provided false and negative comments about her to unnamed prospective employers. *Id.* at ¶¶ 42-43, PAGEID ##6-7. The Complaint does not allege what those comments were; to whom they were made; or when.

As a magistrate/staff attorney and member of a common pleas judge's personal staff, Edelstein was an unclassified employee. *See* Ohio Revised Code § 124.11(A)(9)(10)(28). Edelstein alleges her sudden termination without notice was an arbitrary abuse of power by a government official. Compl., Doc. #1, ¶¶ 86-88, PAGEID #12. She further claims that her termination deprived her of property and liberty without due process and that Judge Stephens' statements to unnamed third-parties that Edelstein was a "poor worker" resulted in her inability to secure employment and continue in her career. *Id.* at ¶¶ 90-92, PAGEID #13. Edelstein makes the same claim with respect to defendants Gmoser and Ferguson. *See id.* Counts VII and VIII, PAGEID ##13-15.

Edelstein alleges that there was no legitimate business reason for her termination and that, therefore, her termination was discriminatory and due to her religion. *Id.* at ¶¶ 114-15, PAGEID #15. She further claims her termination was in violation of Ohio public policy based on Ohio Revised Code § 4112.01 and the Ohio Code of Judicial Conduct, as well as the First Amendment to the U.S. Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 2000e-16. *Id.* at ¶ 120, PAGEID #16.

3

Edelstein alleges defendants Judge Stephens and Prosecutor Gmoser were friends when Judge Stephens worked in the Prosecutor's Office and that Gmoser published false statements to a potential employer of Edelstein concerning Edelstein's employment record and work performance. *Id.* at ¶¶ 134-36, PAGEID ##17-18. The statements Edelstein attributes to Gmoser are: that her work was "disjointed"; that he had trouble "getting stuff back from her on foreclosures"; and he "had a problem getting things." *Id.* at ¶ 137, PAGEID #18. Edelstein contends she never worked for, or with, Gmoser and that Gmoser had no knowledge of her work performance. She further claims Gmoser's statements were made in bad faith; known to be false; and made with reckless disregard for the truth. *Id.* at ¶ 140, PAGEID #18. Finally, Edelstein claims Gmoser made these statements in support of his friend Judge Stephens in retaliation for Edelstein "litigating against Defendant Stephens and Defendant Butler County, Ohio." *Id.* at ¶ 141, PAGEID #18. Edelstein concludes that these statements have caused harm to her personal and professional reputation. *Id.* at ¶ 142, PAGEID #18.

Edelstein next asserts that Assistant Prosecutor Dan Ferguson was a friend and colleague of Judge Stephens and that, when asked his opinion about Edelstein, he stated to a potential employer "Oh she's horrible." *Id.* at ¶¶ 148, 150, PAGEID ##19-20. Edelstein complains that Ferguson was not her supervisor and was not in a position to provide a reference, concluding that Ferguson made that statement in support of his friend Judge Stephens and in retaliation for Edelstein litigating against Judge Stephens and Butler County. *Id.* at ¶¶ 152-54, PAGEID #20.

Edelstein claims she and Judge Stephens entered into an oral agreement to provide each other three months' notice in the event either party wished to terminate the employment relationship, altering the previously at-will employment relationship

4

between the parties. *Id.* at ¶¶ 165, 168, PAGEID ##21-22. Judge Stephens terminated Edelstein's employment without providing notice, allegedly in breach of the oral agreement. *Id.* at ¶¶ 169-70, PAGEID #22.

Edelstein's claim for defamation against Judge Stephens is based on the following statements:

> (1) To attorneys and his fellow judges that Edelstein "was a poor employee"; to his attorney that Edelstein had a temper and caused disturbances at work; that she procrastinated, missed deadlines, and was a poor employee.

> (2) To Magistrate Matt Reed, staff and court administration that he needed coverage for Edelstein's docket because he was terminating her employment. To "several potential employers" that she was a poor employee.

*Id.* at ¶¶ 180-88, PAGEID ##23-24.

