IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY EDELSTEIN,　　　　　　　　)
9384 Cardinal Ct.　　　　　　　　　　　)
Cincinnati, Ohio 45242　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
JUDGE GREG STEPHENS,　　　　　　　)
Individually and in his Official Capacity,　)
c/o Linda Woeber, Attorney for Greg　　　)
　Stephens　　　　　　　　　　　　　　)
Montgomery, Rennie & Johnson　　　　　)
36 E. 7th Street, Suite 2100　　　　　　　)
Cincinnati, OH 45202-4452　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
BUTLER COUNTY, OHIO　　　　　　　　)
c/o County Commissioner's Office　　　　)
315 High St., 6th floor　　　　　　　　　)
Hamilton, Ohio 45011　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
MICHAEL GMOSER,　　　　　　　　　　)
Individually and in his Official Capacity,　)
Butler County Prosecutor's Office　　　　)
315 High Street, 11th Floor　　　　　　　)
Hamilton, Ohio 45011　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
DAN FERGUSON,　　　　　　　　　　　)
Individually and in his Official Capacity,　)
Butler County Prosecutor's Office　　　　)
315 High Street, 11th Floor　　　　　　　)
Hamilton, Ohio 45011　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
_____ /

Case No.　1:17-cv-305

Judge Michael R. Barrett
Magistrate Judge Karen L. Litkovitz

**AMENDED
COMPLAINT FOR DECLARATORY
ACTION AND INJUNCTIVE RELIEF
WITH JURY DEMAND**

Kimberly Edelstein (0074922)
9384 Cardinal Ct.
Cincinnati, Ohio 45242
Tel: (614) 975-2400
Email: kedelsteinesq@cinci.rr.com

Pro se

Plaintiff, Kimberly Edelstein, for her Complaint against Defendants, Judge Greg Stephens, Individually and in his Official Capacity, Butler County, Ohio, Michael Gmoser, Individually and in his Official Capacity, and Dan Ferguson, Individually and in his Official Capacity, state as follows:

## PARTIES

1.  Plaintiff, Kimberly Edelstein ("Plaintiff"), is an observant Jew and a resident of Hamilton County, Ohio.

2.  Defendant, Judge Greg Stephens ("Defendant Stephens"), is a resident of Butler County, Ohio and an elected official who serves the citizens of Butler County, Ohio as a Common Pleas Judge pursuant to the laws of the State of Ohio.

3.  Defendant, Butler County, Ohio ("Defendant Butler County"), is a county government organized under the laws of the State of Ohio.

4.  Defendant, Michael Gmoser ("Defendant Gmoser"), is an elected official who serves the citizens of Butler County as County Prosecutor pursuant to the laws of the State of Ohio.

5.  Defendant, Dan Ferguson ("Defendant Ferguson"), is an appointed official who serves the citizens of Butler County as Assistant Prosecutor pursuant to the laws of the State of Ohio.

## JURISDICTION

6.  This is a suit authorized and instituted pursuant to The Government Employees Rights Act of 1991, 42 U.S.C.§2000e-16 *et seq.*, providing for relief from discrimination in employment on the basis of religion for personal staff of elected officials; pursuant to 42

U.S.C.§1983, which protects individuals from deprivation of civil rights by government entities and persons acting under color of state law; pursuant to Ohio Rev. Code §§4112.02 and 4112.99, prohibiting discrimination in employment on the basis of religion; and pursuant to Ohio Rev. Code §§4112.02(I) and 4112.99, prohibiting retaliation for opposing an unlawful discriminatory practice related to employment, and the common law of Ohio.

7.      Jurisdiction is with this Court pursuant to 28 U.S.C.§§1331, 1343(3), 1343(4), and 1367(a), as Plaintiff alleges deprivation of rights and liberty under the U.S. Constitution and federal statutes.

8.      Venue is proper in the Southern District of Ohio, Western Division under 28 U.S.C.§1391(b) as Plaintiff is located in Hamilton County, Ohio and Defendants are located in Butler County, Ohio and all claims arose within Butler County, Ohio.

## FACTUAL ALLEGATIONS

9.      Plaintiff was employed as a Staff Attorney / Magistrate for eight and a half years by Defendant Butler County and served as a member of the personal staff of Judge Patricia S. Oney.

10.      As of the date of termination of employment, Plaintiff's salary was $66,836.00 annually.

11.      Defendant Butler County, by authority of Ohio Revised Code §325.19, sets legal holidays for its employees that are given as time off without deducting from the employees' vacation time. One of the holidays given to employees is the Christian holiday of Christmas.

12.     As employees of Butler County are designated the Christmas holiday off, employees cannot be terminated for taking Christmas off.

13.     During her employment, Plaintiff had observed the Jewish holidays that were work-restricted by using her vacation time and/or by working additional hours.

14.     Defendant Butler County, did not have a policy that accommodated holiday time off for employees of different religions or that had the effect of protecting employees from termination by designating a religious holiday as a "legal holiday."

15.     At all relevant times, Defendant Stephens was acting under color of law in his official capacity as Judge of Butler County Court of Common Pleas.

16.     Upon information and belief, Defendant Stephens had been a Christian minister, with a pulpit, prior to becoming a judge.

17.     At all relevant times, Defendant Gmoser was acting under color of law in his official capacity as Prosecutor of Butler County, Ohio.

18.     At all relevant times, Defendant Ferguson was acting under color of law in his official capacity as Assistant Prosecutor of Butler County, Ohio.

19.     In January 2016, Judge Oney retired.

20.     In February, 2016, Defendant Stephens interviewed and offered a position to Plaintiff as a member of his personal staff.

21.     When Defendant Stephens offered Plaintiff a position with his staff, he asked her to agree to providing three months notice to him in exchange for three months notice from him if either party wanted to end the employment relationship.

22.     Plaintiff agreed to the mutual exchange of promises to provide three months notice prior to the employment relationship ending.

4

23.     On March 14, 2016, Plaintiff began working for Defendant Stephens.

24.     From March 14, 2016 to July 27, 2016, Plaintiff was not criticized, reprimanded, corrected, disciplined, or given negative comments regarding her work performance by Defendant Stephens.

25.     On July 19, 2016, Defendant Stephens complimented Plaintiff's work performance.

26.     On July 28, 2016, Plaintiff approached Defendant Stephens to inform him that the Jewish High Holidays were in October and to ask permission to take the eight, non-consecutive days off in October to observe the Jewish Holidays.

27.     Defendant Stephens shouted at her in an irritating tone, "Holy Cow! Eight Days?! Can I say that or will you be offended?!"

28.     After Plaintiff explained to Defendant Stephens the circumstances why she needed the days off and what was customary procedure at the court, Defendant Stephens waved his hand at her and told her to let the other staff know what days Plaintiff would be out of the office in October.

29.     On July 28, 2016, Plaintiff emailed the staff to inform them of the days she was taking off in October 2016.

30.     On August 1, 2016, two business days later, Defendant Stephens informed Plaintiff that he was terminating her employment and told her to clean her office out and leave by noon.

31.     Plaintiff noticed that Defendant Stephens was angry and upset.

32.     When Plaintiff asked why she was being terminated, Defendant Stephens replied curtly, "You don't fit in."

5

33. When Plaintiff asked Defendant Stephens if he would tell her what she could do to fix whatever issue there was instead of being terminated, Defendant Stephens replied, "There is nothing to talk about," and left Plaintiff's office.

34. A short time later, Plaintiff went into Defendant Stephens' office and asked if she was being fired because of her work performance.

