UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kimberly Edelstein,

    Plaintiff,

v.

Judge Greg Stephens, *et al.*,

    Defendants.

Case No. 1:17cv305

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon the Magistrate Judge's February 16, 2018 Report and Recommendation ("R&R") (Doc. 31). Also before the Court is Plaintiff's Motion for Oral Argument. (Doc. 37).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed objections to the R&R. (Doc. 36). Defendants filed a Response to Plaintiff's objections. (Doc. 39).

Pursuant to S.D. Ohio R. Civ. 7.1(b)(2), oral argument is not "deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented." Therefore, Plaintiff's Motion for Oral Argument (Doc. 37) is DENIED.

### I. BACKGROUND

Plaintiff brings twenty causes of action based upon termination of her employment as a magistrate and staff attorney for Judge Gregory Stephens. In the

R&R, the Magistrate Judge has set forth the factual allegations in the Amended Complaint (Doc. 31) and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

Defendants, Judge Gregory Stephens, Michael T. Gmoser, Dan Ferguson, and Butler County, have moved for dismissal of Counts I, IV, VI, VII, VIII, X, XI, XII, XIII, XIV, XV (in part), XVI, XVII, XVIII, and XX based on failure to state a claim; and dismissal of Count II for lack of jurisdiction.

The Magistrate Judge recommends that (1) Defendants' Motion To Dismiss the Complaint (Doc. 13) and Amended Motion To Dismiss the Complaint (Doc. 14) be denied as moot due to the filing of the Amended Complaint; (2) Plaintiff's Motion to Stay a Decision on the Motion to Dismiss as to Count II of the Amended Complaint only (Doc. 30) be DENIED; Defendants' Motion for Partial Dismissal of the Amended Complaint (Doc. 22) be DENIED as to Counts I and XV, and GRANTED under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted as to Counts IV, VI, VII, VIII, X, XI, XII, XIII, XIV, XVI, XVII, XVIII and XX and under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction as to Count II.

Plaintiff's objections are limited to the dismissal of her claims for violation of equal protection under 42 U.S.C. § 1983 (Count IV); violation of substantive due process under 42 U.S.C. § 1983 (Counts VI, VII, and VIII); intentional infliction of emotional distress under Ohio law (Counts XVI and XVII); defamation under Ohio law (Counts XI and XII); and breach of contract and promissory estoppel under Ohio law (Counts XIV and XVIII). Accordingly, the Court's discussion is limited to those claims.

## II. ANALYSIS

### A. Standard of review

A complaint may be dismissed according to Federal Rule of Civil Procedure 12(b)(6), for a "failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss, the Court must accept the plaintiff's allegations as true and construe the complaint in the light most favorable to the plaintiff. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). The complaint need not contain detailed factual allegations, yet it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

### B. Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the plaintiff was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Marcilis v. Twp. of Redford*, 693 F.3d 589, 595 (6th Cir. 2012)).

However, as the Sixth Circuit has explained: "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

### C. Equal Protection (Count IV)

The Equal Protection Clause of the Fourteenth Amendment, § 1, provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."

The Equal Protection Clause "prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 986 (6th Cir. 2012) (quoting *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005)).

Plaintiff claims that Butler County violated her Equal Protection rights by recognizing Christmas as a "legal holiday" under Ohio Revised Code § 325.19(D)(1), but not providing protection for non-Christians who seek time off for different religious holidays.[1] Ohio Revised Code § 325.19 provides in relevant part:

> In addition to vacation leave, a full-time county employee is entitled to eight hours of holiday pay for New Year's day, Martin Luther King day, Washington- Lincoln day, Memorial day, Independence day, Labor day, Columbus day, Veterans' day, Thanksgiving day, and Christmas day, of each year.

Ohio Rev. Code § 325.19(D)(1).

Plaintiff takes issue with the analysis employed by the Magistrate Judge. Plaintiff argues that her claim is based on her right to the free exercise of her religion, opposed to a claim under the Establishment Clause.[2]

The Sixth Circuit has outlined the analysis to be applied to an equal protection claim based on the right to exercise religion:

> An equal protection claim is subject to rational basis review unless it involves infringement of a fundamental right or application to a suspect class. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440, 105

---

[1] The Court questions Plaintiff's standing to bring this claim since she is no longer a county employee. *But see Cammack v. Waihee*, 932 F.2d 765, 772 (9th Cir. 1991) (concluding "appellants have standing as both state and municipal taxpayers to challenge the expenditure of tax revenues on paid leave days for the Good Friday holiday.").

