# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KIMBERLY EDELSTEIN,
Plaintiff,

Case No. 1:17-cv-00305
Barrett, J.
Litkovitz, M.J.

vs.

JUDGE GREG STEPHENS, *et al.*,
Defendants.

**ORDER**

This matter is before the Court following an informal telephone discovery conference held on December 19, 2018, concerning issues related to (1) plaintiff's request for defendants' cell phone records, (2) plaintiff's second set of interrogatories propounded to defendants, and (3) defendants' objections to plaintiff's prior discovery requests. These matters were resolved at the conference as follows:

1. **Plaintiff's request for defendants' cell phone records**

    Plaintiff is entitled to defendants' cell phone records for the period August 11, 2016 to June 5, 2017. Defendants shall provide authorizations to plaintiff for her to obtain the records from defendants' carriers by **December 21, 2018**.

2. **Plaintiff's first and second sets of interrogatories propounded to defendants**

    Defendants shall submit a copy of plaintiff's first set of interrogatories and their responses, and plaintiff shall submit a copy of her second set of interrogatories, to the undersigned via chambers email by no later than the close of business on **December 20, 2018**.

3. **Defendants' objections to plaintiff's prior discovery requests**

    i. *Interrogatories to defendant Ferguson in his individual capacity*

    - Nos. 17 and 18: Information about medications a defendant may have taken during the time period in issue is not relevant, and requests for this information are highly intrusive. Plaintiff's requests that defendant Ferguson be compelled to answer Interrogatories No. 17 and 18 are **DENIED**.

*ii. Interrogatories to defendant Gmoser in his individual capacity*

- No. 14: Information about problems defendant Gmoser had with Judge Oney or complaints he had about her are relevant. Plaintiff's request that defendant Gmoser be compelled to answer Interrogatory No. 14 is **GRANTED**.

- Nos. 16 and 18: Plaintiff's requests that defendant Gmoser be compelled to answer Interrogatories No. 16 and 18 about medications he may have taken during the time period in issue are **DENIED** for the reasons stated above.

- No. 20: Information about Gmoser's son is not relevant to this lawsuit. Plaintiff's request that defendant Gmoser be compelled to answer Interrogatory No. 20 is **DENIED**.

*iii. Interrogatories to defendant Gmoser in his official capacity*

- Nos. 1, 2 and 23: Information about any references Gmoser has given regarding other individuals, any other instances where Gmoser has been accused of defamation, and any prior incidents where Gmoser has been accused of using his prosecutorial role for his personal advantage, relate to evidence of prior bad acts, which is not relevant. Plaintiff's requests that Gmoser be compelled to answer Interrogatories No. 1, 2 and 23 are **DENIED**.

- No. 22: Plaintiff's request for the names and contact information of personnel who were employed by the Butler County, Ohio Prosecutor's Office during the relevant time period is **DENIED** to the extent defendant has attempted to locate a historical record identifying the personnel and has represented that such a record does not exist. Plaintiff's request is **GRANTED** with respect to current support staff whose names and contact information are not available on the website of the Prosecutor's Office.

*iv. Interrogatories to defendant Stephens in his individual capacity*

- Nos. 6, 7 and 24: Information about defendant Stephens's personally held religious beliefs, including "doctrine regarding salvation," "mission work," and "doctrine regarding damnation," is not relevant to the issues in this lawsuit. Plaintiff's requests to compel Stephens to answer Interrogatories No. 6 and 7 are **DENIED**.

- No. 16: Information regarding Stephens's job duties and the type of work he performed is relevant. Plaintiff's request to compel Stephens to answer Interrogatory No. 16 is **GRANTED**.

- Nos. 19 & 20: Plaintiff's requests that defendant Stephens be compelled to answer Interrogatories No. 19 and 20 about medications he may have taken during the time period in issue are **DENIED** for the reasons stated above.

   v. *Interrogatories to defendant Stephens in his official capacity*

   - No. 9: Information about individuals who were interested in plaintiff's position before defendant Stephens took the bench is not relevant to this lawsuit. Plaintiff's request that defendant Stephens be compelled to answer Interrogatory No. 9 is **DENIED**.

   - Nos. 19 and 20: Information about whether Stephens treated plaintiff and other staff members the same with respect to pay and leave policies is relevant. Plaintiff's requests to compel defendant Stephens to answer Interrogatories No. 19 and 20 are **GRANTED** for the period March 14, 2016 to March 13, 2017 concerning the dates Stephens's judicial assistant and bailiff took time off work; the total number of days of leave each staff member took during this time period; whether the leave was classified as vacation, sick or personal time; and salary information that reflects the type of leave taken.

   - No. 22: The number of civil cases defendant Stephens worked on during the period March 14, 2016 to June 29, 2016 is relevant. Plaintiff's request that defendant Stephens be compelled to answer Interrogatory No. 22 is **GRANTED**.

   - No. 23: The number of decisions issued by defendant Stephens following plaintiff's termination that were reversed or remanded on appeal is not relevant to the issues in this lawsuit. Plaintiff's request that defendant Stephens be compelled to answer Interrogatory No. 23 is **DENIED**.

   - No. 25: Information regarding work plaintiff performed on a land conservancy case assigned to Stephens is relevant. Plaintiff's request that defendant Stephens be compelled to answer Interrogatory No. 25 is **GRANTED**.

   - No. 26: Information concerning defendant Stephens's court calendar as of July 2016 for the month of October 2016 is relevant. Plaintiff's request that defendant Stephens be compelled to answer Interrogatory No. 26 is **GRANTED**.

Defendants shall provide their answers to the interrogatories addressed above by

**January 8, 2019**.

The dispositive motion deadline in this case is extended to **February 1, 2019**.

**IT IS SO ORDERED.**

Date: 12/20/18

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

4