# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KIMBERLY EDELSTEIN,
Plaintiff,

Case No. 1:17-cv-00305
Barrett, J.
Litkovitz, M.J.

vs.

JUDGE GREG STEPHENS, *et al.*,
Defendants.

**ORDER**

This matter is before the Court following an informal telephone discovery conference held on December 19, 2018, concerning issues related to plaintiff's second set of interrogatories propounded to defendants. Following the conference, the Court ordered defendants to submit to the undersigned a copy of plaintiff's first set of interrogatories and their responses. The Court also ordered plaintiff to submit to the undersigned a copy of plaintiff's second set of interrogatories. The Court has received the parties' submissions and this matter is ripe for review.

Plaintiff served her second set of interrogatories on defendants on December 13, 2018, the day before the discovery deadline. Defendants state they will not respond to these interrogatories because they were propounded outside the deadline set forth in the Court's Standing Order on Civil Procedures, which states in relevant part:

> Discovery requests must be made at such time that responses thereto are due before the discovery deadline. For example, if the time for response to a discovery request under the appropriate rule is 30 days, the discovery request must be made at least 30 days before the discovery deadline.

*See* Standing Order on Civil Procedures, found at https://www.ohsd.uscourts.gov/FPLitkovitz.

Plaintiff alleges that she should be permitted to propound the additional interrogatories because counsel for defendants agreed to 40 interrogatories per defendant to keep the cost of

depositions down, and plaintiff has not yet exhausted the permissible number of interrogatories. In addition, plaintiff alleges she was not aware of the Court's Standing Order on the timing of discovery. She also alleges that defendants requested that plaintiff execute a medical release form for her mental health records on November 27, 2018, which she did, and defendants served a request for production of documents seeking an authorization for plaintiff's tax returns[1] on November 28, 2018, both of which were served beyond the deadline in the Court's Standing Order.

Plaintiff's request to serve a second set of interrogatories on each defendant and defendants' requests for plaintiff's mental health records and tax returns are denied as served outside the time limit set forth in the Court's Standing Order. Although parties may agree to continue discovery beyond the deadline set forth in the Standing Order, there is no indication the parties in this case had any such agreement. In addition, plaintiff has thus far propounded 143 interrogatories on defendants. She propounded 44 on defendant Gmoser; 63 on defendant Stephens (39 in his "official" capacity, including Interrogatory Number 24 which encompassed 11 discrete subparts, and 24 in his "individual" capacity); and 36 on defendant Ferguson. Defendants have answered in excess of the 120 interrogatories to which they agreed, in addition to plaintiff's other requests for production of documents and for admission. Plaintiff's request for an additional 109 interrogatories exceeds the number to which the parties agreed and is denied.

**IT IS SO ORDERED.**

Date: 12/21/18

Karen L. Litkovitz
United States Magistrate Judge

---

[1] At the discovery conference, counsel for defendants represented that this request related to an authorization for plaintiff's tax returns only.