# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

KIMBERLY EDELSTEIN,
Plaintiff,

vs.

JUDGE GREG STEPHENS, *et al.*,
Defendants.

Case No. 1:17-cv-00305
Barrett, J.
Litkovitz, M.J.

**ORDER**

Plaintiff Kimberly Edelstein brings this action alleging violations of her rights under federal and state law by defendants Judge Greg Stephens, Butler County, Ohio, Michael Gmoser and Dan Ferguson. This matter is before the Court on plaintiff's second motion to disqualify counsel Linda Woeber and her law firm, Montgomery, Rennie & Jonson, LPA, from representing a defendant in this lawsuit (Doc. 109), defendants' response in opposition (Doc. 119), and plaintiff's reply in support of the motion (Doc. 120). Plaintiff has requested oral argument on the motion. (Doc. 120). The legal and factual issues raised by plaintiff's second motion to disqualify are not complex, they have been fully briefed by the parties, and the Court has previously addressed the issues raised by the motion. Pursuant to S.D. Ohio Civ. R. 7.1, the Court therefore finds that oral argument is not "essential to the fair resolution" of this case and plaintiff's request for same is denied.

Plaintiff initially sought to disqualify Woeber and her law firm from representing defendant Judge Stephens in this lawsuit based on an alleged conflict of interest. (Doc. 60). Plaintiff stated that she intended to call Woeber as a witness in this case to support Count XV - "Defamation by Defendant Stephens, Slander" - ¶¶ 247, 253, 255 of the amended complaint. In

Count XV, plaintiff alleged that Stephens made false and defamatory statements to his attorney, Woeber, and others prior to the litigation which constitute defamation per se. (Doc. 20, ¶ 247). Plaintiff claimed that Stephens told Woeber in August and September 2016 that plaintiff "had a temper and caused disturbances at work,[and] that Plaintiff procrastinated, missed deadlines, and was a poor employee. . . ." (*Id.*). Plaintiff alleged in her motion to disqualify that Woeber either became aware at some point that certain representations Stephens made about plaintiff's work performance were false and she nonetheless continued to "promote" the false statements as the reason plaintiff was terminated, or Woeber did not exercise due diligence to determine whether the statements were false. (Doc. 60; *Id.*, citing Exh. A, September 1, 2016 letter to plaintiff's then counsel; Doc. 79 at 13). Plaintiff argued that she would be substantially prejudiced if she was not permitted to call Woeber to testify as a witness about allegedly false statements concerning plaintiff's employment and termination made in the September 2016 letter. (Doc. 60).

The undersigned denied plaintiff's motion by Order dated October 5, 2018. (Doc. 79). The Court found that the requirements for disqualifying Woeber under Ohio Prof. Conduct Rule 3.7, which is intended to prevent the trial jury from learning about an attorney's dual role as an advocate and a witness, were not met. First, plaintiff had not shown that Woeber had personal knowledge of the facts underlying her client's position. (Doc. 79 at 17-18). Second, plaintiff had not shown that the testimony plaintiff sought to elicit from Woeber was material or could not be provided by another witness. (*Id.* at 18). Finally, even if Woeber's knowledge of the truth of the allegations in the September 2016 letter was relevant, plaintiff had made conflicting arguments as to the extent of Woeber's knowledge of the facts based on speculation and unsupported inferences based on inferences. (*Id.* at 19-21). The Court declined to engage in

fact-finding and make credibility assessments in connection with the motion to disqualify. The Court concluded that Woeber was not a necessary witness as to plaintiff's work performance or the circumstances surrounding her termination. (*Id*. at 21).

