# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Kimberly Edelstein,

    Plaintiff,

v.

Judge Greg Stephens, *et al.*,

    Defendants.

Case No. 1:17cv305

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon the Magistrate Judge's August 6, 2019 Report and Recommendation ("R&R"). (Doc. 158).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed objections to the R&R, a Reply to her objections and Supplemental Memorandum to the objections. (Docs. 162, 168, 169). Defendant Greg Stephens filed objections (Doc. 163). The parties also filed responses to the objections. (Docs. 165, 166).

Plaintiff has requested oral argument on the objections, but pursuant to S.D. Ohio R. Civ. 7.1(b)(2), the Court finds that oral argument is not "deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented."

## I. BACKGROUND

Plaintiff's claims stem from the termination of her employment as a magistrate and staff attorney for Judge Gregory Stephens. In the R&R, the Magistrate Judge has set forth the factual background and the same will not be repeated here except to the extent necessary to address the parties' objections.

Defendants, Judge Gregory Stephens, Michael T. Gmoser and Dan Ferguson, moved for summary judgment on all claims brought against them. Plaintiff moved for summary judgment on her claims for a violation of substantive due process under 42 U.S.C. § 1983 (Count VI), discrimination in violation of equal protection and Ohio law (Counts VII and VIII), and intentional interference with a business relationship (Count XIX).

The Magistrate Judge recommends that that Plaintiff's First Motion for Partial Summary Judgment on Counts VII and VIII of the Amended Complaint against Defendants Gmoser and Ferguson (Doc. 140) be denied; and Plaintiff's Second Motion for Partial Summary Judgment on Count VI of the Amended Complaint against Defendant Stephens (Doc. 141) be denied. The Magistrate Judge also recommends that Defendants' Motion for Summary Judgment on all claims remaining in the case (Doc. 143) be granted in part on the following claims: (1) Count I for injunctive relief; (2) Counts VI, VII, and VIII against Defendants Stephens, Gmoser, and Ferguson; (3) Count XIX against Gmoser; and (4) Count XV against Defendant Stephens; and be denied in part on the following claims brought against Defendant Stephens: (1) Count III; (2) Count V; and (3) Count IX. Finally, the Magistrate Judge recommends that

Defendants' Motion for Summary Judgment be denied as to Plaintiff's request for punitive damages.

Plaintiff objects to the R&R on the following basis: (1) the Magistrate Judge did not correctly apply the summary judgment standard; (2) the Magistrate Judge made improper determinations regarding hearsay and the admissibility of evidence; and (3) for Counts VI, VII, VIII, and XIX, the Magistrate Judge based her analysis on the wrong law and standards.

Defendant Stephens objects to the R&R to the extent that the Magistrate Judge recommends that following claims against him remain pending: (1) 42 U.S.C. § 1983 claim of First Amendment retaliation; (2) 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment's Equal Protection Clause; and (3) state law claim for employment discrimination under Ohio Revised Code § 4112.02.

## II. ANALYSIS

### A. Standard of review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the burden of showing an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). These standards upon which the court evaluates motions for summary judgment do not change simply

because the parties present cross-motions. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

## B. <u>First Amendment against Stephens (Count III)</u>

Plaintiff claims Stephens violated her First Amendment right to freely exercise her religion when Stephens terminated her employment after she requested to take leave to observe the Jewish High Holy Days. Plaintiff brings this claim of retaliation pursuant to 42 U.S.C. § 1983.

The Magistrate Judge concluded that Plaintiff had established a prima facie case of retaliation. The Magistrate Judge explained that based on the temporal proximity between Plaintiff's request for leave and her termination, Plaintiff has carried her burden of showing that her request for leave was a motivating factor in her termination. The Magistrate Judge also concluded that even though Stephens maintains that he would have made the decision to terminate Plaintiff absent her request for leave, there are genuine issues of material fact as to whether Stephens terminated Plaintiff for engaging in conduct protected under the First Amendment.

