UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kimberly Edelstein,

       Plaintiff,                                              Case No.  1:17cv305

       v.                                                    Judge Michael R. Barrett

Judge Greg Stephens, *et al*.,

       Defendants.

## ORDER

This matter is before the Court upon Plaintiff's Emergency Motion to Substitute Expert Witness and Motion for Leave to Amend Plaintiff's Rule 26 Disclosure and Exhibits.  (Doc. 190).  Defendants have not filed a Response.

In a scheduling order dated May 24, 2018, the Court set the deadline for Plaintiff to disclose her primary expert.  (Doc. 53).  Plaintiff timely disclosed her vocational rehabilitation expert, Howard Caston, and provided his expert report to opposing counsel. However, Plaintiff later learned that Mr. Caston had passed away.  Plaintiff seeks to substitute Dr. Ken Manges as her vocational rehabilitation expert.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Whiteside v. State Farm Fire & Cas. Co*., No. 11-10091, 2011 WL 5084981, at *1 (E.D. Mich. Oct. 26, 2011) ("Courts considering a party's request to substitute a new expert after the close of discovery generally apply the good cause standard of Federal Rule of Civil Procedure 16(b)."). "To show good cause, a moving party can demonstrate that he or she diligently attempted to meet the original deadline." *Gatza v. DCC Litig. Facility, Inc*., 717 F. App'x 519, 521 (6th Cir. 2017) (citing

*Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)).  As the Sixth Circuit has explained:

> For this issue, there are five factors to consider: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to ... discovery requests." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011) (omission in original) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)).  The central question among these factors is whether a party acted diligently. *Dowling*, 593 F.3d at 478.

*Id*.  Based on these factors, the Court finds that Plaintiff has shown good cause to amend. *Accord Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R. 2009) ("Death of an expert witness falls squarely within the category of circumstances that require a late disclosure.").  The need to substitute arises from an unfortunate set of circumstances and through no fault of Plaintiff.  Plaintiff informed the Court of the need to substitute Dr. Manges soon after learning of Mr. Caston's passing.  It appears that the substitution will have little to no effect on the status of discovery because Defendants did not depose Mr. Caston, or designate a rebuttal expert of their own.  In addition, Plaintiff explains that Dr. Manges will review the same materials and give his opinion on the same subjects as Mr. Caston.  Moreover, Defendants have not opposed the substitution of Dr. Manges or its timing.  Therefore, Plaintiff shall be permitted to substitute Dr. Manges for Mr. Caston.

Based on the foregoing, Plaintiff's Emergency Motion to Substitute Expert Witness and Motion for Leave to Amend Plaintiff's Rule 26 Disclosure and Exhibits (Doc. 190) is **GRANTED**.

**IT IS SO ORDERED.**

                                                   */s/ Michael R. Barrett*
                                                JUDGE MICHAEL R. BARRETT