IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY EDELSTEIN, | : | Case No. 1:17-cv-305 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| JUDGE GREG STEPHENS, *et al.* | : | **TRIAL BRIEF OF DEFENDANT** |
| | : | **JUDGE GREG STEPHENS** |
| Defendants. | : | |

**INTRODUCTION**

This memorandum will serve to outline for the Court the applicable law which will bear on issues to be decided by both the Court and the jury.

**APPLICABLE LAW**

**I. Butler County cannot be held vicariously liable for Judge Stephens' alleged discriminatory termination of Plaintiff.**

As Plaintiff's proposed jury instructions show, Plaintiff is now alleging a "vicarious liability" theory against "Butler County" for her "official capacity" claims against Judge Stephens. Butler County cannot be held vicariously liable for Judge Stephens' alleged discriminatory termination of Plaintiff for two reasons: (i) Judge Stephens is an independently elected official, not an employee of Butler County; and (ii) Plaintiff failed to plead a vicarious liability claim, based on Stephens' conduct against Butler County in her Amended Complaint.

**A. Judge Stephens is an independently elected official, not an employee of Butler County.**

As this Court is aware, an official capacity suit against a public official "is not a suit against the official but rather is a suit against the official's office." *Hunter v. Hamilton*

Case: 1:17-cv-00305-MRB Doc #: 224 Filed: 01/30/23 Page: 2 of 9  PAGEID #: 3387

*Cty.*, No. 1:15-cv-540, 2016 U.S. Dist. LEXIS 56815, *16 (S.D. Ohio Apr. 28, 2016). Judge Stephens anticipates Plaintiff will argue that an official capacity suit against Judge Stephens constitutes a claim against "Butler County." However, Judge Stephens "office" is not Butler County, or a department of Butler County, but rather as a Judge of the Butler County Court of Common Pleas. *See id*. (recognizing an official capacity claim against a common pleas judge is a claim against the common pleas court.) Plaintiff made similar claims in her EEOC matter, where she alleged Judge Stephens is an "employee" of Butler County.

However, a state court judge in Ohio is not hired by, nor can he or she be fired by, the County or any agency of the State. Judge Stephens was voted in by the electorate and cannot be removed from office by another governmental body. Further, the County had no control over assigning, hiring, and firing of Judge Stephens' personal staff.

As a matter of law, Common Pleas judges in Ohio have the sole discretion to hire and fire their personal staff, and the respective County has no involvement in personnel decisions (See Ohio Rev. Code Chapter 2301 and the Ohio Rules of Superintendence 4.01). The various separate public officials and entities that work together to form a given county's "local government" are each creatures of statute and thus have only those powers that are expressly conferred to them by statute, or which are implied by an express power. *Rees v. Olmsted,* 135 F. 296, 299 (6th Cir.1905); *Smith v. Grady,* 960 F.Supp. 735, 745 (S.D. Ohio 2013); *Lavelle v. Wood Cty.,* N.D.Ohio No. 3:09 CV 2998, 2010 WL 2572861, *2 (add parenthethical re. holding). Those powers necessarily include the authority and responsibility to employ various support staff to carry out the entity's or official's public business.

2

The Ohio Revised Code vests with the Board of County Commissioners the authority to employ and supervise various employees (clerk of the Board — R.C. §305.13; legal counsel — R.C. §305.14, engineer and assistant engineers — R.C. §305.15; other employees necessary for the care and custody of county buildings, bridges, and other property — R.C. §305.16; county administrator — R.C. §305.29; land appraisers — R.C. §307.06; director of economic development and staff- R.C. §307.07; county building code enforcement officer or building department and building inspector — R.C. §§307.37, 307.38; establishment of board of building appeals - R.C. §307.381; public safety communications personnel — R.C. §307.63), and to fix such employees' compensation. R.C. §305.17, R.C. §305.29.

However, while the Revised Code provides broad authority for a Board of County Commissioners to hire various "county" employees through the classified and unclassified civil service to meet the Board's statutory responsibilities, the County has no authority over the employment and personnel matters of the Court of Common Pleas and its respective elected Judges (save, specifically, for the employment of certain employees needed to care for the courthouse, e.g. security guards per R.C. §305.15). Rather, the Court of Common Pleas of a given county, along with its concomitant elected Judges, is a wholly separate public entity created through authority of Article IV of the Ohio Constitution and Title 23 of the Ohio Revised Code, with authority to employ personnel to manage its statutory duties set forth primarily in R.C. Chapter 2301 (R.C. §2301.12 — interpreter, bailiff, constable, psychiatrists, psychologists; R.C. §2301.17 — additional temporary bailiff; R.C.§2301.18 — court reporter and assistants; R.C. §2301.27 — probation officers and other staff of a county probation department).

