IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY EDELSTEIN, | : | Case No. 1:17-CV-305 |
| Plaintiff, | : | Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| JUDGE GREG STEPHENS, *et al.* | : | |
| Defendants. | : | |

### Defendant Judge Gregory Stephens Motion for Stay of Execution of Judgment and Post-Judgment Discovery

Now comes Defendant Judge Gregory Stephens ("Judge Stephens"), by and through counsel, and hereby files a Motion for Stay of Execution of Judgment pursuant to Rule 62(b) of the Federal Rules of Civil Procedure. Contemporaneously with this motion, Judge Stephens is filing a Motion for Judgment as a Matter of Law and Motion for New Trial pursuant to Civ. R. 50 and 59. Further, an appeal will likely follow pending the resolution of that motion.

Therefore, Judge Stephens requests an order staying execution of the judgment in this matter during the pendency of the post-judgment briefing. Judge Stephens further requests thirty (30) days from the date of the order on the post-trial motions with which to post an adequate appeal bond (if necessary). Fed. R. Civ. P. 62(b) gives this Court discretion to extend the stay of execution during the pendency of the post judgment motions. Stay is appropriate to prevent irreparable harm and injury to Judge Stephens given that he believes there is a very real possibility that the judgment in favor of Plaintiff may be reversed or modified by the Court. (See Motion for Judgment as a Matter of Law

1

and Motion for New Trial pursuant to Civ. R. 50 and 59.) Moreover, the issuance of a stay will not injure Plaintiff, as Plaintiff can claim interest for any delay in execution of the judgment, and any resultant delay will be slight because the stay will last only until the Court decides the post-judgment motions. Granting this stay will merely preserve the status quo. The public interest lies in not forcing parties to prematurely and improperly satisfy judgments, especially significant judgments such as this one, before they have availed themselves of their right to file post-trial motions.

Additionally, as this Court is aware, Plaintiff served discovery requests on Judge Stephens related to execution of the judgment (see Doc. 236). Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which permits a "judgment creditor . . . [to] obtain discovery from any person—including the judgment debtor—as provided in [the Federal] [R]ules." Fed. R. Civ. P. 69(a)(2). However, the purpose of such post-judgment discovery is "[i]n aid of the judgment or execution." *Id*. As Judge Stephens is requesting a stay of execution, a stay on any discovery related to execution of the judgment is appropriate. *See e.g. Heartland Materials, Inc. v. Warren Paving, Inc.,* 2019 U.S. Dist. LEXIS 222391, *9 (W.D. Ky 2019) ("While post-judgment discovery is broad, it is a court proceeding, which may not occur during the pendency of a stay"). Finally, as Judge Stephens will be posting a supersedeas bond if necessary, Plaintiff will not be prejudiced by the stay of post-judgment discovery.

For these reasons, Judge Stephens requests this Court issue an order staying execution proceedings and discovery related thereto.

Respectfully submitted,

*/s/ Linda L. Woeber*
LINDA L. WOEBER (0039112)
COOPER D. BOWEN (0093054)
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Tel: (513) 768-5239
Fax: (513) 768-9244
lwoeber@mojolaw.com
cbowen@mojolaw.com
*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Linda. L. Woeber*

LINDA L. WOEBER (0039112)