IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY EDELSTEIN, | : | Case No. 1:17-cv-305 |
| | : | |
| v. | : | Judge Michael R. Barrett |
| | : | Magistrate-Judge Litkovitz |
| JUDGE GREG STEPHENS, | : | |
| | : | PLAINTIFF'S RESPONSE TO |
| | : | DEFENDANT'S MOTION FOR LEAVE |
| | : | TO SUPPLEMENT INSTANTER AND |
| | : | MOTION TO STRIKE SUPPLEMENT |

Now comes the Plaintiff, Kimberly Edelstein ("Plaintiff") and submits a Response to Defendant's Motion for Leave to Supplement Instanter and Motion to Strike Supplement.

Defendant seeks to supplement his Rule 50/59 Motion to overturn the jury verdict or have a new trial with a decision from an Administrative Law Judge representing the EEOC. Plaintiff objects to this Court granting Leave and considering the EEOC decision for several reasons.

First, federal courts are not bound by administrative decisions.[1] Therefore, it would be contrary to law to consider the decision of an ALJ in deciding the Defendant's Rule 50/59 motion.

Second, the EEOC case contains claims that are based on different law than the federal lawsuit. As such, no aspects of the EEOC determination are applicable to the federal matter. The EEOC decision ruled on The Government Employee Rights Act of 1991 (GERA). The federal lawsuit had claims based in state law (ORC§4112), the 14th Amendment, and the First Amendment. Additionally, the EEOC decision addressed different legal standards related to the GERA employment discrimination claim than the state claim. There were also differences in the

---

[1] *Humm v. Cromwell*, (6th Cir.), 1998 U.S. App. LEXIS 30757; *Hillman v. Shelby County Government*, (2008), 297 Fed. Appx. 450.

testimony taken, the applicable legal theories, the documents used for evidence, the witnesses called, the length of the two matters, the objections made, and the evidentiary rulings. Not only is a decision on GERA not supportive of the Defendant's motion for a new trial or to overturn a verdict on a First Amendment claim, to apply a decision based in unrelated law to support such a motion is improper because that decision is not controlling. It should not be forgotten that the verdict was a jury verdict where eight individuals evaluated the evidence and judged credibility of witnesses to conclude that the Defendant violated Plaintiff's First Amendment right to the free exercise of her religion. To attack a jury verdict with an administrative decision is peculiar. Defendant's arguments are not rationale nor are they based on precedent.

Third, the decision from the ALJ is <u>not a final decision</u> by the EEOC as Plaintiff has the right to appeal the ALJ's decision to the EEO Commissioners ("Commissioners"). The ALJ in the EEOC case was an Environmental Protection Agency Judge who was contracted to review and analyze the Plaintiff's case in the context of a rare piece of EEO Law. The Commissioners have the final determination regarding Plaintiff's EEOC claims because they are the experts in EEO Law. After a decision by the Commissioners, the parties also have the right to appeal to the U.S. Circuit Court of Appeals. Finally, it should be noted that Plaintiff <u>has submitted a Notice of Appeal</u> of the ALJ's decision as there are several errors in fact and law that support an appeal. As the Supplement Defendant presents to this Court is not a final determination of Plaintiff's claims under EEO law, relying on it as a basis to support a motion to overturn a jury verdict or order a new trial is improper.

Fourth, EEOC records, including decisions, are private and Defendant did not seek permission for the disclosure of this information. By attaching the decision as an exhibit to a motion instanter, Defendants made this decision a matter of public record to cast Plaintiff in a

negative light and try to redeem the Defendant from his anti-Semitic comments at the EEOC Hearing.[2] The decision does not negate the fact that the **Defendant testified that his religious beliefs include the concept that the only way to have a relationship with God is through Christianity and that people who do not accept Jesus as their savior, i.e. Jews, are damned to a lake of fire in Hell** (See attached Exhibit A, excerpts of Defendant's testimony in the EEOC Hearing). The EEOC decision also does not negate the fact that **Defendant's primary witness, his secretary, lied about her interactions with Plaintiff**. Defendant claims that it submits the EEOC decision as it is indicative of the Jury's verdict regarding the State employment discrimination claim. However, Plaintiff would argue that it is wholly improper for this Court to accept the EEOC decision as any persuasive filing regarding Defendant's Rule 50/59 motion on the First Amendment claim. The EEOC claims were not Title VII claims where the District Court reviews an EEOC decision. In fact, GERA, and 29 CFR §1603.301 & §1603.302, specifically bypass the District Court's involvement and provide only that an EEOC decision is reviewable by the Commissioners and then the Circuit Court. This, coupled with the fact that the ALJ's decision is not a final determination and the law that a federal court is not bound by an administrative decision, makes a persuasive argument for disregarding the ALJ's decision in this matter.

Finally, a GERA claim was already determined not to be within the authority of this Court. A GERA decision should therefore not be permitted to affect a decision in this matter as it is unrelated.

Based on the foregoing, Leave to file the EEOC Decision Instanter should be denied and the Supplement should be stricken from the record.

---

[2] See Exhibit A, Excerpt of Stephens' testimony from EEOC Transcript, Vol. I, P. 152 - 167.

Respectfully Submitted,

*Kimberly Edelstein*

Kimberly Edelstein (0074922)
9384 Cardinal Ct.
Cincinnati, Ohio 45242
Ph. (614) 975-2400
Email: kedelsteinesq@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2023, a copy of the foregoing was sent to attorneys for Defendant, Linda Woeber at lwoeber@mojolaw.com and Cooper Bowen at cbowen@mojolaw.com, and through the Court's electronic filing system

*Kimberly Edelstein*
Kimberly Edelstein (0074922)