Edelstein claims she had no work performance issues in the nine years she was employed by the judges. *Id.* at ¶ 194, PAGEID #24. She further claims she was performing her own job duties; most of the duties of the Judge's personal assistant; and the entire civil docket for Judge Stephens "until he became more familiar with civil matters." *Id.* at ¶ 196, PAGEID #25.

Judge Stephens was not angry or nasty with Edelstein until she requested the Jewish holidays off for October 2016. *Id.* at ¶ 197, PAGEID #25. Judge Stephens had his Judicial Assistant Melinda Barger present when he terminated Edelstein, and Barger was "smirking at Edelstein while she was being terminated." *Id.* at ¶¶ 198-99, PAGEID #25. Edelstein additionally claims Judge Stephens permitted his staff to provide negative comments about her to attorneys, court staff, and potential employers; that Judge Stephens' actions were the result of spite and ill will; were extreme and outrageous; intended to cause severe emotional distress; and the manner in which

5

Stephens terminated Edelstein gave the impression to other employees of the court and attorneys of the local bar that Edelstein's termination was due to misconduct by her. *Id.* at ¶¶ 201-06, PAGEID #25-26.

In support of her claims for "malice" against each of the individual defendants, Edelstein asserts that they acted with ill will, hatred, and/or in a spirit of revenge toward her. *Id* at ¶¶ 212, 220, 226, PAGEID ## 26-28.

Finally, Edelstein alleges Judge Stephens conveyed to her that she would have job security as long as her work performance was good, and she was led to believe she would not be terminated without just cause. *Id.* at ¶¶ 233, 236, PAGEID #29.

Edelstein filed a Charge with the Equal Employment Opportunity Commission against Butler County on January 31, 2017, claiming discrimination based on religion as well as retaliation. Her Charge was dismissed on February 8, 2017. On May 5, 2017, Edelstein filed the subject Complaint against these defendants.

**Argument**

**I.      Butler County's recognition of Christmas as a paid holiday pursuant to R.C. 325.19 does not violate Plaintiff's entitlement to Equal Protection as a matter of law.**

Edelstein alleges in Count IV of her Complaint that Butler County's designation of Christmas as a legal or paid holiday discriminatorily allows Christians to observe "their religious holiday" without using vacation time while failing to implement a policy that would protect non-Christians who seek time off for different religious holidays. Compl., Doc. #1, ¶¶ 70-74, PAGEID ##10-11.  She asserts that Butler County's policy of including Christmas as a "legal" holiday pursuant to Ohio Revised Code § 325.19 is a facially neutral custom and/or policy that is applied in a discriminatory manner. *Id.*

This Court has reviewed the same argument in the context of the federal statute that also declares Christmas Day a public holiday, U.S.C. § 6103, and held that the statute does not violate the establishment clause or a non-Christian's right to equal protection under the law. *Ganulin v. United States*, 71 F. Supp. 2d 824, 835-36, 837-38 (S.D. Ohio 1999). This Court, along with the U.S. Supreme Court, has found a legitimate secular purpose for establishing Christmas as a legal public holiday. *See County of Allegheny v. ACLU Greater Pittsburgh Chapter*, 492 U.S. 573, 594 (1989) (quoting *Lynch v. Donnelly*, 465 U.S. 668, 687 (1984)) ("both Christmas and Chanukah are part of the same winter-holiday season, which has attained a secular status in our society.")

The *Ganulin* Court held the establishment of Christmas Day as a legal public holiday does not violate fundamental rights nor discriminate based on suspect criteria. Butler County, in following the mandate of Ohio Revised Code § 325.19 (full-time county employees are entitled to eight hours of holiday pay for, among other days, Christmas Day) is not discriminating against employees who are not Christian. Section 325.19(D)(1) provides holiday pay for the following: New Year's Day, Martin Luther King Day, Washington-Lincoln Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, and Christmas Day. Notably absent from that list are Good Friday, Easter, or any other date observed primarily by Christians. Nor has Butler County added those dates as holidays, despite the fact that the Sixth Circuit has upheld the closing of government offices on the Friday before Easter, recognizing that it has a sufficiently secular purpose. *Granzeier v. Middleton*, 173 F. 3d 568, 578 (6th Cir. 1999).