35. Defendant Stephens replied, "No, you're work is fine."

36. Defendant Stephens told her that she could file for unemployment and that he would not contest it.

37. When asked if he would reconsider as Plaintiff supported a family of five, Defendant Stephens replied, "No. You're smart. You'll find another job." Defendant Stephens then stated that he would provide her a letter of recommendation.

38. Plaintiff asked if she could stay for the three months notice period they agreed to so it would be easier for her to find other employment and to prevent her from being embarrassed in her profession by a sudden termination.

39. Defendant Stephens told Plaintiff she could not stay in her position for that time and walked out of his office.

40. Plaintiff packed her office, left, filed for unemployment and contacted an attorney to send a demand letter regarding her termination in retaliation for requesting time off to observe the Jewish High Holidays.

41. Upon information and belief, Defendant Stephens, in retaliation and to punish Plaintiff for sending a demand letter and addressing the possibility of litigation, contested Plaintiff's application for unemployment compensation.

42. Upon information and belief, Defendant Stephens made a false statement to a state agency that Plaintiff was terminated for "poor work performance."

43. Upon information and belief, in retaliation and to punish Plaintiff addressing the possibility of a discrimination lawsuit, Defendant Stephens provided false, negative, and/or derogatory comments about Plaintiff to professionals of the bar and to more than one prospective employer regarding Plaintiff's character and work performance, making it impossible for Plaintiff to acquire other employment in her career field for over eight months.

44. Upon information and belief, staff of Defendant Stephens, Defendant Gmoser and Defendant Ferguson, friends of Defendant Stephens, also provided false, negative, and/or derogatory comments about Plaintiff to professionals of the bar and prospective employers in retaliation against Plaintiff and to punish Plaintiff for addressing the possibility of a lawsuit for discrimination against Defendant Stephens and Defendant Butler County.

45. Upon information and belief, Defendant Stephens acted with ill will, hatred, and/or in a spirit of revenge towards Plaintiff and without regard for Plaintiff's rights.

46. Upon information and belief, Defendant Stephens acted with great probability of causing substantial harm to Plaintiff's reputation and career by making false statements about Plaintiff and/or Plaintiff's work performance.

47. Upon information and belief, Defendant Gmoser acted with ill will, hatred, and/or in a spirit of revenge towards Plaintiff and without regard for Plaintiff's rights.

48.    Upon information and belief, Defendant Gmoser acted with great probability of causing substantial harm to Plaintiff's reputation and career by making false statements about Plaintiff and/or Plaintiff's work performance.

49.    Upon information and belief, Defendant Ferguson acted with ill will, hatred, and/or in a spirit of revenge towards Plaintiff and without regard for Plaintiff's rights.

50.    Upon information and belief, Defendant Ferguson acted with great probability of causing substantial harm to Plaintiff's reputation and career by making false statements about Plaintiff and/or Plaintiff's work performance.

51.    On February 7, 2017, Plaintiff filed a verified charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC was unable to resolve the matter and on February 8, 2017, the EEOC issued a "Notice of Right to Sue Letter" to Plaintiff giving Plaintiff ninety (90) days from February 8, 2017 within which to file a lawsuit concerning this case. A copy of the Notice of Right to Sue is attached as Exhibit A.

52.    In March 2017, Plaintiff applied for a position with the Wood County Prosecutor's Office.

53.    In March 2017, Defendant Gmoser made derogatory, false, and/or negative comments to the Wood County Prosecutor about Plaintiff's job performance.

54.    In March 2017, Defendant Ferguson made derogatory, false, and/or negative comments to the Wood County Prosecutor about Plaintiff's character and job performance.

55.    Upon information and belief, the comments made by Defendant Gmoser and Defendant Ferguson to Wood County Prosecutor were made with malice, ill will, and//or in a spirit of revenge.

8

56.  In March 2017, Plaintiff was offered a position at the Wood County Prosecutor's Office.

57.  On May 5, 2017, Plaintiff filed this action.

58.  On or about May 9, 2017, Defendant Gmoser contacted Plaintiff's employer regarding the lawsuit.

59.  Upon information and belief, Defendant Gmoser angrily complained of the lawsuit to the Wood County Prosecutor.

60.  Upon information and belief, Plaintiff's employer was angry with her for suing his friend, Defendant Gmoser, and attempted to persuade Plaintiff to dismiss the Complaint as to Defendant Gmoser and Defendant Ferguson, but Plaintiff refused.

61.  Shortly thereafter, Plaintiff was terminated from her employment without cause.

62.  Upon information and belief, Defendant Gmoser's actions in contacting Plaintiff's employer were done with malice, ill will, or in a spirit of revenge and with great probability of causing harm to Plaintiff and   the termination of her employment.


## COUNT I
## INJUNCTIVE RELIEF

63.  Plaintiff realleges the prior paragraphs, as if fully set forth below.

64.  Upon information and belief, Defendant Stephens, Defendant Gmoser, and Defendant Ferguson engaged in defamatory acts, negatively commenting about Plaintiff to potential employers of Plaintiff, which caused injury to Plaintiff and her career.

65.  Plaintiff has reasonable grounds to believe that unlawful discrimination has occurred and further believes that irreparable injury will be caused to her if relief is not immediately

granted in the form of a court order prohibiting the Defendants from continuing to disparage Plaintiff's professional reputation.

66.    Plaintiff has reasonable grounds to believe that an injunction would not unduly harm Defendants, yet would serve a public interest by preventing further abuse of power by public officials against persons who challenge discriminatory actions.

67.    Injunctive relief is appropriate under 42 U.S.C. §2000e-16, 42 U.S.C. §1983, and Ohio Rev. Code §4112.02 *et seq.*

## COUNT II
## VIOLATION 42 U.S.C. §2000E-16
## THE GOVERNMENT EMPLOYEE RIGHTS ACT OF 1991

68.    Plaintiff realleges the prior paragraphs, as if fully set forth below.

69.    Plaintiff was chosen by Defendant Stephens, an elected official, to be a member of his personal staff, and is subject to protection from discrimination in employment based on religion under 42 U.S.C. §2000e-16(c).

70.    Upon information and belief, Defendant Stephens' discriminated against Plaintiff by terminating her employment after she asked for time off from work to observe the Jewish High Holidays.

71.    Upon information and belief, Defendant Stephens' claim that Plaintiff was terminated for "poor work performance" was a pretext to a discriminatory termination and is not credible in light of an exceptional employment record for nine years prior to Plaintiff being terminated.

72.    Upon information and belief, Defendant Stephens' actions violated Plaintiff's rights, privileges, and immunities provided by the U.S. Constitution, more specifically the right

to be free from discrimination based on religion as provided under 42 U.S.C. §§2000e-16(a) and 2000e-16(c).

73. Plaintiff suffered damages including loss of income and benefits, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

74. Upon information and belief, jurisdiction in this Court is appropriate as the filing of an EEOC claim is not mandatory pursuant to the language of 42 U.S.C. §2000e-16(c).

75. As a direct and proximate cause of Defendant Stephens' deprivation of Plaintiff's constitutionally protected right, Plaintiff has been damaged.

### COUNT III
### VIOLATION OF 42 U.S.C. §1983
### FIRST AMENDMENT - FREE EXERCISE OF RELIGION
### (Defendant Stephens)

76. Plaintiff realleges the prior paragraphs, as if fully set forth below.

77. Plaintiff's observation of the tenets of Judaism is an activity protected under the free exercise clause of The First Amendment of the U.S. Constitution.

78. When Plaintiff requested time off of work to observe the Jewish High Holidays, she was attempting to exercise her right to practice her deeply held religious beliefs.