[2] The Court notes that Plaintiff brings a free exercise of religion claim under the First Amendment in Count III. Defendants did not move to dismiss that claim.

> S.Ct. 3249, 87 L.Ed.2d 313 (1985). Unless the Program violates [the plaintiff's] fundamental right to exercise his religion, it must be upheld as long as it bears a "rational relationship to a legitimate state interest." *Jamrog*, 411 F.3d at 618. Strict scrutiny applies where the classification affecting eligibility for benefits is based on religion or burdens the exercise of religion. *See McDaniel v. Paty*, 435 U.S. 618, 628, 98 S.Ct. 1322, 55 L.Ed.2d 593 (1978). The First Amendment provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. Laws intended to advance or inhibit religion, or having either effect, generally violate the Establishment Clause. *Agostini v. Felton*, 521 U.S. 203, 222–23, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997).

*Bowman v. United States*, 564 F.3d 765, 772-73 (6th Cir. 2008).

Under this analysis, this Court dismissed a claim which was based on a federal statute establishing Christmas Day as a legal public holiday. *Ganulin v. United States*, 71 F. Supp. 2d 824, 838 (S.D. Ohio 1999), *aff'd*, 238 F.3d 420 (6th Cir. 2000). This Court explained that the plaintiff was not a member of a suspect class to the extent that the federal statute could be said to target him. *Id.* at 837. This Court explained that unless the law impinges on the plaintiff's fundamental rights of freedom of association or to free exercise of religion then the statute will be upheld if it bears a rational relationship to a legitimate end. *Id.*; *see also Romer v. Evans*, 517 U.S. 620, 631, 116 S. Ct. 1620, 1627, 134 L. Ed. 2d 855 (1996) (explaining "if a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end.").

Another federal district court has held similarly when addressing a statute which created a public school holiday on Friday before Easter. *Koenick v. Felton*, 973 F. Supp. 522 (D. Md. 1997), *aff'd*, 190 F.3d 259 (4th Cir. 1999). The court concluded that because the state statute "treats all affected individuals equally by providing them with an extended weekend surrounding a highly secularized holiday, there is no possible

5

violation of the Equal Protection Clause." *Id.* at 530. Therefore, the court dismissed the plaintiff's equal protection claim.

Ohio Revised Code § 325.19 treats all affected individuals equally. Plaintiff was not prohibited from taking paid leave on Christmas Day or any of the other listed holidays because of her religion. Instead, Plaintiff complains that Judge Stephens terminated her for requesting time off to observe religious holidays. These allegations form the basis of Plaintiff's claim that her termination was in retaliation for engaging in the free exercise of her religious beliefs. Plaintiff does not allege a factual basis for an equal protection claim based on Ohio Revised Code § 325.19.

Therefore, the Magistrate Judge did not err in concluding that Plaintiff has failed to state a claim based on Ohio Revised Code § 325.19. Accordingly, Plaintiff's objections on this point are OVERRULED.

### D. Substantive due process (Counts VI, VII and VIII)

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Sixth Circuit has recognized two categories of substantive due process claims: (1) those claims that, other than procedural claims, assert the denial of a right, privilege, or immunity guaranteed by the Constitution or federal statute; and (2) those official acts that "shock the conscience." *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). Plaintiff argues she has adequately alleged both types of substantive due process claims.

For a plaintiff to state a claim alleging a violation of his substantive due process rights, the plaintiff generally is required to "demonstrate a deprivation of a

6

constitutionally protected liberty or property interest[.]" *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017) (quoting *Am. Exp. Travel Related Servs. Co. v. Kentucky*, 641 F.3d 685, 688 (6th Cir. 2011). "Where government action does not deprive a plaintiff of a particular constitutional guarantee or shock the conscience, that action survives the scythe of substantive due process so long as it is rationally related to a legitimate state interest." *Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997) (citations omitted). Plaintiff maintains that she was deprived of her right to her good name, the right to support her family through work, the right to select and pursue a livelihood in a field of her choosing, and the right to be free from harassment and retaliation by public officials. However, substantive due process only "protects a narrow class of interests, including those enumerated in the Constitution, those so rooted in the traditions of the people as to be ranked fundamental, and the interest in freedom from government actions that 'shock the conscience.'" *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014) (citing *Bell v. Ohio State Univ.*, 351 F.3d 240, 249-250 (6th Cir. 2003)).