Plaintiff filed objections to the Order on October 18, 2018 (Doc. 89) and a supplemental memorandum in support of her objections on December 17, 2018 (Doc. 108). In her supplemental memorandum, plaintiff alleged that additional evidence had been revealed during discovery that might affect the district judge's consideration of the undersigned's October 5, 2018 Order denying plaintiff's first motion to disqualify. (Doc. 108 at 1). Plaintiff alleged that it was revealed during discovery that "Ms. Woeber had misrepresented the statements of her other client, Michael Gmoser, to this Court in a Motion to Dismiss" and subsequent filings, thus violating Ohio Prof. Conduct Rule 3.3. (Doc. 108 at 2). The misrepresentation plaintiff alleges Woeber made was that "**Gmoser's statements were his opinion** of Edelstein and were protected under Ohio law." (*Id*., emphasis in original). Plaintiff argued this was a misrepresentation because in his admissions and answers to interrogatories, Gmoser stated that "**his statements were not his opinion**, but the opinion of another Defendant, Dan Ferguson, that [Gmoser] was relaying to a potential employer." (*Id*., emphasis in original). Plaintiff argued, without citing any authority, that an "opinion" is commonly understood to be "a statement originating from a declarant himself." (*Id*.). Plaintiff argued that Woeber knew of her client's purportedly false claim that his statements were his "personal opinion" as early as May 2017, when Woeber first represented Gmoser, and at the very least she "was obligated under Rule 3.3(a)(1) to correct the false assertion to this Court when her client decided to promote his statements as the opinion of another." (*Id*. at 5). Plaintiff informed the Court that she intended to file a second motion to

disqualify Woeber and her law firm under Ohio Prof. Conduct Rule 3.3 on this basis alone.[1] (*Id.*).

Plaintiff filed her second motion to disqualify on December 17, 2018 (Doc. 109), seeking to disqualify Woeber and her law firm from representing defendant Gmoser under Ohio Prof. Conduct Rule 3.3. (Doc. 109). Plaintiff premised her motion on grounds she had previously presented to the Court. First, plaintiff argued that Woeber knew that Gmoser had allegedly misrepresented that statements conveying the opinions of another individual - defendant Ferguson - were Gmoser's own opinions. (*Id.*). Plaintiff also asserted in a footnote that Woeber had misrepresented in defendants' motion for partial dismissal of the complaint (Doc. 22) that the Ohio constitution protects opinions that are not related to media statements. (Doc. 109 at 2, n.2). The Court has already considered plaintiff's arguments in prior Orders issued in this case. (*See* Doc. 128 at 8-9, Order on plaintiff's motion for partial reconsideration of her objections to Report and Recommendation (Doc. 42) and supplement to the motion (Doc. 107); Doc. 129, Order on plaintiff's objections (Doc. 89) to the undersigned's Order (Doc. 79) denying plaintiff's first motion to disqualify counsel). In accordance with the Court's prior rulings, plaintiff's second motion to disqualify must be denied.

In denying plaintiff's motion for partial reconsideration, the district judge rejected plaintiff's arguments that (1) the case law involving defamatory statements made to the media does not apply to plaintiff's defamation claims involving alleged defamatory statements that individuals make to other individuals, and (2) Gmoser's allegedly defamatory statements are not protected as opinions under Ohio law because the opinions Gmoser relayed were not his own.

---

[1] Plaintiff also argued in a supplement to her motion for partial reconsideration (Doc. 107) of the Court's Order dismissing her defamation claims (Doc. 40) that Gmoser's statements were not protected as statements of opinion because the opinions were not his own.

(Doc. 128 at 8-9). In his Order, the district judge first explained that under Ohio law, there is no "distinction between statements of opinion made by the media and private citizens" and that "protection for opinions exists for media defendants as well as for private citizens." (Doc. 128 at 8-9, citing *Wampler v. Higgins*, 93 Ohio St. 3d 111, 121, 752 N.E.2d 962, 972-73 (Ohio 2001); *Accord SPX Corp. v. Doe*, 253 F. Supp. 2d 974, 976 (N.D. Ohio 2003)). The district judge further stated that "whether an allegedly defamatory statement is fact or opinion" is a matter of law for the court to decide (*Id.* at 9, citing *Vail v. Plain Dealer*, 72 Ohio St.3d 279, 281, 649 N.E.2d 182, 185 (2003)), and this Court had already determined that the alleged defamatory statements identified by plaintiff, which included statements made by defendant Gmoser, were "statements of opinion." (*Id.*). The Court therefore declined to reconsider its Order dismissing plaintiff's defamation claims on this basis. (*Id.*).