Stephens objects to the Magistrate Judge's conclusions, arguing that Plaintiff cannot rely upon temporal proximity alone to establish a prima facie case; and the Magistrate Judge erred in rejecting Stephen's unrefuted testimony that he would have terminated Plaintiff notwithstanding her protected activity.

With regard to temporal proximity, as the Magistrate Judge explained, the evidence in the record shows that Plaintiff made her leave request around lunchtime on Thursday, July 28, 2016. Stephens testified that the next morning, July 29th, he consulted with the Court Administrator, Gary Yates, about terminating Plaintiff. Later

4

that afternoon, Stephens informed Yates that he had decided to terminate Plaintiff after the magistrate's docket on Monday, August 1st. (Doc. 141, Ex. 4). Stephens decided to take the weekend to continue considering whether to terminate Plaintiff, but he had not changed his mind on Monday. (Doc. 126-10, PAGEID# 1085). After consulting with two other staff members, Melinda Barger and Jamie Wilson, Stephens went into Plaintiff's office with Barger and terminated Plaintiff.

The Magistrate Judge explained that by Stephens' own account, less than four full days, two of which were weekend days, elapsed between Plaintiff's leave request and her termination. In addition, the Magistrate Judge noted that less than one full day elapsed between when Plaintiff made her request, and Stephens decided to take the first step toward terminating Plaintiff, which was to speak with Yates about terminating Plaintiff. The Magistrate Judge concluded that this extremely close temporal proximity established the causation element of Plaintiff's prima facie case. The Magistrate Judge relied on Sixth Circuit caselaw which states that in some instances, temporal proximity alone can be enough:

> Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation. But where some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality.

*Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008).

In his objections, Stephens maintains that the Magistrate Judge's version of events ignores evidence he presented which shows that he had considered terminating Plaintiff in May of 2016 due to interoffice conflicts between Plaintiff and other members

5

of his staff. However, at the summary judgment stage, the Court must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to Plaintiff. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). As the Magistrate Judge pointed out, while Stephens may have considered terminating Plaintiff in May of 2016, Stephens did not actually decide to terminate her at that time, and instead did not terminate Plaintiff until after she requested leave time to observe the Jewish High Holy Days. The Court finds no error in the Magistrate Judge's conclusion that Plaintiff has established a prima facie case of retaliation.

With regard to Stephens' testimony that he would have terminated Plaintiff notwithstanding her protected activity, the Magistrate Judge noted that there was a dispute as to whether Stephens was aware that previous leave taken by Plaintiff was for purposes of observing other Jewish holidays; and even though Stephens granted Plaintiff leave to observe the Jewish High Holidays, he effectively nullified his approval by terminating her days later. The Magistrate Judge also noted that even though Stephens maintains that he decided to terminate Plaintiff after "once again witnessing and learning of internal strife between [Plaintiff] and other members of his personal staff" (Doc. 152, at 6), Stephens has not produced evidence which showed that Plaintiff had previously been reprimanded for her behavior in the workplace, or that he had ever discussed her behavior with Plaintiff. In addition, the Magistrate Judge noted that there was a factual dispute as to whether it was Plaintiff, or another staff member, who was the source of the interoffice conflicts.

In his objections, Stephens argues that the Magistrate Judge erred in rejecting

his testimony that the interoffice conflicts immediately following Plaintiff's July 28, 2016 request for time off were the last straw and prompted Stephens to terminate her. While Stephens questions the Magistrate Judge's conclusion that questions of fact remain regarding whether Stephens would have terminated Edelstein absent her leave request, summary judgment would have been warranted only if Stephens' evidentiary proffer compelled the finding that religious discrimination did not constitute a "but for" cause for Plaintiff's termination. *See Eckerman v. Tennessee Dep't of Safety*, 636 F.3d 202, 208 (6th Cir. 2010) (citing *Garvey v. Montgomery*, 128 Fed.Appx. 453, 459 (6th Cir. 2005)).[1] The Court finds no error in the Magistrate Judge's conclusion that a reasonable juror, viewing the evidence in a light most favorable to Plaintiff, could conclude Plaintiff was terminated in retaliation for requesting leave to observe the Jewish High Holy Days. Because a genuine issue of material fact exists, summary judgment cannot be granted on Plaintiff' claim of retaliation pursuant to 42 U.S.C. § 1983.