Thus, as a matter of law, a county, through its Board of Commissioners cannot insert itself into the hiring, firing, or day-to-day employment matters of the Common

3

Pleas Court and its various elected officials. The Commissioners simply do not have the statutory authority, whether express or implied, to exercise control over the "manner and means" of the work of the court's Judges, and their employees.

The 6th Circuit, in *Laborers' Internatl. Union, Local 860 v. Neff*, 29 F.4th 325, 333 (6th Cir.2022), recently reiterated the holding that courts and judges operate completely independently from counties, as it pertains to Juvenile Court judges:

> For one, court staff still answer to the administrative juvenile judge. The "authority to hire personnel" for the Juvenile Court "is delegated by state statute" to the court itself rather than to county administrators. *Mumford*, 105 F.3d at 269. The administrative juvenile judge is responsible for hiring. *See* Ohio Rev. Code §§ 2151.13, 2153.08. He or she fixes compensation in the first instance and has the ultimate responsibility for firing employees. *Id*. §§ 2151.13, 2153.08, 2153.09; *see also Abbott v. Stepanik*, 64 Ohio App. 3d 719, 582 N.E.2d 1082, 1083-84 (Ohio Ct. App. 1990).
>
> For another, the administrative juvenile judge does not answer to the county board of commissioners. Voters select juvenile judges. Ohio Rev. Code § 2153.03. And those judges select one of their number to fill the administrative judge role. *Id*.; see Ohio Sup. R. 3(B).

Therefore, Judge Stephens, as an independently elected official, is a separate legal entity from Butler County. As such, an official capacity claim against Judge Stephens is merely a claim against his judicial office in the Butler County Common Pleas Court, and a "vicarious liability" claim against "Butler County" is improper.

**B. Plaintiff failed to plead a vicarious liability claim against Butler County in her Amended Complaint.**

Notwithstanding the above, Plaintiff did not actually plead any "vicariously liability" claims against Butler County as it pertains to the allegations against Judge Stephens. Under Section 1983, a municipality cannot be held vicariously liable on a theory of *respondeat superior* for a violation of an individual's constitutional rights that its officers, employees, or agents commit. *Thomas v. City of Chattanooga*, 398 F.3d 426,

4

432-33 (6th Cir. 2005) (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Instead, a municipality has liability for a policy or practice that caused a constitutional injury "through its deliberate conduct." *Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404-05, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Even then, that policy or practice must have been "the 'moving force' behind the injury alleged" and must have "intentionally" deprived the plaintiff of a federally protected right. *Id.* at 404-05.

Local governing bodies can be sued under Section 1983 only where an official policy or custom causes the alleged constitutional violation. *Johnson v. Hardin Cnty.*, 908 F.2d 1280, 1285 (6th Cir. 1990) (citing *Monell*, 436 U.S. at 690-91). An official policy includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated . . . ." *Johnson*, 908 F.2d at 1285 (quoting *Monell*, 436 U.S. at 690). In contrast, a custom "has not received formal approval through . . . official decisionmaking channels." *Id.* (quoting *Monell* at 690-91). "Before a custom can be the basis for a civil rights violation, the custom must be 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 1004 (6th Cir. 1994) (quoting *Feliciano v. Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993) (quoting *Monell*, 436 U.S. at 691)).

Under *Monell* and its progeny, there are four ways a plaintiff can demonstrate a policy, practice, or custom that could allow for municipal liability: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of

federal rights violations. *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

The first two are based on the illegality of the municipal law, policy, or practice at issue—whether ordinances, other official enactments, or the appropriate official's ratification. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); *Feliciano*, 988 F.2d at 655. The latter involve deliberate indifference to the rights of those with whom municipal officials deal. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); *North v. Cuyahoga Cnty.*, 754 F. App'x 380, 384 n.2 (6th Cir. 2018) (citation omitted).