Edelstein's Equal Protection claim has been rejected by this Court, as well as the Sixth Circuit and U.S. Supreme Court, under more than one scenario, also finding that a

paid holiday for Christmas is not a violation of the Establishment Clause. Butler County's policy complying with R.C. § 325.19(D)(1), while not adding certain Jewish holidays, is not arbitrary, nor does it deny Edelstein equal protection of the laws.

## II. Plaintiff's claim of improper discharge from public employment does not state a substantive due process claim.

This Court and the Sixth Circuit Court of Appeals have repeatedly held that a public employee cannot bring a substantive due process claim based on improper discharge from employment even if she has an employment contract promising discharge only for just cause. *Sutton v. Cleveland Bd. of Educ.*, 958 F. 2d 1339, 1351 (6th Cir. 1992); *see also Holthaus v. Bd. of Educ.*, *Cincinnati Public Schools,* 986 F. 2d 1044 (6th Cir. 1993) (court dismissed substantive due process claim, which was based on the allegation that plaintiff was defamed in the course of an investigation that led to his termination). The *Holthaus* Court left open the possibility that a <u>classified</u> employee could have a procedural due process claim in connection with his termination under the right circumstances. *Holthaus*, 986 F. 2d at 1046-47. As Holthaus was provided notice and an opportunity to be heard, however, a procedural due process claim under those facts would have been without merit as well. *Id.* at 1047.

Edelstein's contention here is that she was summarily dismissed by Judge Stephens, which she claims created the impression that she had committed a serious violation of procedure, law, or ethics. Compl., Doc. #1, ¶¶ 86-87, PAGEID #12. She alleges this conduct deprived her of property and liberty without due process. *Id.* at ¶ 89, PAGEID #12. Edelstein, as a member of the judge's personal staff, was unquestionably an unclassified employee, with no property interest in her employment. R.C. § 124.11(A)(9)(10)(28). She was therefore not entitled to due process prior to

8

termination. *Goins v. Summit County Clerk of Courts*, 1991 Ohio App. LEXIS 971, at *3 (Ohio Ct. App., Summit County, Mar. 6, 1991) ("[a] classified employee is protected from arbitrary termination through procedural safeguards...[u]nclassified employees are not entitled to such procedural protections.") (internal citations omitted).

Further, although Edelstein makes the conclusory allegation that she was deprived of liberty, there are no facts asserted in the Complaint indicating that Edelstein was detained in any way. Accordingly, Edelstein's substantive due process claim fails as asserted in Count VI, and her allegations cannot reasonably be viewed to state a claim for procedural due process.

## III.   A claim for defamation does not constitute a deprivation of liberty or property under the Due Process Clause.

Edelstein alleges Defendants Stephens, Gmoser, and Ferguson made statements to third parties that she "was a poor worker." Compl., Doc. #1, ¶¶ 90, 98, 105, PAGEID ##13-14). She further asserts that these Defendants "made derogatory statements" about her to one or more members of the legal community. *Id.* at ¶¶ 91, 99, 106, PAGEID ##13-14. Edelstein has failed to assert sufficient facts to support a substantive due process claim. To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009).

To state a cognizable substantive due process claim, a plaintiff must allege facts demonstrating conduct intended to injure her that was unjustifiable by any government interest <u>and</u> that is "conscientious-shocking" in nature. *Mitchell v. McNeil*, 487 F. 3d

374, 376 (6th Cir. 2007)(quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998)). The substantive component of the due process clause is only violated when the defendant's behavior is "arbitrary, or conscience shocking, in a constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 837 (1998). This is markedly different from merely alleging "someone cloaked with state authority causes harm." *Id.* The Sixth Circuit has noted that substantive due process affords individuals "the right to be free from state intrusions into realms of personal privacy and bodily security through means so brutal, demeaning, and harmful as literally to shock the conscience of a court." *Barrett v. Outlet Broadcasting*, 22 F.Supp. 726 (S.D. Ohio 1997).