79. Upon information and belief, Plaintiff's exercise of a protected right was a substantial and motivating factor in Defendant Stephens' actions of terminating Plaintiff's employment.

80. Defendant Stephens' was acting under color of law in his official capacity when he deprived Plaintiff of her constitutional right to the free exercise and practice of her Jewish religion.

81.    Upon information and belief, Defendant Stephens' termination of Plaintiff was in retaliation for Plaintiff attempting to exercise her right to practice her religion.

82.    Upon information and belief, Defendant Stephens was angry and upset with Plaintiff when he terminated her employment and was acting with malice, hatred, revenge, a spirit of ill will, and/or with reckless or callous indifference to the federally protected rights of Plaintiff.

83.    Upon information and belief, Defendant Stephens' actions deprived Plaintiff of her rights, privileges, and immunities provided by the U.S. Constitution, more specifically the right to the free exercise of religion as secured to her by the First Amendment to the U.S. Constitution and enforced through 42 U.S.C. §1983.

84.    Plaintiff suffered damages including loss of income and benefits, loss of reputation, loss of career, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

85.    As a direct and proximate cause of Defendant Stephens' deprivation of Plaintiff's constitutionally protected right, Plaintiff has been damaged.

**COUNT IV**
**VIOLATION OF 42 U.S.C. §1983**
**FOURTEENTH AMENDMENT - EQUAL PROTECTION**
**(Defendant Butler County)**

86.    Plaintiff realleges the prior paragraphs, as if fully set forth below.

87.    Defendant Butler County's custom and/or policy, pursuant to Ohio Revised Code §325.19, of designating Christmas as a "legal holiday" protects Christians from termination for observing the religious holiday.

12

88.     Defendant Butler County's custom and/or policy of designating Christmas as a "legal holiday" allows Christians to observe their religious holiday without utilizing vacation time.

89.     Defendant Butler County's custom and/or policy of designating Christmas as a "legal holiday" allows Christians to exercise their First Amendment right to the free exercise of their religion without retribution, threat of job loss, or fear of reprisals.

90.     Upon information and belief, Defendant Butler County's vacation/holiday policy fails to provide a reasonable accommodation to its employees who practice a religion other than Christianity.

91.     Upon information and belief, this facially neutral custom and/or policy is applied in a discriminatory manner as members of other religions must utilize vacation time to observe their religion and are vulnerable to termination for requesting a holiday off in observance of their religion.

92.     Upon information and belief, Defendant Butler County failed to create a vacation/holiday policy for its employees who practice a religion other than Christianity.

93.     Upon information and belief, Defendant Butler County failed to implement a policy or provision that would prevent its employees who practice a religion other than Christianity to be equally protected under their vacation / holiday policy.

94.     Upon information and belief, the action of Defendant Butler County in protecting Christians' free exercise of religion, to wit: the observance of Christmas and the ability to attend services on that day, while not protecting the free exercise of religion for other employees is arbitrary and does not protect or promote a compelling government interest.

13

95.    In applying this custom and/or policy, Defendant Butler County acted under color of statute, regulation, custom and/or usage of the State of Ohio within the meaning of 42 U.S.C. §1983.

96.    Defendant Butler County's vacation/holiday policy placed a substantial pressure on Plaintiff to violate her religious beliefs or risk losing her job.

97.    As an observant Jew, Plaintiff was required, as part of her deeply held religious beliefs, to abstain from work, attend synagogue services, and perform a variety of religious rituals for the work-restricted holidays, to wit: The High Holidays (Rosh HaShana, Yom Kippur, Simchat Torah, and Shimini Atzerat), Passover, and Shavout.

98.    Defendant Butler County's vacation/holiday policy violated Plaintiff's right to the free exercise of her religion as secured by the First Amendment to the U.S. Constitution.

99.    Defendant Butler County's custom and/or policy caused Plaintiff to be subjected to a denial of equal protection of the laws as secured to her by the Fourteenth Amendment to the U.S. Constitution and enforced through 42 U.S.C. §1983.

100.   The deprivation by Defendant Butler County of Plaintiff's right to equal protection under the law allowed its official, Defendant Stephens, to terminate Plaintiff for requesting time off for the Jewish High Holidays.

101.   Plaintiff suffered damages including loss of income and benefits, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

102.   As a direct and proximate cause of the custom and/or policy of Defendant Butler County, Plaintiff has been damaged.

## COUNT V
## VIOLATION OF 42 U.S.C. §1983
## FOURTEENTH AMENDMENT - EQUAL PROTECTION
### (Defendant Stephens)

103. Plaintiff realleges the prior paragraphs, as if fully set forth below.

104. As a citizen and a member of a religious minority, Plaintiff was entitled under the U.S. Constitution to equal protection against discriminatory action.

105. Upon information and belief, Defendant Stephens failed to provide a reasonable accommodation to Plaintiff so Plaintiff could observe her deeply held religious beliefs.

106. Upon information and belief, Defendant Stephens' attitude regarding taking time off placed a substantial pressure on Plaintiff to violate her religious beliefs or risk losing her job.

107. Defendant Stephens' actions deprived Plaintiff of her right to equal protection of the laws as secured to her by the Fourteenth Amendment to the U.S. Constitution and enforced through 42 U.S.C. §1983.

108. Plaintiff suffered damages including loss of income and benefits, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

109. As a direct and proximate cause of the conduct of Defendant Stephens, Plaintiff has been damaged.

## COUNT VI
## VIOLATION OF 42 U.S.C. §1983
## FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS
### (Defendant Stephens)

110. Plaintiff realleges the prior paragraphs, as if fully set forth below.

111. Defendant Stephens terminated Plaintiff's employment suddenly and without notice.

15

112. Terminating Plaintiff, who was a public figure, in this manner created the impression that Plaintiff had committed a serious violation of procedure, law or ethics and devastated Plaintiff's reputation in the legal community.

113. Upon information and belief, Defendant Stephens' actions were an arbitrary abuse of power by a government official.

114. Defendant Stephens deprived Plaintiff of the fundamental rights of property and liberty without due process.

115. Upon information and belief, Defendant Stephens published and/or made knowingly false statements to third parties that Plaintiff was a poor worker, to wit: Plaintiff procrastinated, Plaintiff destroyed work product, Plaintiff was dishonest, Plaintiff was abusive to co-workers, and Plaintiff acted unprofessionally at the workplace.

116. Upon information and belief, Defendant Stephens made these false and derogatory comments about Plaintiff to members of the legal community.

117. These comments affected Plaintiff's professional connections and Plaintiff's reputation, which resulted in Plaintiff being unable to secure employment and effectively prevented Plaintiff from continuing in her career.

118. These statements were regarding Plaintiff's reputation and related to Plaintiff's professionalism and constituted defamation per se.

119. As a result of the continued actions by Defendant Stephens, which lasted over six (8) months, Plaintiff was further deprived of property and liberty as she could not successfully pursue her chosen career, pay back her student loan, or support her family.

120. Upon information and belief, Defendant Stephens, as a sitting judge, used the status of his position, and his official power to discriminate against Plaintiff and to damage Plaintiff's reputation in the legal community, which affected her career.

121. Upon information and belief, Defendant Stephens' actions were done with malice, ill will, and/or a spirit of revenge.

122. Upon information and belief, Defendant Stephens' actions have violated Plaintiff's right to substantive due process as secured to her by the Fourteenth Amendment to the U.S. Constitution and enforced through 42 U.S.C. §1983.