The Sixth Circuit has explained that "a person's reputation, good name, honor, and integrity are among the liberty interests protected by the due process clause of the [F]ourteenth [A]mendment." *Parrino*, 869 F.3d at 398 (quoting *Quinn v. Shirey*, 293 F.3d 315, 319 (6th Cir. 2002)). "To establish a deprivation of a protected liberty interest in the employment context, [the plaintiff] must demonstrate stigmatizing governmental action which so negatively affects his [or her]. . . reputation that it effectively forecloses the opportunity to practice a chosen profession." *Id.* (quoting *Joelson v. United States*, 86 F.3d 1413, 1420 (6th Cir. 1996)). The plaintiff must also have alleged "that the stigmatizing information was publicly disclosed." *Id.*

7

Plaintiff alleges that Defendant Stephens terminated Plaintiff's employment in a manner which "created the impression that Plaintiff had committed a serious violation of procedure, law or ethics and devastated Plaintiff's reputation in the legal community." (Doc. 20, ¶¶ 86-87). Plaintiff alleges further that Defendant Stephens "published and/or made statements to third parties that Plaintiff was a poor worker" and "made derogatory comments about Plaintiff to members of the legal community." (Doc. 20, ¶¶ 90, 91). Plaintiff claims that "[t]hese comments resulted in Plaintiff being unable to secure employment and effectively prevented Plaintiff from continuing in her career." (Doc. 20, ¶¶ 92). Therefore, the Court concludes that Plaintiff has adequately alleged a substantive due process claim based on the termination of her employment. *Cf. Doe v. Ohio State Univ.*, 239 F. Supp. 3d 1048, 1076 (S.D. Ohio 2017) (explaining that the plaintiff cannot show reputational harm which occurred in conjunction with "the loss of a government right, benefit, or entitlement" because even if he was an enrolled student "no court has recognized a liberty interest in this context, because, outside of governmental employment, the plaintiff must demonstrate that the governmental right of which he was 'deprived' arose from a statute—and there exists no statutory right to be a student at a public university.").

As explained above, substantive due process also ensures "freedom from government actions that 'shock the conscience.'" *Range*, 763 F.3d at 588 (quoting *Bell v. Ohio State Univ.*, 351 F.3d 240, 250 (6th Cir. 2003)). A substantive due process right may be implicated when a public employee is discharged for reasons that shock the conscience. *Perry v. McGinnis*, 209 F.3d 597, 609 (6th Cir. 2000) (citing *McMaster v. Cabinet for Human Resources*, 824 F.2d 518, 522 (6th Cir.1987)). The Sixth Circuit has

defined conduct which "shocks the conscience" as follows:

> Over the years, the courts have used several tropes to explain what it means to shock the conscience. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Conduct shocks the conscience if it "violates the 'decencies of civilized conduct.'" *Id.* at 846, 118 S.Ct. 1708 (quoting *Rochin v. California*, 342 U.S. 165, 172–73, 72 S.Ct. 205, 96 L.Ed. 183 (1952)). Such conduct includes actions "so 'brutal' and 'offensive' that [they do] not comport with traditional ideas of fair play and decency." *Id.* at 847, 118 S.Ct. 1708 (quoting *Breithaupt v. Abram*, 352 U.S. 432, 435, 77 S.Ct. 408, 1 L.Ed.2d 448 (1957)). These are subjective standards, to be sure, but they make clear that the "shocks the conscience" standard is not a font of tort law, but is instead a way to conceptualize the sort of egregious behavior that rises to the level of a substantive due process violation. *See id.* at 847-48, 118 S.Ct. 1708.