The district judge relied on the same reasoning in overruling plaintiff's objections to the Order denying her first motion to disqualify counsel. (Doc. 129). The district judge directly addressed plaintiff's theory that Gmoser's statements were not protected opinions because they were actually the opinions of defendant Ferguson, and Woeber and her law firm should be disqualified from representing Gmoser under Ohio Prof. Conduct Rule 3.3 because Woeber purportedly misrepresented that the opinions were Gmoser's own. (Doc. 129). The district judge reasoned:

> In her Supplement to her Objections, Plaintiff explains that a violation of Rule 3.3 of the Ohio Rules of Professional Conduct has occurred because Woeber represented to the Court that the statements of Defendant Michael Gmoser were his opinion, but Gmoser's discovery responses have revealed that the statements of Gmoser were actually the opinion of Defendant Dan Ferguson. Plaintiff argues that the common understanding of an "opinion" is one originating from the declarant himself, and therefore Woeber made a false statement of fact to the Court. In addition, in her Reply, Plaintiff explains that the deposition of Judge Spaeth reveals that the outburst referenced in [Doc. 60], Exhibit A is false because Judge Spaeth testified that he did not hear an outburst coming from Plaintiff's office.

5

First, the Court notes that in denying Plaintiff's Motion for Reconsideration, the Court ruled that Gmoser's statements are not [sic] opinions protected by the Ohio Constitution because, Ohio courts have held that that "[n]o liability may arise from the accurate republication of constitutionally protected opinion."[2] *Condit v. Clermont Cty. Review*, 110 Ohio App. 3d 755, 762, 675 N.E.2d 475, 479 (Ohio Ct. App. 1996) (citing *Celebrezze v. Netzley*, No. 53864, 1988 WL 87566, at *9 (Ohio Ct. App. Aug. 4, 1988), *rev'd on other grounds*, 51 Ohio St. 3d 89, 554 N.E.2d 1292 (Ohio 1990)).

(*Id*. at 5).

In support of her second motion to disqualify, plaintiff relies on the same argument she previously presented in her supplemental objections to the Court's Orders dismissing her defamation claims and denying her first motion to disqualify counsel. (Docs. 107, 108). The district judge has determined that disqualification of Woeber and her law firm is not warranted under Rule 3.3 on this ground. (Doc. 129; *see also* Doc. 128). The Court has specifically rejected plaintiff's argument that Gmoser's allegedly defamatory statements do not qualify as opinion statements entitled to protection under the Ohio constitution because the opinions Gmoser relayed were not his own. (*Id*.). Plaintiff has not proffered any new facts or authority which suggests that the Court should revisit its prior ruling and related findings. For the reasons previously stated by the Court, applicable Ohio law and the record before the Court fail to support a finding that Woeber violated Ohio Prof. Conduct Rule 3.3 by misrepresenting that statements made by her client, Gmoser, were statements of opinion protected under the Ohio constitution. In accordance with the Court's prior rulings, plaintiff's second motion to disqualify Woeber and her law firm under Ohio Prof. Conduct Rule 3.3 is not well-taken.

---

[2] The addition of the word "not" is an obvious typographical error. Read together, the Court's Orders (Docs. 128, 129) make clear that Ohio law protects the opinions of private citizens, and repeating the opinion of another individual does not strip the opinion of protection under the Ohio constitution.

**IT IS THEREFORE ORDERED THAT** plaintiff's second motion to disqualify Woeber

and her law firm as counsel in this lawsuit (Doc. 109) is **DENIED**.


Date: 4/22/19

Karen L. Litkovitz
United States Magistrate Judge