### C. Substantive due process against Stephens (Count VI)

Plaintiff claims Stephens deprived her of the fundamental rights of property and liberty without due process and arbitrarily abused his power as a government official by terminating her, a public figure, suddenly and without notice.

Plaintiff and Stephens both moved for summary judgment on this claim.

The Magistrate Judge found that Plaintiff's substantive due process claim must be dismissed because it is duplicative of her First Amendment claim insofar as she claims a deprivation of a liberty interest rooted in the First Amendment. The Court finds no error in this conclusion. The Supreme Court has explained:

---

[1] The Sixth Circuit has explained that "[u]nlike in the *McDonnell Douglas* burden-shifting framework, the burden does not shift back to a plaintiff to show pretext in First Amendment retaliation claims." *Dye v. Office of the Racing Com'n*, 702 F.3d 286, 294 (6th Cir. 2012).

> Because we have "always been reluctant to expand the concept of substantive due process," *Collins v. Harker Heights*, *supra*, at 125, 112 S.Ct., at 1068, we held in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct. 807, 813, 127 L.Ed.2d 114 (1994) (plurality opinion of REHNQUIST, C.J.) (quoting *Graham v. Connor*, *supra*, at 395, 109 S.Ct., at 1871) (internal quotation marks omitted).

*County of Sacramento v. Lewis*, 523 U.S. 833, 842, 118 S. Ct. 1708, 1714, 140 L. Ed. 2d 1043 (1998). The law on this point is well-settled. Plaintiff's arguments to the contrary are not well-taken.

As to Plaintiff's claim that Stephens deprived her of a liberty interest in her reputation and career, the Magistrate Judge found that Stephens was entitled to summary judgment on Plaintiff's claim because Plaintiff had not met her burden of demonstrating stigmatizing statements made by Stephens which implicate a liberty interest in one's reputation. With regard to Plaintiff's claim that her termination "shocked the conscience," and therefore constituted a substantive due process violation, the Magistrate Judge concluded that Plaintiff had not presented evidence of acts or statements which would rise to the level of a constitutional violation.

Plaintiff objects to these conclusions. Plaintiff first states that the Magistrate Judge erred in applying procedural due process caselaw to her substantive due process claims. Next, Plaintiff maintains that the Magistrate Judge applied outdated caselaw regarding hearsay because she cited cases applying Federal Rule of Civil Procedure 56 before it was amended in 2010. Finally, Plaintiff argues that the Magistrate Judge did not apply the "shock the conscience" standard correctly because the Magistrate Judge

did not analyze her claim under *Guertin v. State of Michigan*, 912 F.3d 907 (6th Cir. 2019).

While the Magistrate Judge relies upon a case analyzing a procedural due process claim—*Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404 (6th Cir. 1997)—the Magistrate Judge relies on this case for its analysis regarding whether an at-will employee's liberty interest in her reputation is implicated by government action in connection with the employee's termination. (Doc. 158, PAGEID# 2742). Regardless of whether Plaintiff is bringing a procedural or substantive due process claim, Plaintiff must first establish the existence of a constitutionally protected life, liberty, or property interest. *Doe v. Ohio State Univ.*, 239 F. Supp. 3d 1048, 1074 (S.D. Ohio 2017). While a person's reputation, good name, honor, and integrity are among the liberty interests protected by the due process clause, in analyzing a substantive due process claim, the Sixth Circuit has explained that

> "To establish a deprivation of a protected liberty interest in the employment context, [the plaintiff] must demonstrate stigmatizing governmental action which so negatively affects his [or her] ... reputation that it effectively forecloses the opportunity to practice a chosen profession." *Joelson v. United States*, 86 F.3d 1413, 1420 (6th Cir. 1996) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 573-74, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