Thus, the law is clear there are specific pleading and evidentiary requirements necessary for a party to bring a vicarious liability claim. Here, even if an official capacity claim against Judge Stephens could lead to liability against Butler County, Plaintiff did not assert a vicarious liability claim against Butler County in her Amended Complaint as to the allegations against Judge Stephens:

Amended Complaint Counts III, V, and IX are Plaintiff's claims against Judge Stephens.[1] As against Judge Stephens, Count III alleges a violation of First Amendment Free Exercise of Religion, Count V alleges a violation of Fourteenth Amendment Equal Protection, and Count IX alleges unlawful termination based on religious discrimination pursuant to Ohio Revised Code §§ 4112.02, *et seq.* and 4112.99. None mention vicarious liability, Butler County, nor any policy, practice, or custom that could give rise to a *Monell* claim. . The only vicarious liability claim made against Butler County was Count XIII

---

[1] The dismissed claims against Judge Stephens are not included in this summary, but they likewise failed to allege vicarious liability against Butler County.

(Defamation). This Count involved other Defendants, not Judge Stephens, and was dismissed.

## II. There are no questions of fact for the jury to decide that would support Plaintiff's state law retaliation claims under R.C. 4112.02(I) and (J).

This Court previously determined in ruling on summary judgment that there was no evidence or questions of fact regarding allegations that Judge Stephens provided false and derogatory statements and/or references regarding Plaintiff and her work performance to members of the legal community, the public, and potential employers or encouraged, incited, compelled, or coerced anyone to act on his behalf in retaliation against Plaintiff. *See* August 6, 2019, Magistrate's Report and Recommendation on MSJs, Section B.3, p. 26-33; April 13, 2020 Order Granting in Part, Denying in Part, MSJs, Section C, p. 7-12.

Thus, regardless of Plaintiff's contention these claims have not been dismissed, this Court has already made the determination that, as a matter of law, there is no evidence that could create a question of fact for the jury that could support a finding of liability against Judge Stephens for these claims.

## III. A *pro se* party cannot recover attorney's fees.

Ms. Edelstein is not entitled to attorney's fees for representing herself *pro se*. Although Ms. Edelstein may be entitled to recover fees—if she prevails—for the time spent by the counsel she briefly employed, federal case law is settled that *pro se* litigants in civil rights cases are not entitled to attorney's fees. *Wright v. Crowell,* 674 F.2d 521, 522 (6th Cir. 1982) (per curiam). The leading U.S. Supreme Court case, which originated in the 6th Circuit, further holds that *pro se* litigants, including attorneys, are not entitled to attorney's fees under federal fee-shifting statutes. *Kay v. Ehrler*, 499 U.S. 432, 111 S. Ct.

7

1435, 113 L. Ed. 2d 486 (1991). The Court reasoned that "although [section 1988] was no doubt intended to encourage litigation protecting civil rights, it is also true that its more specific purpose was to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights." *Id.* at 436, 111 S. Ct. at 1437.

Ohio courts have likewise prohibited *pro se* litigants from recovering attorney's fees regarding state law claims. *See State ex rel. Striker v. Frary*, 5th Dist. Richland No. 10 CA 01, 2011-Ohio-1021, ¶ 35 ("The Supreme Court has consistently held pro se litigants are not entitled to attorney fees under R.C. 149.43"); *State ex rel. Freeman v. Tate*, 65 Ohio St.3d 458, 461, 605 N.E.2d 27 (1992) (In connection with Ohio Rev. Code § 149.43, the Public Records Act, pro se litigants are not entitled to attorney fees; the same rule is applied to Ohio Rev. Code § 2335.39); *Smallwood v. State*, 12th Dist. Butler No. CA2011-02-021, 2011-Ohio-3910, ¶ 12 ("pro se litigants are not entitled to attorney fees").

## CONCLUSION

Defendant Judge Greg Stephens respectfully requests that the Court ensure the evidence presented to the jury is limited to matters relevant to the jury's determination of liability and damages, and that Plaintiff be precluded from presenting claims that are not properly brought before the jury. In fairness to all parties, the jury must be instructed to determine factual issues in this case within the appropriate framework of controlling law.

Respectfully submitted,

*/s/ Linda L. Woeber*
LINDA L. WOEBER (0039112)
COOPER D. BOWEN (0093054)
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Tel: (513) 768-5239
Fax: (513) 768-9244

8

lwoeber@mojolaw.com  
cbowen@mojolaw.com  
*Counsel for Defendant Judge*  
*Greg Stephens*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January 2023, I electronically filed a copy of the foregoing Trial Brief on behalf of Judge Greg Stephens. Notice of this filing will be sent to all parties through the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Linda L. Woeber*  
LINDA L. WOEBER (0039112)