This Court has denied a substantive due process claim based on defamation in two recent cases with far more egregious claims than those described by Edelstein. *See Dunning v. Varnau*, 2015 U.S. Dist. LEXIS 132868 (S.D. Ohio, Sept. 30, 2015) (claim that false information provided by defendant coroner to make death look like murder committed by plaintiffs/officers, which resulted in referral of charges against plaintiffs to grand jury insufficient to state a substantive due process claim); *Elfers v. Varnau*, 101 F. Supp. 3d 753 (S.D. Ohio. 2015) (claim that coroner made a false determination regarding cause of death for the purpose of preventing sheriff from conducting further investigation did not "shock the conscientious").

Even if true, Edelstein's claims that Judge Stephens, Prosecutor Gmoser, and Assistant Prosecutor Ferguson said she was a "poor worker" and made some unspecified derogatory statements to one or more members of the legal community, such actions do not amount to "conduct intended to injure unjustifiable by any government interest," nor are they "conscience-shocking" in nature. Edelstein's substantive due process claim is without merit, and Counts VI, VII, and VIII of the Complaint must be dismissed.

10

**IV.    Plaintiff's public policy claim must fail because R.C. 4112.02 provides adequate protection and remedies for religious-based discrimination.**

In addition to bringing a claim under Ohio Revised Code § 4112.02, Edelstein seeks to recover for wrongful termination in violation of public policy grounded on the assertion that she was terminated for exercising her right to observe deeply held religious beliefs. Compl., Doc. #1, Count X, PAGEID ##16-17. Edelstein's public policy claim premised on § 4112.02 fails as a matter of law because that statute provides adequate protection and remedies to individuals who have been discriminated against. *Varney v. InfoCision, Inc.*, 2013 U.S. Dist. LEXIS 143324 at *10 (S.D. Ohio, Oct. 2, 2013) (public policy claim was dismissed because R.C. 4112.02 provides protection and remedies for those who have opposed discrimination). As recognized by the Ohio Supreme Court, when a statutory scheme contains a full array of remedies, the underlying public policy will not be jeopardized if the courts do not recognize a common law claim for wrongful discharge based on that policy. *Leininger v. Pioneer National Latex*, 115 Ohio St.3d 311 (2007). *See also Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240 (2002).

Edelstein's citation to the First Amendment, 42 U.S.C. § 1983, 42 U.S.C. § 2000e-16 *et seq.*, and the Code of Judicial Conduct, to prove the existence of a public policy protecting the religious expression of citizens, does not change the outcome here. R.C. § 4112.02 adequately protects employees who claim that their termination was the result of religious-based discrimination, and her rights would not be jeopardized by this Court's determination not to recognize a public policy claim based on the facts alleged. Count X fails as a matter of law.

**V.      The statement attributed to Defendant Ferguson is constitutionally protected opinion and therefore not defamation.**

The Supreme Court of Ohio has reaffirmed that statements of opinion are protected by the Ohio Constitution and are not grounds for a defamation claim. *Wampler v. Higgins*, 93 Ohio St.3d 111 (Ohio 2001). Several factors inform reviewing courts' determinations whether a particular statement is opinion or actionable language.

> To determine whether a statement constitutes protected opinion or actionable fact, courts consider the totality of the circumstances, including factors such as: (1) "the specific language used"; (2) "whether the statement is verifiable"; (3) "the general context of the statement"; and (4) "the broader context in which the statement appeared."

*Bentlowski v. Scene Magazine*, 637 F.3d 689, 693-694 (6th Cir. 2011) (quoting *Vail v. The Plain Dealer Publ'g Co.*, 649 N.E. 2d 182, 185 (Ohio 1995)).