123. Plaintiff suffered damages including loss of income and benefits, loss of career, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

124. As a direct and proximate cause of the conduct of Defendant Stephens, Plaintiff has been damaged.

### COUNT VII
### VIOLATION OF 42 U.S.C. §1983
### FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS
#### (Defendant Gmoser)

125. Plaintiff realleges the prior paragraphs, as if fully set forth below.

126. At all times while Plaintiff was employed at Butler County, Defendant Gmoser was not a supervisor of Plaintiff, Defendant Gmoser was not a person Plaintiff worked for, and Defendant Gmoser never controlled or directed Plaintiff's work.

127. During the nine years Plaintiff worked at Butler County for Judge Oney, she met Defendant Gmoser once when he was still a practicing attorney and he appeared in chambers to speak with Judge Oney.

128. Upon information and belief, Defendant Gmoser had no personal knowledge of Plaintiff's job duties, work relationship with staff at the Court of Common Pleas, procedures implemented by Judge Oney in chambers, character and personality of Plaintiff, Plaintiff's professional credentials, or work habits of Plaintiff.

129. Upon information and belief, Defendant Gmoser published and/or made statements to third parties that Plaintiff was a poor worker.

130. Upon information and belief, Defendant Gmoser made derogatory comments about Plaintiff to one or more members of the legal community, to wit: that Plaintiff failed to submit and/or finish her work, Plaintiff procrastinated and that Plaintiff failed to perform her duties as Staff Attorney and Magistrate, to the detriment of other county offices.

131. On or about May 9, 2017, Defendant Gmoser contacted Plaintiff's employer, Wood County Prosecutor's Office, and complained about the lawsuit Plaintiff instituted on May 5, 2017 against Defendant Gmoser.

132. Upon information and belief, Defendant Gmoser attempted to influence, recommend, or otherwise affect this employer to support him in the lawsuit and/or terminate Plaintiff's employment.

133. Plaintiff's employer was angry with her for suing his friend, Defendant Gmoser, and attempted to persuade Plaintiff to dismiss the lawsuit against Defendant Gmoser, but Plaintiff refused.

134. Shortly thereafter, Plaintiff's employment was terminated.

18

135.    Upon information and belief, Defendant Gmoser made these statements during working hours, while he was acting in his capacity as Prosecutor for Butler County.

136.    Upon information and belief, the statements made regarding Plaintiff, while Defendant Gmoser was acting in his official capacity, implied that the statements were truthful and based upon factual information available to Defendant Gmoser.

137.    Upon information and belief, these statements were knowingly false, malicious, made with ill will and/or in the spirit of revenge or these statements were made negligently, with reckless disregard for the truth, and made without personal knowledge.

138.    Upon information and belief, these statements and Defendant Gmoser's behavior resulted in Plaintiff's reputation being harmed and negatively impacted her career, to wit: the loss of trust bestowed upon her by her recent employer, further damage to her reputation, and the loss of employment with Wood County Prosecutor's Office.

139.    Upon information and belief, Defendant Gmoser's actions were an arbitrary and/or unreasonable abuse of power by a government official.

140.    Upon information and belief, Defendant Gmoser's actions have violated Plaintiff's right to substantive due process as secured to her by the Fourteenth Amendment to the U.S. Constitution and enforced through 42 U.S.C. §1983.

141.    Plaintiff suffered damages including loss of income and benefits, loss of career, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

142.    As a direct and proximate cause of the conduct of Defendant Gmoser, Plaintiff has been damaged.

## COUNT VIII
## VIOLATION OF 42 U.S.C. §1983
## FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS
### (Defendant Ferguson)

143.  Plaintiff realleges the prior paragraphs, as if fully set forth below.

144.  Upon information and belief, Defendant Ferguson worked in the civil division of the Butler County Prosecutor's Office, managing the tax foreclosure cases, for the Butler County Prosecutor's Office.

145.  Upon information and belief, Defendant Ferguson was friends with Defendant Stephens and would visit Defendant Stephens in chambers since March 14, 2016.

146.  At all times while Plaintiff was employed at Butler County, Defendant Ferguson was not a supervisor of Plaintiff, Defendant Ferguson was not a person Plaintiff worked for, and Defendant Ferguson never controlled or directed Plaintiff's work.

147.  During the first seven years Plaintiff worked at Butler County, Plaintiff interacted approximately five times with Defendant Ferguson, but was in contact regularly regarding the foreclosure cases with  Defendant Ferguson's staff, Cathy Harris.

148.  During the last two years Plaintiff worked at Butler County, Plaintiff interacted approximately eight times with Defendant Ferguson, but was in contact regularly regarding the foreclosure cases with Defendant Ferguson's staff, Cathy Harris.

149.  Upon information and belief, Defendant Ferguson had no personal knowledge of Plaintiff's job duties, work relationship with staff at the Court of Common Pleas, procedures implemented by Judge Oney in chambers, character and personality of Plaintiff, Plaintiff's professional credentials, or work habits of Plaintiff.

150.  Upon information and belief, Plaintiff had positive professional interactions with Defendant Ferguson and his staff.

151. Upon information and belief, during the nine years Plaintiff worked at Butler County, Defendant Ferguson never complained about Plaintiff or her management of the foreclosure docket to Judge Oney or to anyone at the Butler County Court of Common Pleas.

152. Upon information and belief, Defendant Ferguson published and/or made statements to third parties that Plaintiff was a poor worker, a horrible person, that she procrastinated, and/or Plaintiff failed to perform her duties as Staff Attorney and Magistrate, to the detriment of other county offices

153. Upon information and belief, Defendant Ferguson made derogatory comments about Plaintiff to one or more members of the legal community.

154. Upon information and belief, Defendant Ferguson made these statements during working hours, while he was acting in his capacity as Assistant Prosecutor for Butler County.

155. Upon information and belief, the statements made regarding Plaintiff, while Defendant Ferguson was acting in his official capacity, implied that the statements were truthful and based upon factual information available to Defendant Ferguson.

156. Upon information and belief, these statements were knowingly false, malicious, made with ill will and/or in the spirit of revenge or these statements were made negligently, with reckless disregard for the truth, and made without personal knowledge..

157. Upon information and belief, these statements resulted in Plaintiff's reputation being harmed and negatively impacted Plaintiff's career.

158. Upon information and belief, Defendant Ferguson's actions were an arbitrary and/or unreasonable abuse of power by a government official.

159.   Upon information and belief, Defendant Ferguson's actions have violated Plaintiff's right to substantive due process as secured to her by the Fourteenth Amendment to the U.S. Constitution and enforced through 42 U.S.C. §1983.

160.   Plaintiff suffered damages including loss of income and benefits, loss of career, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

161.   As a direct and proximate cause of the conduct of Defendant Ferguson, Plaintiff has been damaged.

## COUNT IX
## UNLAWFUL TERMINATION BASED ON RELIGIOUS DISCRIMINATION
### (Ohio Revised Code §§4112.02 et seq. and 4112.99)

162.   Plaintiff realleges the prior paragraphs, as if fully set forth below.

163.   Plaintiff had never received a complaint about her work performance from Defendant Stephens, who supervised her for four and a half months.

164.   During the nine years of employment with the Court, Plaintiff had always taken the work-restricted Jewish holidays off, to wit: The High Holidays (Rosh HaShana, Yom Kippur, Simchat Torah, and Shimini Atzerat), Passover and Shavout.

165.   Upon information and belief, Defendant Stephens' termination of Plaintiff was discriminatory and in retaliation for Plaintiff's request to observe the Jewish High Holidays.

22

166.　Upon information and belief, there was no legitimate business reason for the termination and any claim of poor work performance was a pretext to the discriminatory/retaliatory termination.