*Id.* at 589-590. The Sixth Circuit has recognized that it is difficult to determine where conscious-shocking behavior resides on the continuum of conduct:

> The bookends present the easier cases. Merely negligent tortious conduct is categorically beneath constitutional due process, but conduct on the other extreme end of the culpability spectrum, that which is "intended to injure" without any justifiable government interest, most clearly rises to the "conscience-shocking" level. [*Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848-49 (1998)]. Conduct that is more akin to recklessness or gross recklessness, such as deliberate indifference, is a "matter for closer calls." *Id.* at 849, 118 S.Ct. 1708. These middle states of culpability "may or may not be shocking depending on the context." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 535 (6th Cir. 2008).

*Id.* at 590.

Plaintiff alleges that Defendant Gmoser published false statements to a potential employer of Plaintiff concerning Plaintiff's employment record and work performance. (Doc. 20, ¶¶ 188-190). These statements were that Plaintiff's work was "disjointed;" that he had trouble "getting stuff back from her on foreclosures;" and he "had a problem getting things." (Doc. 20, ¶ 191). Plaintiff explains that she never worked for, or with, Gmoser, so Gmoser would have no knowledge of her work performance. As such,

9

Plaintiff claims that Gmoser's statements were made in bad faith; known to be false; and made with reckless disregard for the truth. (Doc. 20, ¶ 197). Plaintiff claims that these statements have caused harm to her personal and professional reputation. (Doc. 20, ¶ 201). Plaintiff claims that when Ferguson was asked his opinion about Edelstein, he stated to a potential employer "Oh she's horrible." (Doc. 1, ¶ 208).

The Court finds no error in the Magistrate Judge's conclusion that these statements do not rise to the "conscience-shocking" level. Plaintiff's objections on this point are OVERRULED.

However, to the extent that Plaintiff's substantive due process claim is based upon a deprivation of a protected liberty interest in the employment context, Plaintiff's objections are SUSTAINED. The Court concludes that Plaintiff has stated a claim for a violation of substantive due process; and therefore Defendants' Motion to Dismiss Counts VI, VII and VIII is DENIED.

### E. Intentional infliction of emotional distress (Counts XVI and XVII)

Plaintiff has brought claims against Judge Stephens and Prosecutor Gmoser for intentional infliction of emotional distress.

To state a claim for intentional infliction of emotional distress under Ohio law, a plaintiff must allege that (1) that the defendant either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and (4) that the mental anguish

suffered by plaintiff is serious and of a nature that no reasonable man could be expected to endure it. *Pyle v. Pyle*, 11 Ohio App. 3d 31, 34, 463 N.E.2d 98, 103 (Ohio 1983) (citations omitted).

The Court finds no error in the Magistrate Judge's conclusion that the statements made by Stephens and Gmoser are not so extreme and outrageous "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Accord Curry v. Blanchester*, 2010 WL 2807948, *8 (Ohio Ct. App. July 19, 2010) (mayor's comments that employee was "tits and no brain" and was having an affair with police chief are not actionable under intentional infliction of emotional distress claim; while the comments are inconsiderate and clearly inappropriate, they fall short of being "outrageous," "extreme," or "utterly intolerable").

Therefore, the Magistrate Judge did not err in concluding that Plaintiff has failed to state a claim for intentional infliction of emotional distress. Accordingly, Plaintiff's objections on this point are OVERRULED.

### F. Defamation (Counts XI and XII)

Defendants Gmoser and Ferguson move to dismiss Plaintiff's defamation claims against them.

In Ohio, the tort of defamation has four elements: "a false and defamatory statement concerning another; unprivileged publication to a third party; fault amounting to at least negligence by the publisher; actionability of the statement irrespective of a special harm or the existence of a special harm." *Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.*, 81 Ohio App.3d 591, 601, 611 N.E.2d 955, 962 (1992) (quoting 3 Restatement of the Law2d Torts § 558, pg. 155 (1977)).

The Magistrate Judge found that Plaintiff had not stated claims for defamation because Plaintiff has not alleged that Gmoser or Ferguson made a false statement of fact. The Magistrate Judge explained that the statements identified by Plaintiff as being defamatory were statements of opinion.