*Parrino v. Price*, 869 F.3d 392, 398 (6th Cir. 2017). In addition, the plaintiff must show that the stigmatizing information was publicly disclosed. *Id.*[2]

As the Magistrate Judge explained, Plaintiff has not demonstrated that stigmatizing information about her was publicly disclosed. It was undisputed that

---

[2] As one district court has explained, both procedural and substantive liberty-based due process claims require a showing that the accused party publicly disclosed stigmatizing statements. *Kyrkanides v. Univ. of Kentucky*, No. 5:19-CV-80-REW, 2019 WL 6135049, at *5 (E.D. Ky. Nov. 19, 2019) (collecting cases).

9

Stephens terminated Plaintiff's employment in the privacy of his office, with only Barger present as a witness. While Plaintiff's sudden termination may have generated discussion and speculation, the Magistrate Judge concluded there is no evidence that Stephens made stigmatizing statements to the public at the time of her termination and in connection with her termination.

Plaintiff questions whether in reaching this conclusion the Magistrate Judge employed the proper standard of review under Federal Rule of Civil Procedure 56 and the proper evidentiary standard for hearsay. "It is well established that a court may not consider hearsay when deciding a summary judgment motion." *Tranter v. Orick*, 460 F. App'x 513, 514 (6th Cir. 2012) (collecting cases). While the 2010 amendments to Rule 56 introduced flexibility in the rules regarding authentication, *see Martin v. Performance Boat Brokerage.com, LLC*, 973 F. Supp. 2d 820, 824 (W.D. Tenn. 2013), hearsay is still defined as out-of-court statement "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Based on this definition of hearsay, the Court finds no error in the Magistrate Judge's rulings regarding the admissibility of evidence.[3]

Therefore, the Court finds no error in the Magistrate Judge's conclusion that Defendant Stephens is entitled to summary judgment on Plaintiff's substantive due process claim to the extent it is premised on a liberty interest in her reputation that was allegedly implicated by her termination. For the same reasons, Plaintiff is not entitled to summary judgment in her favor.

---

[3]The Magistrate Judge found the following statements offered by Plaintiff to be inadmissible: Plaintiff's allegation that attorneys told her "many times" that "they could not assist her with litigation or provide expert testimony because they could not become involved in litigation against a sitting judge [for the reason] there may be repercussions to their career, their practice, or their clients if they were associated with Plaintiff when they practiced before [the] Butler County Court." (Doc. 158, PAGEID# 2740, citing Doc. 141 at 12-13).

To the extent that Plaintiff brings a substantive due process claim based on acts which "shock the conscience," Plaintiff relies on *Guertin v. State*, 912 F.3d 907, 918 (6th Cir. 2019). As the Sixth Circuit has explained in a subsequent decision, the *Guertin* decision was significant in the following way:

> Sometimes, this court has said that this component of the Fourteenth Amendment comes in two varieties: "(1) deprivations of a particular constitutional guarantee; and (2) actions that 'shock the conscience.'" *Pittman v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997)). And other times, the court has suggested both prongs are required. *See Am. Express Travel Related Servs. Co., Inc. v. Kentucky*, 641 F.3d 685, 688 (6th Cir. 2011); *see also Guertin*, 912 F.3d at 922.
>
> Most recently, however, we have held that when we review a substantive due process claim, we first ask whether the plaintiff has shown "a deprivation of a constitutionally protected liberty interest" and then ask whether "the government's discretionary conduct that deprived that interest was constitutionally repugnant." *Id.* (citing *Am. Express Travel Related Servs. Co.*, 641 F.3d at 688). "Thus, a plaintiff must show as a predicate the deprivation of a liberty or property interest," as well as "conscience-shocking conduct." *Id.*

*Siefert v. Hamilton Cty.*, 951 F.3d 753, 765-66 (6th Cir. 2020). Because Plaintiff has not shown as a predicate the deprivation of a constitutionally protected liberty interest, it is unnecessary to analyze whether Stephens actions "shocked the conscience."