However, in this case, Edelstein's Complaint asserts on its face that the alleged statement was one of opinion: "Upon information and belief, Defendant Ferguson, when asked his opinion about Edelstein, stated to the potential employer of Edelstein, 'Oh she's horrible.'" Compl., Doc. #1, ¶ 150, PAGEID #20. In addition to Edelstein's concession on this dispositive point, accepting her allegations as true and drawing all reasonable inferences in favor of Edelstein, it could not be plainer that the response "Oh she's horrible" is an unverifiable statement of opinion.

Edelstein's additional conclusory allegation that this statement was made in bad faith and with actual malice does not impact the protected nature of the alleged statement. As the Sixth Circuit held in *Bentlowski*, once the court determines the statement is an opinion protected under the Ohio Constitution, its inquiry is at an end. 637 F.3d at 696. The question of actual malice does not come into play. Accordingly, Count XII of Edelstein's Complaint must be dismissed.

**VI.     Judge Stephens' statements to his attorney are absolutely privileged; and neither true statements to court personnel regarding Edelstein's termination nor statements of opinion can support a defamation claim.**

Count XVI of Edelstein's Complaint includes several categories of allegedly defamatory statements purporting to support her defamation claim against Judge Stephens. Viewed in the light most favorable to Edelstein, these alleged statements fail to support a claim for defamation under Ohio law.

First, Edelstein complains that Judge Stephens made certain statements to his attorney Linda Woeber that Edelstein claims are defamatory. Compl., Doc. #1, ¶¶ 181-182, PAGEID #23. A defendant in a defamation action may avoid liability for defamatory publication if he can claim a privilege for making the communication. *Costanzo* v. *Gaul*, 403 N.E.2d 979, 981 (Ohio 1980). As explained by the Ohio Supreme Court:

> Privileged communications are divided into two general classes: those which are absolutely privileged, and those which are qualifiedly or conditionally privileged. The basic difference between the two as generally stated is that complete protection is afforded by absolute privilege, whereas a qualified or conditional privilege affords protection only in the absence of ill motive or malice in fact.

*Id.* at 981-82. The doctrine of absolute privilege extends to communications that occur at "every step in the [judicial] proceeding, from beginning to end." *M.J. DiCorp o, Inc. v. Sweeney*, 69 Ohio St. 3d 497, 505-506, 634 N.E.2d 203 (Ohio 1994); Restatement of Torts § 586 (1938). Comment (a) to Section 586 states a publication is "protected not only when made in the institution of the proceedings or in the conduct of litigation before a judicial tribunal, but in conferences and other communications preliminary thereto." Judge Stephens' privileged communications with his attorney in relation to legal proceedings are absolutely privileged. Further, to the extent any statements made

by the Judge were made prior to official proceedings beginning, the statements are protected by a qualified privilege. Qualified privilege is available whenever publication is "'fairly made by a person in the discharge of some public or private duty, whether legal or moral, or in the conduct of his own affairs, in matters where his interest is concerned.'" *Marcum v. Rice*, 1999 Ohio App. LEXIS 3365, at *6-8 (Ohio Ct. App. July 20, 1999) (citing WILLIAM L. PROSSER & ROBERT E. KEETON, THE LAW OF TORTS 825 § 115 (5 ed. 1984)). Clearly, communications with counsel are made in matters where the Judge's interest is concerned. And, because no facts are alleged to show those statements were made to counsel with actual malice, the privilege is not defeated.

Further, Edelstein asserts that Judge Stephens told various court personnel on August 1, 2016 to make arrangements for coverage because he was terminating Edelstein's employment. Compl., Doc. #1, ¶¶ 183-185, PAGEID #23. Edelstein has alleged that she was in fact terminated as of August 1, 2016, and therefore the statement that she had been terminated was true. Truth is a "complete defense to defamation." *Fuchs v. Scripps Howard Broad. Co.*, 868 N.E.2d 1024, 1037 (Ohio Ct. App. 2006). Finally, Judge Stephens' alleged statement to potential employers that Edelstein "was a poor employee" is a constitutionally protected opinion. *See supra* Section V.