167.　Upon information and belief, after termination of employment, Defendant Stephens retaliated against Plaintiff for asserting her legal right to seek a redress of grievances for the discriminatory/retaliatory termination by Defendant Stephens by providing false and negative or derogatory statements regarding Plaintiff and her work performance to members of the legal community and potential employers.

168.　Upon information and belief, these negative comments were intended to punish Plaintiff and were made with malice, ill will and/or in a spirit of revenge.

169.　Upon information and belief, the retaliatory statements made post-termination were prohibited and actionable pursuant to Ohio Revised Code §§4112.02(I) and 4112.99.

170.　Upon information and belief, Defendant Stephens encouraged, incited, compelled, or coerced Defendants Gmoser and Ferguson to act on his behalf in retaliation against Plaintiff in violation of Oh. Rev. Code §4112.02(J).

171.　Plaintiff suffered damages including loss of income and benefits, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

172.　As a direct and proximate cause of the discrimination, Plaintiff is entitled to actual damages an amount exceeding $25,000.00.

## COUNT X
## UNLAWFUL TERMINATION CONTRARY TO PUBLIC POLICY
### (Retaliation)

173.   Plaintiff realleges the prior paragraphs, as if fully set forth below.

174.   Upon information and belief, Defendant Stephens' post-termination retaliation towards Plaintiff for Plaintiff pursuing litigation related to her unlawful termination is contrary to public policy.

175.   Upon information and belief, Defendant Stephens' conduct after the termination was retaliatory and done to sabotage Plaintiff's employment efforts.

176.   Upon information and belief, Defendant Stephens' behavior was done with malice, ill will or in a spirit of revenge.

177.   Upon information and belief, for Defendant Stephens, a public official, to use his position, power, and influence to deliberately harm Plaintiff's employment efforts and destroy Plaintiff's career is contrary to public policy and violates Plaintiff's rights and liberties under the Ohio Constitution and U.S. Constitution to pursue a career and be free from the abuse of power by the government and its agents.

178.   Plaintiff is entitled to compensation for Defendant Stephens' violation of public policy.

179.   Upon information and belief, Defendant Gmoser's and Defendant Ferguson's post-termination retaliation towards Plaintiff for Plaintiff pursuing litigation related to her unlawful termination is contrary to public policy.

180.   Upon information and belief, Defendant Gmoser's and Defendant Ferguson's conduct after Plaintiff's termination was retaliatory and done to sabotage Plaintiff's employment efforts.

181.   Upon information and belief, Defendant Gmoser's and Defendant Ferguson's behavior was done with malice, ill will or in a spirit of revenge.

24

182. Upon information and belief, for Defendant Gmoser and Defendant Ferguson, public officials, to use their position, power, and influence to deliberately harm Plaintiff's employment efforts and destroy Plaintiff's career is contrary to public policy and violates Plaintiff's rights and liberties under the Ohio Constitution and U.S. Constitution to pursue a career and be free from the abuse of power by the government and its agents.

183. Plaintiff is entitled to compensation for Defendant Gmoser and Defendant Ferguson's violation of public policy.

184. Plaintiff suffered damages including loss of income and benefits, loss of career, loss of reputation, pain and suffering, mental and emotional distress, loss of benefits, and loss of self-esteem.

185. As a direct and proximate cause of the actions of Defendant Stephens, Defendant Gmoser, and Defendant Ferguson, Plaintiff has been damaged.

## COUNT XI
## DEFAMATION BY MICHAEL GMOSER
### (Slander)

186. Plaintiff realleges the prior paragraphs, as if fully set forth below.

187. Plaintiff had an outstanding reputation in Butler County, Ohio as an excellent employee.

188. Upon information and belief, Defendant Stephens was an Assistant Prosecutor, employed by Defendant Gmoser at the Butler County Prosecutor's Office, prior to taking the bench with the Butler County Common Pleas Court.

189. Upon information and belief, Defendant Stephens and Defendant Gmoser were friends and Defendant Gmoser mentored Defendant Stephens for many years.

25

190. Upon information and belief, on or after February 20, 2017, Defendant Gmoser, an elected official of Defendant, Butler County, Ohio, presenting himself as acting within the scope of his employment, made and published, during working hours, false statements to a potential employer of Plaintiff concerning Plaintiff's employment record, character, and work performance.

191. Upon information and belief, Defendant Gmoser stated to the potential employer of Plaintiff that Plaintiff's work was "disjointed," that the problem he had with Plaintiff was "getting stuff back from her on foreclosures," and he "had a problem getting things."

192. Upon information and belief, Defendant Gmoser's statements implied that Plaintiff was a poor worker, procrastinated, and/or her poor work affected other Butler County offices.

193. Plaintiff never worked for or with Defendant Gmoser.

194. Upon information and belief, Defendant Gmoser did not know Plaintiff or Plaintiff's work performance and misrepresented having knowledge of Plaintiff's work habits, character, or work ethic.

195. Upon information and belief, Defendant Gmoser presented these statements in his official capacity and as if they were true and were based on facts of which he had personal knowledge.

196. These statements were regarding Plaintiff's reputation and related to Plaintiff's professionalism and constituted defamation per se.

197. Upon information and belief, these false statements were made in bad faith and for no legitimate business purpose; they were known to be false and/or were made with reckless disregard for the truth; and there was actual malice on the part of Defendant Gmoser in the making of these false statements.

26

198.    Upon information and belief, Defendant Gmoser acted with ill will, hatred, and/or in a spirit of revenge towards Plaintiff when he provided false statements to members of the legal community and/or Plaintiff's potential employers.

199.    Upon information and belief, Defendant Gmoser acted with a great probability of causing substantial harm to Plaintiff's reputation and career by making negative and/or false statements about Plaintiff and/or Plaintiff's work performance.

200.    Upon information and belief, Defendant Gmoser made these statements in support of his friend, Defendant Stephens, in retaliation of Plaintiff litigating against Defendant Stephens and Defendant Butler County, Ohio, and knowing that such statements would damage Plaintiff's reputation and/or prevent her from securing employment.

201.    As a result of this slander, Plaintiff has suffered harm to her personal and professional reputation, humiliation, extreme emotional distress, and mental suffering.

202.    Upon information and belief, Defendant Gmoser is liable to Plaintiff for this defamation individually, and in his capacity as a public official of Butler County, Ohio.

203.    As a direct and proximate cause of the actions of Defendant Gmoser, Plaintiff has been damaged.

## COUNT XII
## DEFAMATION BY DAN FERGUSON
### (Slander)

204.    Plaintiff realleges the prior paragraphs, as if fully set forth below.

205. Upon information and belief, Defendant Stephens was an Assistant Prosecutor and colleague of Defendant Ferguson at the Butler County Prosecutor's Office, prior to taking the bench with the Butler County Common Pleas Court.

206. Upon information and belief, Defendant Stephens and Defendant Ferguson were friends and colleagues for many years.

207. Upon information and belief, on or after February 20, 2017, Defendant Ferguson, a public official of Defendant Butler County, Ohio, individually and presenting himself as acting within the scope of his employment, made and published, during working hours, false statements to a potential employer of Plaintiff concerning Plaintiff's employment record, character, and work performance.

208. Upon information and belief, Defendant Ferguson stated to the potential employer of Plaintiff, "Oh she's horrible."

209. Upon information and belief, Defendant Ferguson clarified the statement with additional statements which implied that Plaintiff was a poor worker, that Plaintiff did not have a pleasant personality, that Plaintiff procrastinated or otherwise did not fulfill her job duties to the detriment of other Butler County offices.

210. Plaintiff always had a positive working relationship with Defendant Ferguson and there was no legitimate reason for Defendant Ferguson to provide a reference for Plaintiff or comment regarding Plaintiff's work performance, work ethic, and/or personality.