Plaintiff argues that the Magistrate Judge applied the wrong analysis because the Magistrate Judge relied upon cases involving media defendants. However, as one Ohio court has explained:

> The Ohio Supreme Court has determined that opinions are a protected form of speech under the Ohio Constitution apart from any protection that might be afforded under the United States Constitution. [*Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 649 N.E.2d 182 (Ohio 1995).] This protection for opinions exists for media defendants as well as for private citizens. *Wampler v. Higgins* (2001), 93 Ohio St.3d 111, 112, 752 N.E.2d 962. Thus, in Ohio, any analysis of a defamation claim must begin with the court providing a definitive interpretation as to whether the defendant has stated an opinion or has made a factual assertion. The determination of whether an allegedly defamatory statement is fact or opinion is a matter of law to be decided by the court. *Vail*, 72 Ohio St.3d at 280, 649 N.E.2d 182

*Rothschild v. Humility of Mary Health Partners*, 163 Ohio App. 3d 751, 759, 840 N.E.2d 258, 264 (Ohio Ct. App. 2005). Therefore, the Magistrate Judge did not err in concluding that Plaintiff has failed to state a claim for defamation against Gmoser or Ferguson. Accordingly, Plaintiff's objections on this point are OVERRULED.

### G. Breach of contract and promissory estoppel (Counts XIV and XVIII)

Plaintiff brings claims of breach of contract and promissory estoppel against Stephens. The Magistrate Judge explained that a public employee in Ohio holds her office as a matter of law, not contract, and cannot bring a claim for breach of contract. Plaintiff argues that the cases cited by the Magistrate Judge do not apply to her. However, the Court finds no error in the Magistrate Judge's analysis. Accordingly,

Plaintiff's objections on this point are OVERRULED.

### H. Vicarious liability (Counts XX and XIII)

Because the Court finds no error in the Magistrate Judge's conclusion that Plaintiff's defamation claims should be dismissed, the Magistrate Judge also finds no error in the Magistrate Judge's conclusion that Plaintiff's claims for vicarious liability should be dismissed. Accordingly, Plaintiff's objections on this point are OVERRULED.

### I. Unlawful termination contrary to public policy (Count X)

The Magistrate Judge concluded that Plaintiff has not shown that she lacks an adequate remedy for retaliation under Ohio Revised Code Chapter 4112, and therefore Plaintiff has not stated a public policy tort claim under Ohio law. The Court finds no error in the Magistrate Judge's analysis. To the extent that Plaintiff now argues that she lacks an adequate remedy under Ohio Revised Code Chapter 4112 for her claims against Gmoser and Ferguson, Plaintiff could not sustain a claim for unlawful termination against these two defendants because they were not her employer. Accordingly, Plaintiff's objections on this point are OVERRULED.

### J. Leave to amend

Plaintiff requests leave to file a second amended complaint in the event the Court adopts the Magistrate Judge's R&R. The Sixth Circuit has held that a motion for leave to amend the pleadings under Rule 15(a) is governed by Rule 7(b), which states that a motion "shall state with particularity the grounds for seeking the order." *Evans v. Pearson Enter., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) (citations omitted). The Court explained that "a bare request in an opposition to a motion to dismiss . . . without any indication of the particular grounds on which amendment is sought" is insufficient. *Id.*

(citing *Confederate Mem. Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C.Cir. 1993)). The Court finds that Plaintiff's request for leave to amend is analogous and is also insufficient. Therefore, to the extent that Plaintiff seeks leave to file a second amended complaint, that request is DENIED.

### III. CONCLUSION

Based on the foregoing, the Court **ADOPTS in PART and DECLINES to ADOPT in PART** the Magistrate Judge's February 16, 2018 Report and Recommendation (Doc. 31). Accordingly, it is hereby **ORDERED** that:

1. Defendants' Motion To Dismiss the Complaint (Doc. 13) and Amended Motion To Dismiss the Complaint (Doc. 14) be DENIED as moot;

2. Plaintiff's Motion To Stay a Decision On the Motion to Dismiss as to Count II of the Amended Complaint Only (Doc. 30) be DENIED;

3. Defendants' Motion for Partial Dismissal of the Amended Complaint (Doc. 22) is DENIED as to Counts I, VI, VII, VIII and XV, and GRANTED under Fed. R. Civ. P. 12(6) for failure to state a claim upon which relief can be granted as to Counts IV, X, XI, XII, XIII, XIV, XVI, XVII, XVIII and XX and under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction as to Count II.

4. In addition, Plaintiff's Motion for Oral Argument (Doc. 37) is DENIED.

   **IT IS SO ORDERED.**

                                    */s/ Michael R. Barrett*
                                    JUDGE MICHAEL R. BARRETT