Alternatively, the Court finds no error in the Magistrate Judge's conclusion that Plaintiff has not presented evidence showing that Stephens' actions satisfied the "shocks the conscience" standard. The Sixth Circuit has repeatedly cautioned courts not to transform "run-of-the-mill tort claims into violations of constitutional guarantees." *Guertin*, 912 at 923. "[T]he type of harm, the level of risk of the harm occurring, and the time available to consider the risk of harm are all necessary factors in determining whether an official was deliberately indifferent." *Id.* at 924 (quoting *Range v. Douglas*,

763 F.3d 573, 591 (6th Cir. 2014)). Here, there is nothing in the record to support the claim that Stephens "acted with deliberate indifference under the more-than-negligence-but-less-than-intentional standard." *See Siefert*, 951 F.3d at 766.[4]

Therefore, the Court finds no error in the Magistrate Judge's conclusion that Defendant Stephens is entitled to summary judgment on Plaintiff's substantive due process claim to the extent it is based on acts which "shock the conscience." For the same reasons, Plaintiff is not entitled to summary judgment in her favor.

### D. Substantive due process claims against Ferguson and Gmoser (Counts VII, VIII)

Plaintiff premises her substantive due process claim against Ferguson on a negative reference Ferguson made to a potential employer. Plaintiff's substantive due process claim against Gmoser is based on negative comments Gmoser made about Plaintiff regarding her abilities as an attorney and a call Gmoser made to Plaintiff's new employer.

The Magistrate Judge found that the statements made by Ferguson and Gmoser did not implicate a liberty interest protected by substantive due process.

Plaintiff objects to the Magistrate Judge's conclusion on the same basis as her objections regarding the substantive due process claim against Stephens. Those objections are rejected for the same reasons above. To the extent that Plaintiff now argues that Ferguson and Gmoser took actions which "shocked the conscience," not only has Plaintiff failed to establish a constitutionally protected liberty interest, but providing a negative reference or making negative comments are not acts which

---

[4]While Plaintiff may question the Magistrate Judge's determination regarding what evidence constitutes hearsay, the Court finds no error in the Magistrate Judge's rulings (See Doc. 158, PAGEID# 2747).

"arbitrary, or conscience shocking, in a constitutional sense." *See Doe v. Miami Univ.*, 882 F.3d 579, 599 (6th Cir. 2018) (quoting *Handy–Clay v. City of Memphis*, 695 F.3d 531, 547 (6th Cir. 2012)).

The Court finds no error in the Magistrate Judge's conclusion that Ferguson and Gmoser are entitled to summary judgement on Plaintiff's substantive due process claim. For the same reasons, Plaintiff is not entitled to summary judgment in her favor.

### E. Intentional interference with a Business Relationship against Gmoser (Count XIX)

Plaintiff claims Gmoser intentionally interfered with her relationship with her new employer, Wood County, Ohio; and as a proximate result of that interference she was terminated from her employment with Wood County.

The Magistrate Judge concluded that Gmoser was entitled to summary judgment on this claim because Plaintiff has not carried her burden on each of the required elements of her intentional interference with a business relationship claim. Plaintiff filed objections and supplemental objections on this point. Plaintiff argues that there is sufficient evidence to support her claim based on conversations between Gmoser and Wood County Prosecutor, Paul Dobson. While Plaintiff previously argued that Gmoser's phone call to Dobson about this lawsuit was the "only reason" Dobson terminated her employment (Doc. 149, at 31), Plaintiff now argues that there were additional conversations which support her claim.