Accordingly, Edelstein's defamation claim against Judge Stephens in Count XVI must be dismissed.

## VII. Plaintiff's effort to hold Butler County vicariously liable for the allegedly defamatory statements of Gmoser and Ferguson fails because the County is entitled to statutory immunity.

Under Ohio law, counties, including Butler County, are considered to be political subdivisions. R.C. § 2744.01. Chapter 2744 of the Ohio Revised Code grants immunity to political subdivisions. *Theobald v. Bd. of Cnty. Comm'rs of Hamilton Cnty, Ohio*, 332

F.3d 414, 416 (6th Cir. 2003). This general grant of immunity is subject to five very narrow exceptions, all of which apply to negligent conduct, not intentional torts. *See* R.C. § 2744.02(B). Both this Court and Ohio appellate courts have recognized there are no exceptions to political subdivision immunity for intentional torts. *Weldon v. Warren Cnty. Children Servs.*, 2012 WL 5511070, at *10 (S.D. Ohio 2012) (citing *Cooper v. Grace Baptist Church,* 612 N.E.2d 357 (Ohio Ct. App., 1992); *Holzbach v. Jackson Twp.*, 2000 WL 1035798 (Ohio App. 5 Dist.), *discretionary review denied*, 90 Ohio St.3d 1468, 738 N.E.2d 381 (2000)).

Defamation is an intentional tort under Ohio law. *Price v. Austintown Local Sch. Dist. Bd. of Educ.*, 897 N.E.2d 700, 702 (defamation is an "intentional tort[], and there is no exception in R.C. 2744.02(B) for [this] claim."). Therefore, Edelstein's claim against Butler County is without merit, and all defamation claims against the defendants in their official capacities must be dismissed as well. *Wilson v. Stark Cty. Dept. of Human Serv.*, 70 Ohio St.3d 450, 452 (Ohio 1994); *Lambert v. Clancy*, 927 N.E.2d 585, 590 (Ohio 2010) (when the "named defendant holds an elected office within a political subdivision...and that officeholder is sued in his official capacity...the three-tiered political-subdivision-immunity analysis set forth in R.C. 2744.02 applies.")

## VIII. The facts alleged by Plaintiff fail to rise to the level of outrageous conduct necessary to support a claim for intentional infliction of emotional distress under Ohio law.

Count XVII seeks recovery against Judge Stephens for intentional infliction of emotional distress. To establish a claim for intentional infliction of emotional distress under Ohio law, a plaintiff must allege facts showing that:

> (1) defendants either intended to cause emotional distress, or knew or should have known that their conduct would result in serious emotional distress to plaintiff; (2) defendants' conduct was so extreme and

> outrageous as to go beyond all possible bounds of decency and was such
> that it can be considered utterly intolerable in a civilized community; (3)
> defendants' conduct was the proximate cause of plaintiff's psychic injury;
> and (4) plaintiff suffered serious emotional distress, such that no
> reasonable person could be expected to endure it.

*Varney v. InfoCision, Inc.* at *15 (citing *Bragg v. Madison*, 20 F. App'x 278, 285-86 (6th Cir. 2001) (citing *Roe v. Franklin Cnty.*, 673 N.E.2d 172, 180 (Ohio Ct. App. 1996)).

Edelstein seeks to hold Judge Stephens liable for intentional infliction of emotional distress based on the conduct she alleges he engaged in at the time of her termination. Compl., Doc. #1, Count XVII, PAGEID ##24-26. The totality of Edelstein's factual allegations relevant to this claim, viewed in the light most favorable to Edelstein, would show that the only time Judge Stephens was "angry and/or nasty" with Edelstein was when she requested time off for the October 2016 Jewish holidays. *Id.* at ¶ 197, PAGEID #25. Specifically, Edelstein claims Judge Stephens had recently complimented her work performance, but when she approached him to seek eight days off for the Jewish holidays, he "shouted at her in an irritating tone, 'Holy cow! Eight days?! Can I say that or will you be offended?!'" *Id.* at ¶ 26, PAGEID #5. Following her explanation, Judge Stephens "waved his hand at her" and said to let the staff know when she would be out. *Id.* at ¶ 27, PAGEID #5.