211. Upon information and belief, Defendant Ferguson was not in a position to provide a reference for Plaintiff as he was not her supervisor and did not know Plaintiff or Plaintiff's work performance.

212. Upon information and belief, Defendant Ferguson presented these statements as if they were true and were based on facts of which he had personal knowledge.

213. These statements were regarding Plaintiff's reputation and related to Plaintiff's professionalism and constituted defamation per se.

214. Upon information and belief, these false statements were made in bad faith and for no legitimate business purpose; they were known to be false and were made with reckless disregard for the truth; and there was actual malice on the part of Defendant Ferguson in the making of these false accusations.

215. Upon information and belief, Defendant Ferguson acted with ill will, hatred, and/or in a spirit of revenge towards Plaintiff when he provided false statements to members of the legal community and/or Plaintiff's potential employers.

216. Upon information and belief, Defendant Ferguson acted with a great probability of causing substantial harm to Plaintiff's reputation and career by making negative and/or false statements about Plaintiff and/or Plaintiff's work performance.

217. Upon information and belief, Defendant Ferguson made these statements in support of his friend, Defendant Stephens, in retaliation of Plaintiff litigating against Defendant Stephens and Defendant Butler County, Ohio, and knowing that such statements would damage Plaintiff's reputation and/or prevent her from securing employment.

218. Upon information and belief, Defendant Ferguson is liable to Plaintiff for this defamation individually, and in his capacity as a public official of Butler County, Ohio.

219. As a result of this slander, Plaintiff has suffered harm to her personal and professional reputation, humiliation, extreme emotional distress, and mental suffering.

220. As a direct and proximate cause of the actions of Defendant Ferguson, Plaintiff has been damaged.

## COUNT XIII
## DEFAMATION BY BUTLER COUNTY, OHIO
### (Vicarious Liability)

221. Plaintiff realleges the prior paragraphs, as if fully set forth below.

222. Defendants Gmoser and Ferguson were acting in their official capacity as representatives of Defendant, Butler County, Ohio and this gave the appearance that Defendant, Butler County, Ohio, condoned the false statements about Plaintiff by its public officials.

223. Defendant Butler County is vicariously liable for the negligent actions taken by its employees acting in their official capacity.

224. As a result of these acts, Plaintiff has suffered harm to her personal and professional reputation, humiliation, extreme emotional distress, and mental suffering.

225. As a direct and proximate result of these official acts, Plaintiff has been damaged.

## COUNT XIV
## BREACH OF CONTRACT
### (Defendant Stephens)

226. Plaintiff realleges the prior paragraphs, as if fully set forth below.

227. In February 2016, Defendant Stephens made an offer of employment to Plaintiff.

228. In February 2016, Plaintiff and Stephens entered into an oral agreement to provide each other three (3) months notice in the event that either party wanted the employment relationship to end.

30

229.   The three month notice period was at the insistence of Defendant Stephens who stated that this was a condition of employment and fair to both parties.

230.   As both parties were members of the legal profession, this agreement was based on an implied covenant of good faith and fair dealing.

231.   Upon information and belief, Plaintiff's reliance on Defendant Stephens' promise was reasonable as the judges at Butler County were customarily permitted considerable autonomy in setting the terms of employment with their personal staff.

232.   Defendant Stephens represented to Plaintiff that he had the authority to make this oral agreement of three months notice in exchange for Plaintiff's oral promise of three months notice.

233.   Plaintiff had no reason to doubt Defendant Stephens' authority to set a three month notice period as a condition to Plaintiff's employment.

234.   Plaintiff relied on this oral agreement to her detriment and ceased her employment search and the completion of her application for reciprocity to practice law in another state.

235.   Upon information and belief, this oral agreement altered the at-will employment relationship between the parties.

236.   On March 14, 2016, the employment relationship between Plaintiff and Defendant Stephens began.

237.   As a benefit to employment with the Court, Plaintiff had medical and dental insurance coverage for herself and her family.

238.   As a benefit to employment with the Court, Plaintiff had employer-contributed PERS payments.

239.  These benefits had been given to Plaintiff throughout her employment with the Court since 2007.

240.  Plaintiff had a reasonable expectation that these benefits would be extended to her during the three month notice period.

241.  On August 1, 2016, Defendant Stephens terminated Plaintiff's employment without notice.

242.  Upon information and belief, Defendant Stephens breached the oral agreement to provide a three months notice of termination.

243.  As a result of Defendant Stephens' breach of contract in denying three months notice of termination of employment, Plaintiff suffered economic loss, was denied three months of salary, employer-contributed medical and dental insurance coverage for herself and her family, and was denied the employer-contributed PERS payments.

244.  As a direct and proximate cause of the breach of the oral agreement, Plaintiff was damaged with a loss of income in the amount of Sixteen Thousand Seven Hundred and Nine Dollars ($16,709.00) and a loss of benefits in an amount exceeding Five Thousand ($5,000.00).

## COUNT XV
## DEFAMATION BY DEFENDANT STEPHENS
### (Slander)

245.  Plaintiff realleges the prior paragraphs, as if fully set forth below.

246.  Upon information and belief, between August 1, 2016 and September 20, 2016, Stephens made statements to attorneys and his fellow Judges, to wit: Plaintiff was a poor

employee, Plaintiff destroyed work product, Plaintiff procrastinated, Plaintiff failed to perform assigned tasks, Plaintiff abused co-workers and/or caused disturbances at work.

247. Upon information and belief, between August 1, 2016 to September 20, 2016, Stephens made statements to his attorney, Linda Woeber, that Plaintiff had a temper and caused disturbances at work, that Plaintiff procrastinated, missed deadlines, and was a poor employee.

248. On August 1, 2016, Stephens informed Plaintiff's colleague, Magistrate Matt Reed, that he needed coverage for Plaintiff's docket because he was terminating her employment.

249. On August 1, 2016, Stephens told staff in the Court Administration Office that he needed coverage for Plaintiff's docket because he was terminating Plaintiff's employment.

250. Upon information and belief, Defendant Stephens' statements, made in his official capacity, to court staff regarding Plaintiff's sudden termination, falsely implied that Plaintiff was guilty of serious misconduct.

251. Upon information and belief, Defendant Stephens' statements to court staff, attorneys, and judges were false.

252. The implication that Plaintiff was guilty of serious misconduct was false.

253. These statements were regarding Plaintiff's reputation, job performance, and professionalism, which constituted defamation per se.

254. Upon information and belief, between August 1, 2016 and April 1, 2017, Defendant Stephens made knowingly false statements that Plaintiff was a poor employee to several potential employers of Plaintiff.

255.   Upon information and belief, Defendant Stephens' false statements about Plaintiff's work performance and behavior on the job caused Plaintiff to suffer harm to her personal and professional reputation, humiliation, extreme emotional distress, and mental suffering.

256.   Upon information and belief, Defendant Stephens' false statements about Plaintiff's work performance and behavior on the job prevented Plaintiff from acquiring new employment and caused Plaintiff extreme financial hardship.

257.   Upon information and belief, Defendant Stephens acted with malice, ill will, hatred, and/or in a spirit of revenge towards Plaintiff when he provided false statements to members of the legal community and/or Plaintiff's potential employers.

258.   Upon information and belief, Defendant Stephens acted with a great probability of causing substantial harm to Plaintiff's reputation and career by making negative and/or false statements about Plaintiff and/or Plaintiff's work performance.

259.   Upon information and belief, Defendant Stephens' statements were made with the purpose of harming Plaintiff's reputation and future employment.