In Ohio, "[t]o prevail on a claim for tortious interference with a business relationship, the plaintiff must prove (1) a business relationship; (2) the wrongdoer's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom." *Kehoe Component Sales Inc. v.*

*Best Lighting Prod., Inc.*, 933 F. Supp. 2d 974, 1017 (S.D. Ohio 2013) (quoting *Kelley v. Buckley*, 193 Ohio App.3d 11, 32, 950 N.E.2d 997 (Ohio Ct. App. 2011)). Plaintiff maintains that Gmoser has concealed the true nature of these conversations, or what was discussed in the conversations. However, as the Magistrate Judge explained, Plaintiff cannot rely on speculation to support her claims. In determining whether genuine factual issues exist, this Court must "draw all reasonable inferences in favor of the nonmoving party" without "mak[ing] credibility determinations or weigh[ing] the evidence"—indeed, the Court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Moreover, the circumstances surrounding the conversations do not demonstrate the requisite intent on the part of Gmoser. Therefore, the Court finds no error in the Magistrate Judge's conclusion that Gmoser is entitled to summary judgment on Plaintiff's claim for intentional interference with a business relationship claim. For the same reasons, Plaintiff is not entitled to summary judgment in her favor.

### F. Discrimination under Equal Protection and Ohio law against Stephens (Counts V & IX)

In her Amended Complaint, Plaintiff claims Stephens violated her right to equal protection under the Fourteenth Amendment by failing to provide her with a reasonable accommodation to enable her to practice her deeply-held religious beliefs. (Doc. 20, PAGEID# 134). Plaintiff also claims discrimination and retaliation based on religion in violation of Ohio Revised Code §§ 4112.02 and 4112.99.

The Magistrate Judge concluded that Plaintiff has established a prima facie case of discrimination; and there are genuine issues of material fact regarding whether

Stephen's stated reason for terminating Plaintiff was pretext for discrimination.

Stephens objects, arguing that the Magistrate Judge permitted Plaintiff to proceed on a theories of liability which were not raised until the briefing on summary judgment motions; erred in concluding that Plaintiff had established pretext based on Stephens' subjective and vague stated reason for termination; and erred in permitting Plaintiff to rely upon temporal proximity alone to establish pretext.

"The Equal Protection Clause prohibits discrimination by government [that] either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. Of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011). A plaintiff asserting a Fourteenth Amendment equal protection claim under § 1983 must prove the same elements required to establish a disparate treatment claim under Title VII. *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000). In addition, "federal case law interpreting Title VII of the Civil Rights Act of 1964 . . . is generally applicable to cases involving alleged violations of R.C. Chapter 4112." *Little Forest Med. Ctr. Of Akron v. Ohio Civil Rights Comm'n*, 61 Ohio St.3d 607, 575 N.E.2d 1164, 1167 (1991).

As part of this analysis, a plaintiff may show pretext in three ways: "'(1) that the proffered reason [ ] had no basis in fact, (2) that the proffered reason[ ] did not actually motivate the employer's action, or (3) that [the reason was] insufficient to motivate the employer's action.'" *Romans v. Mich. Dep't of Human Servs.*, 668 F.3d 826, 839 (6th Cir. 2012) (quoting *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009)). The Sixth Circuit has cautioned:

> Pretext is a commonsense inquiry: did the employer fire the employee for the stated reason or not? This requires a court to ask whether the plaintiff

15

has produced evidence that casts doubt on the employer's explanation, and, if so, how strong it is. One can distill the inquiry into a number of component parts, and it can be useful to do so. But that should not cause one to lose sight of the fact that at bottom the question is always whether the employer made up its stated reason to conceal intentional discrimination.

*Chen v. Dow Chem. Co.*, 580 F.3d 394, 402 n. 4 (6th Cir. 2009) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)).

Here, Stephens' stated reason for Plaintiff's termination was "the negative work environment created by personality conflicts and combative behavior." (Doc. 143 at 6). The Magistrate Judge concluded that Plaintiff proffered sufficient evidence to create a genuine issue of material fact that this stated reason was pretextual.