On August 1, 2016, Judge Stephens told Edelstein he was terminating her employment and that she should clean out her office and leave by noon. *Id.* at ¶ 29, PAGEID #5. Edelstein "noticed that Defendant Stephen was angry and upset." *Id.* at ¶ 30, PAGEID #5. He further told her that she did not fit in and that he would not discuss the issue further, denying that his decision was related to her work performance. *Id.* at ¶¶ 31-34, PAGEID ##5-6. He then told her she was smart and would find another job and agreed to provide her a letter of recommendation. *Id.* at ¶ 36, PAGEID #6.

Judge Stephens would not allow Edelstein to stay for the additional three-month "notice period" she claims they had earlier agreed to and, despite his promise not to contest unemployment, Judge Stephens allegedly contested her application for benefits, stating she was terminated for "poor work performance." *Id.* at ¶¶ 37-41, PAGEID #6.

These facts, even if taken as true, fail to rise to the level of outrageous conduct required to support a claim of intentional infliction of emotional distress under Ohio law. Ohio courts define extreme and outrageous conduct very narrowly. *Wolfe v. Thermo Fisher Scientific, Inc.,* No. 2:08-cv-933, 2009 U.S. Dist. LEXIS 41702, 2009 WL 1255023, at *2 (S.D. Ohio May 4, 2009) (citing *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 376 (6th Cir. 1999) ("[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement.")):

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Yeager v. Local Union* 20, 6 Ohio St. 3d 369, 374-75, 6 Ohio B. 421, 453 N.E.2d 666 (Ohio 1983) (*quoting Restatement of the Law 2d, Torts* (1965) 71, § 46(1))

Examples of conduct that has been held <u>not</u> to meet this standard by Ohio state and federal courts include: an employer's sexually-charged remarks, false charge of sexual harassment, and false imprisonment of the plaintiff for four hours with no food or water while interrogating, intimidating, harassing and embarrassing her (*Wolfe*); employer's false disciplinary charges and defamatory conduct against plaintiff (*Hill v. Vill. of West Lafayette,* No. 95CA27, 1996 Ohio App. LEXIS 3721, 1996 WL 487943, at *4-6 (Ohio Ct. App., May 24, 1996)); co-workers' display of photographs of scantily clad

17

and naked women and the plaintiff's receipt of "pornographic, explicit photographs and sex toys in her locker" (*Baab v. AMR Servs., Corp.,* 811 F. Supp. 1246, 1269-70 (N.D. Ohio 1993)).

As the *Varney* Court recognized, while a plaintiff may allege conduct that appears inconsiderate or unkind, the bar set for finding liability based on the tort of intentional infliction of emotional distress is much higher. The facts alleged by Edelstein describe, at most, inconsiderate or unkind actions—not outrageous and intolerable conduct. Accordingly, her claim for intentional infliction against Judge Stephens both individually and in his official capacity must be dismissed.[3]

## IX.    There is no cause of action for "malice" under Ohio law.

Counts XVIII, XIX and XX of Edelstein's Complaint seek recovery for "malice" against Defendants Judge Stephens, Michael Gmoser, and Dan Ferguson. In support of these claims, Edelstein incorporates her previous factual allegations and states that each of these Defendants acted with ill-will, hatred, and/or in a spirit of revenge toward Edelstein and a "great probability of causing substantial harm" to Edelstein. Compl., Doc. #1, ¶¶ 211-30, PAGEID ##26-28. These are not factual allegations; they are simply a recitation of the elements required under certain causes of action to seek punitive damages or to get past certain affirmative defenses. While malice may be an element of some of those claims, it is not a separate cause of action. *Rafalski v. Dominion East Ohio Co.*, 2011-Ohio-2931 at *P24 (citing *Dickson & Campbell, LLC v. Marshall*, 2010-Ohio-2878 at * P10).