260.   As a result of Defendant Stephens' slanderous statements regarding Plaintiff and Plaintiff's professionalism, Defendant Stephens caused injury to Plaintiff's reputation, exposed Plaintiff to public hatred, contempt, ridicule, shame and/or disgrace.

261.   As a result of Defendant Stephens' statements, Plaintiff's career and professional standing has been irreparably damaged.

262.   Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT XVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Stephens)

263. Plaintiff realleges the prior paragraphs, as if fully set forth below.

264. Plaintiff dedicated over twenty-five years of her life and over $100,000 to her legal career, sacrificing time with her family and missing significant portions of her children's lives.

265. Plaintiff had developed an impressive resume consisting of publications, awards, high grades, scholarships, fellowships, assistantships and varied legal experiences.

266. Prior to being terminated, Plaintiff had no work-performance issues in the nine years she was employed with Butler County.

267. Defendant Stephens had little, if any, experience with civil cases when he became judge.

268. Prior to being terminated, Plaintiff was performing her job duties, some of the judicial assistant's duties, and was handling the entire civil docket for Stephens until he became more familiar with civil matters.

269. Plaintiff performed all of her duties and those assumed from her co-worker and supervisor with skill, efficiency, and in an exceptional manner.

270. Prior to being terminated, the only time when Stephens was angry and/or nasty with Plaintiff was when Plaintiff had requested the Jewish holidays off for October 2016.

271 Defendant Stephens had his Judicial Assistant present when he terminated Plaintiff.

272. The Judicial Assistant was smirking at Plaintiff while she was being terminated.

273. Defendant Stephens alerted many staff members of the Court that he was terminating Plaintiff before he informed Plaintiff of the termination.

274. Defendant Stephens was angry and ordered Plaintiff to leave the courthouse by noon.

275.    Plaintiff was humiliated and devastated for being terminated so harshly when she had not done anything to warrant punitive action to be taken against her by Defendant Stephens.

276.    Upon information and belief, Defendant Stephens and his staff made negative comments about Plaintiff to attorneys, court staff, and potential employers.

277.    Upon information and belief, after Plaintiff's termination, Defendant Stephens's actions in making negative comments about Plaintiff to attorneys and potential employers was done with malice, ill will, and/or in a spirit of revenge.

278.    Upon information and belief, after Plaintiff's termination, Defendant Stephens's actions in making negative comments about Plaintiff to attorneys and potential employers was done to harm Plaintiff's reputation and career.

279.    When Plaintiff realized that her employment was being terminated for notifying Defendant Stephens she needed to take the High Holidays off, Plaintiff was shocked and felt distraught that Plaintiff had been discriminated against.

280.    Upon information and belief, for a sitting judge to terminate a long-term employee in retaliation and/or for discriminatory reasons was cruel and unprofessional.

281.    Upon information and belief, Defendant Stephens deliberately made a false statement to The Bureau of Unemployment Compensation about the reason for terminating Plaintiff with the purpose of delaying or preventing Plaintiff from receiving unemployment benefits.

282.    Upon information and belief, Defendant Stephens made this false statement to the Bureau of Unemployment in retaliation for Plaintiff alleging discrimination.

283.    Upon information and belief, Defendant Stephens made this false statement to the Bureau of Unemployment knowing that he had suggested to Plaintiff that she file for

unemployment benefits, knowing that Plaintiff had no other income to support her family and with malicious purpose, ill will and/or in a spirit of revenge.

284. Plaintiff felt she was the target of a public official's personal vendetta and this was extremely upsetting to Plaintiff and it cause severe emotional distress, making Plaintiff incapable of caring properly for her children.

285. Upon information and belief, over the course of eight months, Defendant Stephens made derogatory and knowingly false statements to Plaintiff's potential employers with the deliberate intent of sabotaging Plaintiff's re-employment efforts.

286. Upon information and belief, Defendant Stephens used his official position, power, and influence to ruin Plaintiff's opportunities to be hired by other courts and otherwise harm her career in retaliation for Plaintiff protecting her legal rights.

287. Upon information and belief, Defendant Stephens' conduct as a public official was an abuse of power and unprofessional.

288. Upon information and belief, Defendant Stephens' conduct towards Plaintiff was extreme and outrageous.

289. Upon information and belief, Defendant Stephens specifically intended to cause severe emotional distress to Plaintiff by terminating her in such a manner.

290. The manner in which the discharge was conducted by Defendant Stephens was severe and debilitating to Plaintiff.

291. Upon information and belief, the manner in which Stephens terminated Plaintiff gave the impression to the other employees of the court and attorneys of the local bar that the termination was due to misconduct by Plaintiff.

292. Defendant Stephens holds a law license and knew or should have known that a lawyer's reputation is the most important asset he or she has.

293. Defendant Stephens knew or should have known that the sudden termination and retaliatory behavior in providing false statements about Plaintiff to potential employers would result in the loss of Plaintiff's career and preclude future employment.

294. Defendant Stephens' malicious and intentional actions as set forth above proximately caused severe and debilitating injury to Plaintiff in the form of embarrassment, mental anguish, loss of reputation, loss of career, loss of self-esteem, harm to Plaintiff's relationship with her family, and other emotional harm which caused physical injury in the form of adverse health effects.

295. Defendant Stephens' actions constituted an outrageous invasion of Plaintiff's personal rights.

296. Upon information and belief, Defendant Stephens acted willfully and maliciously, with spite and ill will, and with a reckless disregard for Plaintiff's legal rights.

297. As a direct and proximate result of Defendant Stephens' actions, Plaintiff suffered damages and is entitled to judgment.


## COUNT XVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Gmoser)

298. Plaintiff realleges the prior paragraphs, as if fully set forth below.

299. Defendant Gmoser had only one brief instance of contact with Plaintiff in the nine years Plaintiff worked for Butler County.

300. Upon information and belief, despite the lack of knowledge regarding Plaintiff, Defendant Gmoser made statements about Plaintiff, her work performance, and/or character to potential employers of Plaintiff.

301. Upon information and belief, Defendant Gmoser, made statements to Wood County Prosecutor, which resulted in Plaintiff's termination.

302. Plaintiff was humiliated and devastated a second time for being terminated so harshly when she had not done anything to warrant punitive action to be taken against her.

303. Upon information and belief, Defendant Gmoser's actions in having Plaintiff terminated from Wood County Prosecutor's Office was done in retaliation for filing this lawsuit and was done with malice, ill will, and/or in a spirit of revenge.

304. Upon information and belief Defendant Gmoser's actions in making negative comments about Plaintiff and causing her termination from Wood County Prosecutor's Office was done to harm Plaintiff's reputation and career.

305. When Plaintiff realized that her employment was being terminated again without cause, Plaintiff was shocked and felt distraught and hopeless.

306. Upon information and belief, for a public official to act in retaliation is cruel, unprofessional, and outrageous.

307. Plaintiff felt she was the target of a second public official's personal vendetta and this was extremely upsetting to Plaintiff and it cause severe emotional distress, making Plaintiff incapable of caring properly for her children.

308. Upon information and belief, Defendant Gmoser negligently or intentionally caused severe emotional distress to Plaintiff.

309. Upon information and belief, Defendant Gmoser, relying on his friendship with Plaintiff's employer, encouraged or caused her employment to be terminated and sabotaged her career.

310. Defendant Gmoser holds a law license and knew or should have known that a lawyer's reputation is the most important asset he or she has.

311. Defendant Gmoser knew or should have known that contacting Plaintiff's employer specifically to complain about Plaintiff's lawsuit would result in Plaintiff's termination, loss of career, and preclude future employment.