The Sixth Circuit has permitted temporal proximity to be used as indirect evidence to support a claim of pretext in the context of a retaliation claim. *Burks v. Yellow Transp., Inc.*, 258 F. App'x 867, 875 (6th Cir. 2008) (citing see *Asmo v. Keane*, Inc., 471 F.3d 588, 598 (6th Cir. 2006)); *see also Eades v. Brookdale Senior Living, Inc.*, 401 F. App'x 8, 13 (6th Cir. 2010). As the Magistrate Judge explained, the Sixth Circuit has also applied this principle to a housing discrimination claim. *See Lindsay v. Yates*, 578 F.3d 407, 421 (6th Cir. 2009) (explaining that "the timing of the termination of the purchase agreement itself casts doubt on the veracity of the [defendants'] explanation."). However, even if timing can be used as evidence of pretext, temporal proximity alone is not sufficient to prove pretext. *See Asmo*, 471 F.3d at 593 (while temporal proximity "cannot alone prove pretext . . . [it] can be used an [sic] 'indirect evidence' to support an employee's claim of pretext"); *Williams v. AT&T Mobility Servs., LLC*, 847 F.3d 384, 396 (6th Cir. 2017) ("Although temporal proximity can demonstrate a causal connection for the purposes of a prima facie case, it alone cannot establish

pretext.").

Accordingly, the Magistrate Judge cited other evidence in the record which would support a finding that Stephens' stated reason for Plaintiff's termination was pretext for discrimination. To begin, the Magistrate Judge noted that rather than articulating a clear and specific reason for Plaintiff's termination, Stephens has given a vague and subjective explanation for her termination: Plaintiff did not "fit in" or "could not 'get along' with the other members of his staff." The Magistrate Judge explained that these vague and highly subjective reasons for terminating plaintiff warrant closer scrutiny as part of the pretext analysis. *Accord Kimble v. Wasylyshyn*, 439 F. App'x 492, 497 (6th Cir. 2011) ("The more subjective Appellees' hiring decision, the more closely we must scrutinize their proffered rationales.") (citing *Grano v. Dep't of Dev.*, 699 F.2d 836, 837 (6th Cir.1983) ("[T]he legitimacy of the articulated reason for [an] employment decision is subject to particularly close scrutiny where the evaluation is subjective.")).

The Magistrate Judge noted that Stephens asserts that within two months of her hiring, Plaintiff caused conflicts with him and staff, but there is no evidence that he ever raised this issue with Plaintiff, documented any incidents, or issued Plaintiff a verbal or written reprimand about her conduct. The Court finds no error in the Magistrate Judge's conclusion that this evidence could support a finding that Stephens' stated reason for Plaintiff's termination was pretext for discrimination. *Accord Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 653 (6th Cir. 2015) ("A jury could reasonably conclude that Yazdian's behavior was not so bad as to warrant termination because Yazdian consistently performed well, and his behavior became a problem only after Yazdian complained that Sweatt was creating a hostile work environment."). While a

17

jury may ultimately decide that in fact Plaintiff could not "get along" with the other members of Stephens' staff, it is not for this Court to resolve the conflicting evidence on this issue in deciding a motion for summary judgment.

The Court finds no error in the Magistrate Judge's conclusion that because a genuine issue of material fact exists, and therefore summary judgment cannot be granted on Plaintiff's equal protection under 42 U.S.C. § 1983 or Ohio law.

### G. Defamation against Stephens (Counts XV)

Plaintiff claims that Stephens made false statements about her work performance and behavior on the job.

The Magistrate Judge found that Plaintiff had not produced evidence to support her claim that Stephens made statements to attorneys that Plaintiff had thrown away everything in her office, or that it was Stephens who informed the unemployment bureau that Plaintiff had been terminated for poor work performance. With regard to statements Stephens made to his attorney in this matter, the Magistrate Judge explained that there was no evidence that letter containing the statements were ever published to third parties outside this litigation. With regard to a statement Stephens allegedly made to Magistrate Reed that he was going to terminate Plaintiff, the Magistrate Judge concluded that it could be assumed that this statement was true, and therefore it is not defamatory as a matter of law. The Magistrate Judge concluded that because there was no a genuine issue of material fact, Stephens is entitled to summary judgment on Plaintiff's defamation claim against him.