---

[3] All intentional tort claims against these Defendants in their official capacity must be dismissed for the same reasons outlined in Section VII.

Accordingly, Counts XVIII, XIX and XX of Edelstein's Complaint must be dismissed.

## X. Because Edelstein was employed as an unclassified at-will employee, she cannot state a claim for breach of contract, promissory estoppel, or loss of benefits.

Breach of contract and promissory estoppel claims do not apply to employment established by ordinance or statute. *Kuivila v. City of Conneaut*, No. 1:08 CV 2603, 2009 U.S. Dist. LEXIS 107390, at *8-9 (N.D. Ohio, Nov. 17, 2009); *see also, Estabrook v. City of Dayton,* 1997 U.S. Dist. LEXIS 23756 (S.D. Ohio, Mar. 24, 1997). As a magistrate and staff attorney for Judge Stephens, Edelstein served at the pleasure of the judge and was not a classified employee.

In Count IV of her Complaint, Edelstein implicitly acknowledges her at-will status but alleges Judge Stephens altered that status by entering into an oral agreement that he and Edelstein would each provide the other three months' notice before terminating the employment relationship. Viewing those allegations as true, Judge Stephens could not have made an employment contract, orally or in writing, with Edelstein, because "since at least 1948 the Ohio Supreme Court established the principle that a public employee holds his or her position neither by grant nor contract, nor has that employee any private right of property interest in his or her employment." *James v. Lucas Cnty. Juvenile Admin. Judge et al.,* 2005 U.S. Dist. LEXIS 35494 (N.D. Ohio, Dec. 23, 2005) (citing *State ex rel. Gordon v. Barthalow,* 150 Ohio St. 499, 83 N.E.2d 393 (Ohio 1948)) (holding that former employee had no cause of action against the judge or the court for promissory estoppel because a judge could not contract with an employee). *See also, Malone v. Court of Common Pleas*, 45 Ohio St.2d 245, 248 (Ohio

1976) (judge is not authorized to enter into employment agreement with court employees who serve at the pleasure of the court).

Even accepting Edelstein's allegations as true, she cannot state a claim for breach of contract, promissory estoppel, or loss of benefits against her former employer, Judge Stephens, as he was unable to entered into a valid contract with her or make an enforceable promise related to her employment her as a matter of law. Accordingly, Counts XIV, XV, and XXI must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### XI.  Claims under the Government Employee Rights Act of 1991 may not be brought in the District Court.

Count II of Edelstein's Complaint seeks recovery under the Government Employee Rights Act of 1991. However, claims under 42 U.S.C. §§2000e-16(a) may only be filed with the Equal Employment Opportunity Commission, which shall set forth its determination in a final order. *Id.* at 2000e-16(c). If the employee is dissatisfied with the determination, she may obtain a review from a federal court of appeals pursuant to Title 28 § 158. No provision is made for judicial review by the U.S. District Courts. Therefore, Count II of the Complaint is without merit and this Court lacks jurisdiction to review the claim.

**Conclusion**

In reviewing a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008). Analysis of Edelstein's factual allegations in Counts II, IV, VI, VII, VIII, X, XII, XIII, XIV, XV, XVI,

XVII, XVIII, XIX, XX, and XXI  in light of this standard shows that each fails to state a cause of action on which relief may be granted. Accordingly, Defendants respectfully move this Court for a dismissal of all claims addressed herein.

Respectfully submitted,

/s/ Linda L. Woeber
LINDA L. WOEBER (0039112)
LISA M. ZARING (0080659)
MONTGOMERY, RENNIE & JONSON
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202
Tel:     (513) 241-4722
Fax:    (513) 768-9239
Email: lwoeber@mrjlaw.com;
          lzaring@mrjlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served via email upon:

Kimberly Edelstein
9384 Cardinal Court
Cincinnati, Ohio 45242
kedelsteinesq@cinci.rr.com
***Pro se Plaintiff***

/s/ Linda L. Woeber
LINDA L. WOEBER (0039112)