312. Upon information and belief, Defendant Gmoser's conduct towards Plaintiff was abusive and unprofessional.

313. Upon information and belief, Defendant Gmoser's conduct towards Plaintiff was extreme and outrageous.

314. Defendant Gmoser's malicious and intentional act of contacting Plaintiff's employer, as set forth above, proximately caused severe and debilitating injury injury to Plaintiff in the form of embarrassment, mental anguish, loss of employment, loss of career, loss of reputation, loss of self-esteem, harm to Plaintiff's relationship with her family, and other emotional harm which caused physical injury in the form of adverse health effects.

315. Defendant Gmoser's actions constituted an outrageous invasion of Plaintiff's personal rights.

316. Upon information and belief, Defendant Gmoser acted willfully and maliciously, with spite and ill will, and with a reckless disregard for Plaintiff's legal rights.

317. As a direct and proximate result of Defendant Gmoser's actions, Plaintiff suffered damages and is entitled to judgment.

## COUNT XVIII
## PROMISSORY ESTOPPEL

318.   Plaintiff realleges the prior paragraphs, as if fully set forth below.

319.   Upon information and belief, the terms of Plaintiff's employment as Staff Attorney/Magistrate are not set by statute or ordinance.

320.   Upon information and belief, it was customary at Butler County Court of Common Pleas for the judges to have considerable autonomy in altering terms of the employment relationship and setting conditions of employment with their personal staff.

321.   Defendant Stephen's promise to provide three months notice to Plaintiff upon termination of employment was a clear, unambiguous promise.

322.   Defendant Stephens also conveyed to Plaintiff that as long as work performance was good, she would have job security.

323.   Plaintiff, in good faith, relied on that promise and accepted a position with Defendant Stephens and did not seek employment elsewhere or complete her reciprocity application to practice law in another state.

324.   It was reasonable that Plaintiff would rely on the promise made by a person who would be assuming the honorable position of judge.

325.   Plaintiff was injured by relying on Defendant Stephens' promise as she was led to believe that, as long as her work performance was good, she would not be terminated without just cause.

326.   Upon information and belief, Defendant Stephens' breach of his representations to Plaintiff that he would provide three  months notice prior to terminating her employment

constituted a breach of the oral agreement and Defendant Stephens is precluded from denying the existence of the oral agreement under the doctrine of promissory estoppel.

327.   As a proximate result of Defendant Stephens' breach of the oral agreement and representations regarding notice, Plaintiff has suffered loss of income, employer contribution into PERS, medical insurance for Plaintiff and her family, dental insurance coverage for Plaintiff and her family, and other damages for the three months notice period.

## COUNT XIX
## INTENTIONAL INTERFERENCE WITH A BUSINESS RELATIONSHIP
### (Defendant Gmoser)

328.   Plaintiff realleges the prior paragraphs, as if fully set forth below.

329.   Plaintiff had an employment relationship with the Wood County Prosecutor's Office.

330.   Upon information and belief, Defendant Gmoser had knowledge of this employment relationship through his friendship with the Wood County Prosecutor.

331.   Upon information and belief, Defendant Gmoser intended to cause and/or encouraged Plaintiff's termination by contacting the Wood County Prosecutor to complain about Plaintiff suing Defendant Gmoser.

332.   Upon information and belief, Defendant Gmoser's actions constituted improper interference in Plaintiff's private life and in her employment relationship with The Wood County Prosecutor's Office.

333.   Upon information and belief, if Defendant Gmoser had not called the Wood County Prosecutor, Plaintiff would still be employed.

334. Plaintiff was terminated shortly after Defendant Gmoser complained of Plaintiff's lawsuit to Plaintiff's employer.

335. Upon information and belief, Defendant Gmoser acted with malice, ill will, hatred, and/or in a spirit of revenge towards Plaintiff when he contacted Plaintiff's employer.

336. As a result of Defendant Gmoser's interference in Plaintiff's employment relationship, Plaintiff was terminated, her reputation was harmed, and her career was damaged.

337. As a proximate cause of Defendant Gmoser's actions, Plaintiff has suffered damages in an amount in excess of $70,000.00.


## COUNT XX
## VICARIOUS LIABILITY
### (Defendant Gmoser)

338. Plaintiff realleges the prior paragraphs, as if fully set forth below.

339. On or after February 20, 2017, Defendant Ferguson made false and/or derogatory statements to a potential employer of Plaintiff.

340. Upon information and belief, Defendant Gmoser encouraged and/or directed the potential employer to speak with Defendant Ferguson about Plaintiff.

341. Upon information and belief, Defendants Gmoser was acting in his official capacity as supervisor of Defendant Ferguson and this gave the appearance that Defendant Gmoser condoned the statements made about Plaintiff by Defendant Ferguson.

342. Upon information and belief, but for Defendant Gmoser's conduct in encouraging and directly participating in sending Plaintiff's potential employer to speak with Defendant Ferguson about Plaintiff's work performance, Defendant Ferguson would not have had an opportunity to defame Plaintiff.

343. Upon information and belief, Defendant Gmoser is vicariously liable for the slanderous statements made by Defendant Ferguson about Plaintiff.

344. As a result of these acts, Plaintiff has suffered harm to her personal and professional reputation, humiliation, extreme emotional distress, and mental suffering.

345. As a direct and proximate result of these official acts by Defendant Gmoser and Defendant Ferguson, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays as follows:

(a) Plaintiff respectfully requests this Court enter a preliminary and permanent injunction enjoining each of the above-named Defendants, their successors, employees, attorneys, or any other person acting on behalf of any of them from speaking to third parties who contact them for an employment reference or otherwise negatively commenting on Plaintiff's professional reputation to members of the legal community;

(b) For a judgment declaring the holiday policy of Defendant Butler County was discriminatorily applied and/or is unlawful and violative of Ohio Revised Code §4112.02;

(c) For a judgment finding that Defendant Stephens violated federal and Ohio law as set forth above;

(d) For an Order that Defendant Butler County and/or Defendant Stephens pay to the Plaintiff all wages and benefits due and owing as a result of the discriminatory acts.

(e) For an award of compensatory damages for loss of income, front and back pay, and fringe benefits in an amount greater than $300,000 to be determined by a jury in this case;

(f)     For an award for compensatory and punitive damages for humiliation, pain, suffering, emotional distress, and loss of reputation in an amount greater than $300,000 to be determined by a jury in this case;

(g)     For an award of compensatory damages against Defendant Gmoser for loss of income, front and back pay, and fringe benefits in an amount greater than $70,000.00 to be determined by a jury in this case;

(h)     For an award for compensatory and punitive damages against Defendant Gmoser for humiliation, pain, suffering, emotional distress, and loss of reputation in an amount greater than $300,000 to be determined by a jury in this case;

(i)     For an award of liquidated damages to Plaintiff in an amount greater than $300,000 to be determined by a jury in this case;

(j)     For an award to Plaintiff for her costs and any attorney fees in this action; and

(k)     That the Court grant Plaintiff such further relief as the court deems just and appropriate to remedy the acts of discrimination and/or retaliation by each of the named Defendants against Plaintiff.

Respectfully submitted,

Kimberly Edelstein (0074922)
Pro se
9384 Cardinal Ct.
Cincinnati, Ohio 45242
Ph. (614) 975-2400
Email: kedelsteinesq@cinci.rr.com

Plaintiff demands trial by jury.

Kimberly Edelstein, Pro se

45

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July 2017, a copy of the foregoing was sent to Linda Woeber and Lisa Zaring, attorneys for Defendants, by electronic mail.

Kimberly Edelstein (0074922)