In her objections, Plaintiff argues that Stephens is not entitled to summary judgment on her defamation claim because her claim is for defamation per se; and the

Magistrate Judge failed to view the evidence in a light most favorable to her.

In Ohio, the tort of defamation has four elements: "a false and defamatory statement concerning another; unprivileged publication to a third party; fault amounting to at least negligence by the publisher; actionability of the statement irrespective of a special harm or the existence of a special harm." *Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.*, 81 Ohio App.3d 591, 601, 611 N.E.2d 955, 962 (1992) (quoting 3 Restatement of the Law 2d Torts § 558, pg. 155 (1977)).

To the extent Plaintiff argues that the Magistrate Judge failed to analyze her claim as defamation per se, the Court notes that defamation per se occurs when material is defamatory on its face. *Konica Minolta Bus. Sols., U.S.A., Inc. v. Allied Office Prod.*, Inc., 724 F. Supp. 2d 861, 868 (S.D. Ohio 2010) (citing *Gosden v. Louis*, 116 Ohio App.3d 195, 687 N.E.2d 481, 488 (Ohio Ct. App. 1996)). In cases of defamation per se, the law presumes the existence of damages. *Wagner v. Circle W. Mastiffs*, 732 F. Supp. 2d 792, 805 (S.D. Ohio 2010) (citing *Wampler v. Higgins*, 93 Ohio St.3d 111, 752 N.E.2d 962, 977 n. 8 (2001)). However, Plaintiff must still present sufficient evidence of the remaining elements of a defamation claim. Moreover, "truth is a complete defense [to defamation] even if the words could be construed as defamatory." *Bukowski v. Hall*, 165 F.Supp.2d 674, 679 (N.D. Ohio 2001). The Court finds no error in the Magistrate Judge's conclusion that Plaintiff had not satisfied her burden; and also finds that the Magistrate Judge properly applied the summary judgment standard in reaching this conclusion.

The Court rejects Plaintiff's argument that the Magistrate Judge erred as a matter of law by concluding that the statements Stephens made to his attorney were absolutely

privileged. Under Ohio law, statements made in the course of judicial proceedings are absolutely privileged if they bear a reasonable relationship to the underlying proceeding. *Michaels v. Berliner*, 119 Ohio App.3d 82, 87 (Ohio Ct. App. 1997). Plaintiff maintains that this privilege cannot apply because Stephens made the statements before her lawsuit was filed. However, Ohio courts have concluded that communications from one attorney to another, while representing a client before the institution of a lawsuit, are protected from defamation litigation under the absolute privilege for communications relating to judicial proceedings. *Krakora v. Gold*, No. 98 CA 141, 1999 WL 782758, at *2 (Ohio Ct. App. Sept. 28, 1999) (collecting cases); *but see Morrison v. Gugle*, 142 Ohio App. 3d 244, 260, 755 N.E.2d 404, 416 (2001) (privilege does not extend to letter containing vague threat of some future litigation if the matter was not resolved).

Therefore, the Court finds no error in the Magistrate Judge's conclusion that Stephens is entitled to summary judgment on Plaintiff's defamation claim.

### III. CONCLUSION

Based on the foregoing, the Magistrate Judge's August 6, 2019 Report and Recommendation (Doc. 158) is **ADOPTED** in its entirety. Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's First Motion for Partial Summary Judgment on Counts VII and VIII of the Amended Complaint against Defendants Gmoser and Ferguson (Doc. 140) is DENIED;

2. Plaintiff's Second Motion for Partial Summary Judgment on Count VI of the Amended Complaint against Defendant Stephens (Doc. 141) is DENIED; and

3. Defendants' Motion for Summary Judgment (Doc. 143) is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

                */s/ Michael R. Barrett*
                JUDGE MICHAEL R. BARRETT